IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALTER MILES,<br><br>   Plaintiff,<br><br>v.<br><br>LEWIS TREE SERVICE INC.,<br>WILDERNESS USA, INC., and BILLY<br>MCCOLLUM<br><br><br>   Defendant. | Case No. 6:25-cv-6042 (EAW)<br><br>**PLAINTIFF'S MEMORANDUM OF**<br>**LAW IN OPPOSITION TO**<br>**DEFENDANT'S MOTION TO DISMISS** |

            Uri Horowitz, Esq.
            14441 70th Road
            Flushing, NY 11367
            (718) 705-8706 (office)
            (718) 705-8705 (facsimile)
            uri@horowitzlawplc.com


            **CONSUMER ATTORNEYS, PLLC**
            Emanuel Kataev, Esq.
            6829 Main Street
            Flushing, NY 11367-1305
            (718) 412-2421 (office)
            (718) 489-4155 (facsimile)
            ekataev@consumerattorneys.com

            *Attorneys for Plaintiff*
            *Walter Miles*

**TABLE OF CONTENTS**

**TABLE OF CONTENTS** ............................................................................................................... **i**
**TABLE OF AUTHORITIES** ............................................................................................... **ii-iii**

    **PRELIMINARY STATEMENT** ........................................................................................ 1

    **FACTS** ..................................................................................................................................... 1

    **ARGUMENT** .......................................................................................................................... 2
        I.   Title VII Discrimination Claim ................................................................. 2
        II.  Title VII Retaliation Claim ........................................................................ 6
        III. Venue is Proper in the Western District of New York .......................... 8

    **CONCLUSION** ...................................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

Alvarado v. Bd. of Trustees of Montgomery Community College,
848 F.2d 457, 460 (4th Cir.1988); .................................................................................. 2

Danner v. Phillips Petroleum Co.,
447 F.2d 159, 161–62 (5th Cir.1971) ............................................................................. 8

Davis v. Buffalo Psychiatric Ctr.,
613 F. Supp. 462, 468, vacated on other grounds, 623 F. Supp. 19 (W.D.N.Y.1985) ......... 9

Egelston v. State University Coll. at Geneseo,
535 F.2d 752, 754-55 (2d Cir. 1976) .............................................................................. 3

Eggleston v. Chicago Journeymen Plumbers' Loc. Union No. 130, U. A.,
657 F.2d 890, 905 (7th Cir.1981), cert. denied, 455 U.S. 1017 (1982) ............................. 3

Gregory v. Georgia Dept. of Human Resources,
355 F.3d 1277, 1279-81 (11th Cir. 2004) ....................................................................... 7

Johnson v. Palma,
931 F.2d 203, 209 (2d Cir. 1991) .................................................................................... 3

Koster v. Chase Manhattan Bank,
554 F. Supp. 285, 287 (S.D.N.Y.1983) ........................................................................... 8

Little v. United Technologies, Carrier Transicold Div.,
103 F.3d 956, 959 (11th Cir.1997) ................................................................................. 9

Natl. R.R. Passenger Corp. v. Morgan,
536 U.S. 101, 117 (2002) ................................................................................................ 5

Oubichon v. North Am. Rockwell Corp.,
482 F.2d 569, 571 (9th Cir.1973) ................................................................................... 9

Petrosino v. Bell Atl.,
385 F.3d 210, 214 (2d Cir. 2004) .................................................................................... 5

Popat v. Levy,
253 F. Supp. 3d 527, 535-36 (W.D.N.Y. 2017) ............................................................... 3

Schnellbaecher v. Baskin Clothing Co.,
887 F.2d 124, 127 (7th Cir.1989) ................................................................................... 2

Virgo v. Riviera Beach Associates, Ltd.,
30 F.3d 1350, 1358-59 (11th Cir. 1994) .................................................................................. 2

Senecal v. B.G. Lenders Serv. LLC,
976 F. Supp. 2d 199, 216 (N.D.N.Y. 2013) ............................................................................ 4

Silver v. Mohasco Corp.,
602 F.2d 1083, 1090 (2d Cir.1979) ........................................................................................ 8

Smith v. American President Lines, Ltd.,
571 F.2d 102, 107 n. 10 (2d Cir.1978) ................................................................................... 8

Torriero v. Olin Corp.,
684 F. Supp. 1165, 1170 (S.D.N.Y. 1988) ............................................................................. 8

Williams v. NY City Dept. of Educ.,
2019 US. Dist. LEXIS 147789, at *20 (S.D.N.Y. 2019) ....................................................... 6

Yu v. City of NY,
792 Fed. Appx. 117, 118 (2d Cir. 2020) ................................................................................ 5

**Rules**

42 U.S.C. § 2000e-5(e) ............................................................................................................... 5

42 U.S.C. § 2000e–5(e)(1) .......................................................................................................... 5

Georgia Fair Employment Practices Act, O.C.G.A §§ 45-19-29, et seq. ............................... 1

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ................................. 1

**PRELIMINARY STATEMENT**

Plaintiff Walter Miles (hereinafter "Plaintiff" or "Miles") respectfully submits the instant memorandum of law in opposition to Defendants Lewis Tree Service, Inc. (hereinafter "Lewis Tree") and Wilderness USA, Inc. (hereinafter "Wilderness USA") (collectively hereinafter, "Defendants") motion to dismiss based on failure to state a claim on grounds upon which relief can be granted.

Plaintiff opposes Defendants' motion for dismissal of Plaintiff's race discrimination and retaliation claims against Defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII").

Defendants' motion for dismissal of Plaintiff's race discrimination and retaliation claims under the Georgia Fair Employment Practices Act, O.C.G.A §§ 45-19-29, et seq. ("FEPA") are moot as Plaintiff has filed a stipulation of voluntary dismissal of those claims as well as all claims against the individual defendant Billy McCollum. In light of the foregoing, Plaintiff's chosen venue is proper as the Defendants reside in the State of New York.

**FACTS**

Plaintiff filed his charge with the United States Equal Employment Opportunity Commission ("EEOC") in or around October 13, 2024. In his charge, Plaintiff specifically alleges that he was told by Defendant Billy McCollum that he was "a General Foreman with an all black crew, and that doesn't look right" and that he was subsequently terminated.

Indeed, Plaintiff alleged in his Complaint that he was subjected to various instances of disparate treatment and blatant racial discrimination throughout his employment with Defendants. As early as 2017, Plaintiff struggled with facing unlaw racially discriminatory behavior from employees and representatives of Defendants' who held supervisory authority over him.

This persisted despite Plaintiff's many complaints of the racial discrimination and requests to not work with those employees who engaged in the unlawful behavior towards him. These complaints culminated in Plaintiff's termination in early August 2023, which Plaintiff reasonably alleged occurred only because of the discrimination he faced and his complaints thereof.

## ARGUMENT

### I. Title VII Discrimination Claim

#### a. The Court may exercise Jurisdiction over Wilderness USA

The naming requirement in an EEOC charge serves the purpose to provide notice to the charged party of allegations being brought against them so as to allow for an opportunity to participate in a voluntary conciliatory process as required under Title VII of the Civil Rights Act of 1964. See Virgo v. Riviera Beach Associates, Ltd., 30 F.3d 1350, 1358-59 (11th Cir. 1994); Schnellbaecher v. Baskin Clothing Co., 887 F.2d 124, 127 (7th Cir.1989). "However, courts liberally construe this requirement." See Virgo, 30 F.3d 1350, 1358-59; see also Alvarado v. Bd. of Trustees of Montgomery Community College, 848 F.2d 457, 460 (4th Cir.1988); cert. denied, 456 U.S. 972 (1982). "Where the purposes of the Act are fulfilled, a party unnamed in the EEOC charge may be subjected to the jurisdiction of federal courts." See Virgo, 30 F.3d 1350, 1358-59; Eggleston v. Chicago Journeymen Plumbers' Loc. Union No. 130, U. A., 657 F.2d 890, 905 (7th Cir.1981), cert. denied, 455 U.S. 1017 (1982).

Plaintiff's failure to name Wilderness USA in the EEOC charge does not necessarily foreclose his Title VII claims against it. The Second Circuit takes a "flexible stance in interpreting Title VII's procedural provisions so as not to frustrate Title VII's remedial goals," and therefore recognizes an exception to the general rule that a defendant must be named in an administrative charge. See Johnson v. Palma, 931 F.2d 203, 209 (2d Cir. 1991) (internal citation omitted) (quoting Egelston v. State University Coll. at Geneseo, 535 F.2d 752, 754-55 (2d Cir. 1976)). The

- 2 -

- 3 -

"identity of interest" exception allows a plaintiff to proceed against a defendant not named in the administrative charge "where there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge." Id. (citations omitted).

Although the identity of interest exception is commonly applied to *pro se* plaintiffs, this analysis is not expressly limited to those proceeding without counsel. See Popat v. Levy, 253 F. Supp. 3d 527, 535-36 (W.D.N.Y. 2017) (analyzing the applicability of the identity of interest exception even though the plaintiff was represented by counsel in the EEOC proceedings);[1] see also Senecal v. B.G. Lenders Serv. LLC, 976 F. Supp. 2d 199, 216 (N.D.N.Y. 2013) ("[A] case-by-case evaluation of the circumstances in light of the [identity of interest] factors, as opposed to a categorical ban [on plaintiffs who were represented by counsel], far better advances the goals and purposes of Title VII").

Further, it has been held that in the case of joint employers who fall under the same umbrella of ownership that should one be placed on notice, it is adequate to place both on notice. See Virgo, 30 F.3d 1350 (citing Alvarado, 848 F.2d 457, 458-59) (Circuit court upheld district court decision to allow suit under Title VII where not all employers were named in the EEOC charge because the one named, and the one not named were closely related entities that fell under similar ownership).

In light of the foregoing authority, Plaintiff respectfully requests for the Court to use its authority to liberally construe the naming requirement in relation to Plaintiff's EEOC charge.

Because Plaintiff alleges that Wilderness USA was a joint employer alongside Lewis Tree and falls under the same umbrella of ownership, Plaintiff respectfully submits that both

---

[1] In this case, the Plaintiff prosecuted his EEOC charge *pro se* and only retained counsel upon obtaining a notice of right-to-sue.

- 4 -

Defendants were sufficiently placed on notice by Lewis Tree being named in Plaintiff's EEOC charge. Indeed, Defendants are represented by the same counsel, both employed Plaintiff, and therefore had ample opportunity to participate in the EEOC's process.

In light of the Court's authority to exercise jurisdiction over Wilderness USA regardless of their inclusion in Plaintiff's EEOC charge, Wilderness USA's relationship with Lewis Tree, and Plaintiff giving them ample opportunity to be placed on notice, Plaintiff requests that the motion to dismiss be denied.

### b. Defendants' Conduct was a Continuing Violation of Title VII

To bring a claim under Title VII, an aggrieved employee must file an administrative complaint within 300 days of the alleged discriminatory conduct. See 42 U.S.C. § 2000e-5(e). "When . . . a plaintiff's allegations of discrimination extend beyond the 300-day limitation period, the nature of the claim determines what consideration will be given to the earlier conduct." See Petrosino v. Bell Atl., 385 F.3d 210, 214 (2d Cir. 2004).

"A hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'" See 42 U.S.C. § 2000e–5(e)(1)." Natl. R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117 (2002). It is well established that "in a hostile work environment claim, the statute of limitations requires that only one … harassing act demonstrating the challenged work environment occur within 300 days of filing; once that is shown, a court and jury may consider 'the entire time period of the hostile environment' in determining liability." See Petrosino, 385 F.3d at 220 (quoting Natl. R.R. Passenger Corp., 536 U.S. at 117); see also Yu v. City of NY, 792 Fed. Appx. 117, 118 (2d Cir. 2020) (citing Petrosino); Williams v. NY City Dept. of Educ., 2019 US. Dist. LEXIS 147789, at *20 (S.D.N.Y. 2019) ("…the creation of a hostile work environment over time is the quintessence of a continuing

violation") (citing cases).

In Petrosino, the Second Circuit affirmed the district court's decision to apply the continuing violation doctrine to the plaintiff's hostile work environment claims "[b]ecause Petrosino does point to some allegedly gender-hostile actions occurring [during the limitation period]." See Petrosino, 385 F.3d at 220.

Here, Plaintiff alleges that Defendant subjected him to a variety of different types of racial discrimination in the workplace beginning in or around 2017 which continued throughout his employment through 2023. See Compl. ¶¶ 22, 34-84. Plaintiff alleges that from 2017 through August 2023, Plaintiff was subjected to disparate treatment by one Billy McCollum. Id. Plaintiff specifically alleges some of the comments that McCollum made and their general frequency. Id., ¶¶ 65-84. Accordingly, Plaintiff alleges that the same harasser, committed the same harassing acts both before and during the limitation period.

"In truth, all other things being equal, there is little difference between the two scenarios as a hostile environment constitutes one 'unlawful employment practice' and it does not matter whether nothing occurred within the intervening 301 days so long as each act is part of the whole." Id. at 118 (2002). "Our conclusion with respect to the incidents that may be considered for the purposes of liability is reinforced by the fact that the statute in no way bars a plaintiff from recovering damages for that portion of the hostile environment that falls outside the period for filing a timely charge." Id. at 118–19 (2002).

Here, Plaintiff submits that he has alleged more than mere continuity of employment.

Further, Plaintiff implores the Court to consider that throughout the tenure of his employment, he was continuously subjected to open and blatant discrimination based on his race, including but not limited to disparate treatment and blatant discriminatory speech by employees

and representatives of Defendants with supervisory roles over Plaintiff. As they are Joint Employers, Plaintiff alleges that his employment under Lewis Tree and Wilderness USA constitute one single period of employment during which he was subjected to repeated instances of discrimination in violation of Title VII.

As established in National Railroad, these instances of discrimination which create and permeate a hostile work environment need not be continuous, so long as they are in relation to each other. Therefore, Plaintiff's claims beginning from the first instance of discrimination in or around 2017 and ending upon his retaliatory termination on or around August 2023 at the hands of one Billy McCollum constitute one whole act of discrimination for which he filed his EEOC charge timely based on the last date of discrimination.

Considering this, Plaintiff respectfully requests the Court to find these acts are continuous violations of Title VII that make up a single instance of discriminatory conduct in creation of a hostile environment for which he timely filed his EEOC charge in relation to.

## II.    Title VII Retaliation Claim

Courts have established that a certain of leeway is permitted in situations where an individual completes an EEOC charge form *pro se* and does not specifically allege retaliation. See Gregory v. Georgia Dept. of Human Resources, 355 F.3d 1277, 1279-81 (11th Cir. 2004). So long as the facts in the description of the EEOC charge provide enough information for an EEOC investigator to deduce the existence of a potential retaliation claim, then a Plaintiff who did so without the assistance of counsel, he aught to be awarded leniency for not specifically alleging retaliation, including not checking off the box that demarks it so. Id.; see also Danner v. Phillips Petroleum Co., 447 F.2d 159, 161–62 (5th Cir.1971) (noting that employee filing an EEOC complaint without the assistance of counsel are to be construed liberally, and holding that EEOC

charge complaining of discharge was "reasonably related" to Title VII complaint that "she was discharged").

The Second Circuit has held that the scope of a complaint in a Title VII suit is generally defined not by the four corners of the prior administrative charge, but is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. See Silver v. Mohasco Corp., 602 F.2d 1083, 1090 (2d Cir.1979), rev'd on other grounds, 447 U.S. 807 (1980); Smith v. American President Lines, Ltd., 571 F.2d 102, 107 n. 10 (2d Cir.1978); Koster v. Chase Manhattan Bank, 554 F. Supp. 285, 287 (S.D.N.Y.1983). Moreover, the complaint in a civil action may properly encompass any discrimination similar to or reasonably related to the charges filed with the EEOC. See Torriero v. Olin Corp., 684 F. Supp. 1165, 1170 (S.D.N.Y. 1988) (citing Oubichon v. North Am. Rockwell Corp., 482 F.2d 569, 571 (9th Cir.1973); Danner, 447 F.2d at 162; Davis v. Buffalo Psychiatric Ctr., 613 F. Supp. 462, 468, vacated on other grounds, 623 F. Supp. 19 (W.D.N.Y.1985)).

Thus, at a minimum, there is an issue of fact as to whether the EEOC investigated retaliation, and the retaliation claim is otherwise properly preserved because it is similar to and reasonably related to the charge Plaintiff filed with the EEOC.

In order to prove retaliation under Title VII, a "plaintiff must show that (1) she engaged in statutorily protected activity, (2) an adverse employment action occurred, and (3) the adverse action was causally related to the plaintiff's protected activities." Little v. United Technologies, Carrier Transicold Div., 103 F.3d 956, 959 (11th Cir.1997).

Critically, courts have held that they aught to be "extremely reluctant to allow procedural technicalities to bar claims brought under [Title VII]" and that the scope of an EEOC charge should not be strictly interpreted but allow for Investigators to determine further than what was

directly alleged. Id., at 460–65.

Plaintiff prepared his EEOC charge against Defendants prior to retaining counsel and did so on his own. In his charge, Plaintiff specifically alleged that he was subjected to continuous acts of blatant racial discrimination which culminated in his termination. Following with the standard set by Danner and Little, which courts within this Circuit have cited, this is enough to show that Plaintiff had engaged in protected activity and that he suffered an adverse employment action because of it. Plaintiff further alleged in his Complaint that he did engage in the protected activity of reporting instances of racial discrimination to representatives of Defendants and was ignored until his eventual termination, establishing the hallmark elements of retaliation.

With these factors brought to light, Plaintiff respectfully requests that the Court denies Defendants' motion to dismiss his claims of retaliation under Title VII.

### III.    Venue is Proper in the Western District of New York

Defendants challenge that venue is not proper where they reside because McCollum resides in Georgia.  However, all claims against McCollum have been voluntarily dismissed. See ECF Docket Entry 15.  Accordingly, because the remaining Defendants' principal place of business is in the Western District of New York, venue is proper and Defendants' motion to change venue must be denied.

### CONCLUSION

For all the foregoing reasons, Defendants' motion to dismiss Plaintiff's certain claims in the complaint and to transfer venue should be denied.

- 9 -

                                                  RESPECTFULLY SUBMITTED,

Dated: April 11, 2025

By: */s/ Uri Horowitz*
Uri Horowitz, Esq.
14441 70th Road
Flushing, NY 11367
(718) 705-8706 (office)
(718) 705-8705 (facsimile)
uri@horowitzlawplc.com (email)

**CONSUMER ATTORNEYS, PLLC**
*/s/ Emanuel Kataev*
Emanuel Kataev, Esq.
6829 Main Street
Flushing, NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*Pending admission April 22, 2025*

*Attorneys for Plaintiff*
*Walter Miles*