**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

WALTER MILES,

                Plaintiff,

     -v-

LEWIS TREE SERVICE, INC.,
WILDERNESS USA, INC. and BILLY
MCCOLLUM,

                Defendants.

Civil Action No. 6:25-cv-06042-EAW

---

**DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS AND MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA**

---

LITTLER MENDELSON, P.C.
Jessica F. Pizzutelli, Esq.
375 Woodcliff Drive, Suite 2D
Fairport, New York 14450
Phone: (585) 203-3400
Email: jpizzutelli@littler.com

*Attorneys for Defendants Lewis Tree Service, Inc. and Wilderness USA, Inc.*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................**Error! Bookmark not defined.**

I.    PRELIMINARY STATEMENT. ...........................................................................................1

II.   WILDERNESS SHOULD BE DISMISSED FROM THIS CASE...........................................2

III.  ALLEGATIONS IN THE COMPLAINT ARE TIME-BARRED AND
      THE "CONTINUING VIOLATION" THEORY IS INAPPLICABLE
      HERE. ..............................................................................................................................4

IV.   PLAINTIFF'S RETALIATION CLAIM IS NOT RELATED TO THE
      CHARGE. .........................................................................................................................8

V.    VENUE IS NOT PROPER IN THIS COURT.......................................................................10

VI.   CONCLUSION. ................................................................................................................10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bolt v. Planned Parenthood of Central and Western New York,*
    2025 WL 368643 (W.D.N.Y. Feb. 3, 2025)........................................................................3, 4

*Boza-Meade v. Rochester Housing Authority,*
    170 F. Supp.3d 535 (W.D.N.Y. 2016)..............................................................................6, 9

*Burgis v. N.Y. City Dep't of Sanitation,*
    798 F.3d 63 (2d Cir. 2015) ......................................................................................................9

*Cruz v. City of New York,*
    2021 WL 5605139 (S.D.N.Y. Nov. 30, 2021) ..............................................................7, 8

*Daggs v. Donahoe,*
    2014 WL 2434952 (W.D.N.Y. May 30, 2014).................................................................10

*Felton v. Monroe Community College,*
    579 F. Supp. 3d 400 (W.D.N.Y. 2022)..................................................................................3

*Fitzgerald v. Henderson,*
    251 F.3d 345 (2d Cir. 2001) ....................................................................................................9

*Johnson v. Palma,*
    931 F.2d 203 (2nd Cir. 1991)..................................................................................................3

*McGullam v. Cedar Graphics, Inc.,*
    609 F.3d 70 (2d Cir. 2010) ......................................................................................................5

*Mitchell v. State Univ. of N.Y. Upstate Medical Univ.,*
    723 Fed. Appx. 62 (2d Cir. May 22, 2018) ........................................................................8

*Nat'l R.R. Passenger Corp. v. Morgan,*
    536 U.S. 101 (2002)........................................................................................... 5, 6, 7

*Nnebe v. City of New York,*
    2023 WL 9100339 (S.D.N.Y. Nov. 9, 2023), *report and recommendation adopted,* 2023
    WL 8643801 (S.D.N.Y. Dec. 14, 2023) ..........................................................................5, 6

*Petrosino v. Bell Atlantic,*
    385 F.3d 210 (2nd Cir. 2004)................................................................................................5, 6

*Petrosky v. New York State Dep't of Motor Vehicles,*
    72 F. Supp. 2d 39 (N.D.N.Y. 1999) ....................................................................................7, 8

*Stewart v. Mississippi Transp. Commission*,
    586 F.3d 321 (5th Cir. 2009)..................................................................................................7

*Yang Zhao v. Keuka Coll.*,
    264 F.Supp. 3d 482 (W.D.N.Y 2017) (Wolford, J.) ..........................................................5, 6

**Statutes**

42 USC 2000e-5(f) ......................................................................................................................3

O.C.G.A §§ 45-19-29, *et seq.* ....................................................................................................1

## I.    PRELIMINARY STATEMENT.

Defendants Lewis Tree Service, Inc. ("Lewis Tree") and Wilderness USA, Inc. ("Wilderness") (collectively, "Defendants"), respectfully submit this Reply in further support of Defendants' Motion to Dismiss and Transfer Venue to the United States District Court for the Northern District of Georgia ("Northern District of Georgia") (Dkt. 7-1 ("Motion")).

Plaintiff's Response (Dkt. No. 17 ("Response" or "Resp.")) offers no valid argument to oppose Defendants' Motion. Critically, before filing the Response, Plaintiff voluntarily dismissed all of his claims against Defendant Billy McCollum and Plaintiff's third and fourth causes of action against all Defendants arising under the Georgia Fair Employment Practices Act, O.C.G.A §§ 45-19-29, *et seq.* ("FEPA"). (Dkt. No. 15).

In addition, Plaintiff concedes in the Response that he did not name Wilderness in the Charge of Discrimination (Dkt. No. 7-2 at Exhibit 1 ("Charge")). Nevertheless, he argues that the Court should excuse this failure because the "identity of interest exception" purportedly applies. (Resp. at 2-4). But the factors which this Court must assess to apply that exception cut against applying it here. As a result, Plaintiff's argument on this issue fails and Wilderness should be dismissed from this action.

In the Response, Plaintiff also argues that the "continuing violation" theory applies; and, therefore, the allegations in the Complaint which occurred more than 300 days before he filed the Charge are not time-barred. (*Id.* at 4-6). This argument also fails. The continuing violation theory applies in the context of hostile work environment claims. Plaintiff does not allege any such claim in this action. Instead, he alleges that discrete acts occurred that are not "continuing" by any definition. Consequently, the allegations in the Complaint that occurred outside of the 300-day limitation period undoubtedly are time-barred as a matter of law.

1

Plaintiff next argues that his Title VII retaliation claim is plausible even though his Charge made no reference to any protected activity or adverse employment action taken in retaliation for engaging in protected activity. (*Id.* at 6-8). Plaintiff argues that the allegations supporting his Title VII retaliation claim "grow out of" the allegations in his administrative charge. This argument fails, as none of the allegations that Plaintiff relies upon to support his Title VII retaliation claim are included in the Charge. Thus, Plaintiff did not exhaust his administrative remedies for his Title VII retaliation claim and that claim is barred as a matter of law.

Finally, Plaintiff's Response offers a scant, three-sentence opposition to Defendants' Motion to transfer venue. (*Id.* at 8). Plaintiff omits any analysis of the relevant transfer factors. This alone warrants granting Defendants' Motion. Instead, Plaintiff argues only that since he dismissed Mr. McCollum, venue is now proper in this Court. (*Id.*) This is not so, and venue in this Court remains improper. This action involves a Plaintiff who is a resident and citizen of Georgia, whose claims, as Plaintiff alleges, relate to his "work as a Crew Leader in the State of Georgia." (Dkt. No. 1 ("Complaint" or "Compl.") ¶ 63.) The allegations in the Complaint relate to events that allegedly took place in Georgia, Mississippi, and Alabama—not New York. Thus, on its face, the Complaint presents no set of facts that even suggest that venue is proper in this Court. Rather, the Complaint clearly demonstrates that the proper venue for this action is the Northern District of Georgia.

In sum, Plaintiff's Response offers no legitimate opposition to Defendants' Motion. Defendants' Motion should be granted in its entirety.

## II.    WILDERNESS SHOULD BE DISMISSED FROM THIS CASE.

It is undisputed that Plaintiff's Charge **does not** name or otherwise identify Wilderness. Despite this, Plaintiff argues that Wilderness should not be dismissed because the "identity of interest" exception applies here. (Resp. at 2-4.) This argument fails.

Courts recognize "identity of interest" as an exception to the "general rule" that "a defendant must be named in an administrative charge" in order to be included in later litigation involving the same charge. *See Bolt v. Planned Parenthood of Central and Western New York,* 2025 WL 368643, at \*5 (W.D.N.Y. Feb. 3, 2025) (Wolford, J.) (finding "identity of interest" exception did not apply); *Felton v. Monroe Community College,* 579 F. Supp. 3d 400, 408 (W.D.N.Y. 2022) (Wolford, J.) (same); *see also* 42 USC 2000e-5(f) (a civil suit based upon an administrative charge of discrimination may only "be brought against the *respondent named in the charge.*") (emphasis added).

In applying the "identity of interest" exception, courts generally consider four factors. *See Johnson v. Palma*, 931 F.2d 203, 209-210 (2nd Cir. 1991) (declining to apply "identity of interest" exception; the "trial court properly dismissed the claims against [defendant] because it was not named in the administrative agency charges"). Notably, Plaintiff does not even address these factors. The factors which this Court should consider (and which compel dismissal of Wilderness) are:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* (internal citation omitted).

These factors demonstrate that the exception should not apply here. First, Plaintiff alleges that he was employed by Wilderness. (Compl. ¶¶ 52-54.) Thus, he was aware of Wilderness's identity at the time of filing the Charge and could have named it in that Charge. *See Bolt,* 2025 WL 368643, at \*5 ("It is clear from the complaint that Plaintiff knew that [defendant] was her employer…"). The first factor therefore counsels against applying the exception here.

3

Second, there are no facts alleged in the Complaint which demonstrate that Wilderness's interests are so similar to Lewis Tree's interests that Wilderness should not have been involved in the EEOC process. Quite to the contrary, Plaintiff alleges that Wilderness was a separate "employer." (Compl., ¶ 52.) And, in the Charge, Plaintiff only complains about events which he claims occurred after his alleged employment with Wilderness ended. *Compare* Compl., ¶¶ 52-55 (alleging his employment with Wilderness ended in March 2020), *with* Dkt. 7-2 (Charge, which makes claims relating to events occurring after April 2022). Consequently, Wilderness's exclusion from the EEOC process results in prejudice to Wilderness, namely an opportunity to defend itself against Plaintiff's newfound claims. Thus, the second and third factors also weigh against applying the "identity of interest" exception here.

Finally, "[t]here is no allegation that [Wilderness] represented to Plaintiff that its relationship with [him] was to be through" Lewis Tree.[1] *See Bolt*, 2025 WL 368643, at \*6. Indeed, taking the allegations in the Complaint as true, Plaintiff was presented with a separate offer of employment to join Wilderness which employment thereafter then clearly ended. (Compl. ¶¶ 52-54.) Such formalities clearly delineate that Wilderness and Lewis Tree are (independent) separate entities such that Plaintiff should have known that they were/are so situated. Accordingly, the final factor therefore weighs against applying the "identity of interest" exception in this case.

In short, the "identity of interest" exception does not apply. Plaintiff failed to name Wilderness in his Charge, and any claims against Wilderness should be dismissed, with prejudice.

## III.   ALLEGATIONS IN THE COMPLAINT ARE TIME-BARRED AND THE "CONTINUING VIOLATION" THEORY IS INAPPLICABLE HERE.

As explained in Defendants' moving papers, and as Plaintiff concedes, to bring a claim under Title VII, the plaintiff must file an administrative complaint within 300 days of the alleged

---

[1] Notably, Plaintiff completely omitted any claim of "joint employment" in his Charge.

4

discriminatory act. *See* Dkt. 7-1 at 8-9; Dkt. 17 at 4. Plaintiff argues that he should be excused from this explicit statutory requirement, and that the Court should nevertheless consider discriminatory acts occurring beyond the 300-day limitation period, under the "continuing violation" theory. *Id., citing Petrosino v. Bell Atlantic*, 385 F.3d 210, 220 (2nd Cir. 2004). But the continuing violation "doctrine 'is heavily disfavored in the Second Circuit and courts have been loath to apply it absent a showing of compelling circumstances.'" *Nnebe v. City of New York*, 2023 WL 9100339, at \*9 (S.D.N.Y. Nov. 9, 2023), *report and recommendation adopted,* 2023 WL 8643801 (S.D.N.Y. Dec. 14, 2023) (internal citation omitted). And, as Plaintiff's argument recognizes, application of this doctrine is limited to only certain cases where the plaintiff has asserted a hostile work environment/sexual harassment claim. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002) (outlining continuing violation theory utilized for the purposes of assessing timeliness of allegations in support of a hostile work environment claim); *Yang Zhao v. Keuka Coll.*, 264 F.Supp. 3d 482, 493-494 (W.D.N.Y 2017) (Wolford, J.) (declining to apply continuing violation theory and noting that the "continuing violations doctrine is disfavored and courts are hesitant to apply it absent a showing of compelling circumstances.") (internal quotations omitted).

The continuing violation theory is not available in cases involving Title VII claims (like here) that involve "discrete acts" of discrimination/retaliation. *Id.* Indeed, "[t]he law is clear that *termination and promotion claims may not* be based on discrete acts falling outside the limitations period." *Petrosino*, 385 F.3d at 220 (citing *Nat'l R.R.*, 536 U.S. 101 at 117); *see also McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 75 (2d Cir. 2010) ("With respect to claims based on termination, failure to promote, denial of transfer, or refusal to hire . . . section 2000e–5(e)(1) *precludes* recovery for *discrete* acts of discrimination or retaliation that occur outside the statutory time period, even if other acts of discrimination occurred within the statutory time period") (internal quotations, citations omitted).

This case involves allegations of discrete acts of alleged discrimination/retaliation. For example, Plaintiff's discrimination claim focuses on the termination of his employment, which undoubtedly is a discrete act. *Petrosino*, 385 F.3d at 220.[2] Plaintiff's time-barred claims are also based on discrete acts. *See* Compl., ¶¶ 49, 58 (denial of promotion); ¶ 62 (constructive discharge). Thus, Plaintiff is incorrect that this Court should (or could) apply the continuing violation theory here. *See Boza-Meade v. Rochester Housing Authority*, 170 F. Supp.3d 535, 546 (W.D.N.Y. 2016) (Wolford, J.) (declining to apply continuing violation theory to discrimination claim based upon discrete acts of alleged discrimination, and where allegations were "disjointed and unrelated"); *Yang Zhao*, 264 F. Supp. 3d at 494 (same).[3]

Contrary to Plaintiff's argument(s), *Nat'l R.R.* did not apply the continuing violation theory in the context of the plaintiff's discrimination or retaliation claims. *See Nat'l R.R.*, 536 U.S. at 113-115. In fact, the Court in *Nat'l R.R.* held that "[d]iscrete acts" including "termination, failure to

---

[2] Plaintiff's purported retaliation claim – to the extent this Court does not consider it procedurally-barred for failure to exhaust – likewise relates to the same discrete act, the termination of Plaintiff's employment.

[3] Plaintiff's argument assumes that the Complaint alleges a plausible hostile work environment claim—but it does not. The Complaint contains two paragraphs that contain the singular conclusory phrase "hostile work environment." (Compl. ¶¶ 23, 91.) Plaintiff *does not* allege a cause of action for hostile work environment. (*See e.g.*, Compl.). Moreover, the Complaint itself lacks any of the elements of a hostile work environment claim (e.g., the Complaint does not allege frequent, severe, and pervasive race-based harassment from 2017-2023, and instead cites two instances from nearly eight years ago, in 2017, which Plaintiff speculates occurred because of his race—but proffers no factual allegations to support the same. Compl., ¶¶ 34-47; *Boza-Meade,* 170 F. Supp. 3d at 547 (allegation that it was insinuated that plaintiff stole property not enough to state hostile work environment); *Nnebe v. City of New York*, 2023 WL 9100339, at *18 (finding more egregious allegations to not constitute hostile work environment under Title VII)). Thus, the Complaint merely contains an unadorned, unsupported conclusory statement, which itself is insufficient to state a plausible claim for relief. *See Boza-Meade*, 170 F. Supp. 3d at 544. In addition, and critically, the scope of Plaintiff's Charge is also limited to events that allegedly occurred *after April 2022* – and does not sweep in events from 2017 through April 2022. Dkt. 7-2. As such, all of the allegations in the Complaint that Plaintiff relies upon as evidence of a "continuing violation" were outside the scope of the EEOC's investigation. As a result, Plaintiff is precluded from attempting to manufacture a federal claim now, based on his failure to exhaust administrative remedies. *See Boza-Meade*, 170 F.Supp. 3d at 550 (dismissing claims which were not included in charge).

promote, denial of transfer, or refusal to hire" are a "separate actionable 'unlawful employment practice,'" and only those acts occurring within the 300-day limitations period are timely. *Id.* Thus, Plaintiff's cited authority confirms the continuing violation theory does not apply here.

Plaintiff's claim fails for the additional reason that he does not identify any actual "continuing" violation. "[I]n this circuit no continuing violation exists 'when the continuous and connected nature of the discriminatory acts is negated by a sufficient gap between the acts.'" *Petrosky v. New York State Dep't of Motor Vehicles*, 72 F. Supp. 2d 39, 50 (N.D.N.Y. 1999); *see also Cruz v. City of New York*, No. 21CV1999 (DLC), 2021 WL 5605139, at *5 (S.D.N.Y. Nov. 30, 2021) (rejecting continuing violation doctrine where "[Plaintiff's] complaint asserts two discrete sets of unlawful acts: one from the period before March 2016, and another from the period after April 2018.").

The case *Stewart v. Mississippi Transp. Commission*, 586 F.3d 321 (5th Cir. 2009) is instructive. In *Stewart*, the plaintiff claimed she was harassed by a supervisor, transferred away from the supervisor, and then later reassigned to the same supervisor and verbal harassment resumed. *Id.* at 325. The Court held that the continuing violation theory did not apply, because the transfer was an intervening action that cut off liability for the earlier alleged harassment—i.e., there was no "continuing" violation. *Id.* at 325, 329-330.

Here, Plaintiff alleges that: in 2017 he was falsely accused of stealing equipment and driving recklessly (but makes no allegation that any comments were made about race); he was thereafter transferred to Wilderness in 2019; transferred back to Lewis in 2020 "under the distinct promise he would no longer be under the supervision of Billy"; ended his employment in 2021; then returned to Lewis in 2022, but did not work with Billy again until February 2023 (where he then alleges that Billy made certain comments). Compl., ¶¶ 28-65.[4] Accordingly, as in *Stewart,* there can be no "continuing"

---

[4] Plaintiff does not allege that any allegedly discriminatory/retaliatory acts took place during his purported employment with Wilderness. (*See* Compl.)

violation given the intervening transfer, "substantial break[s] in [Plaintiff's] active employment," and the unrelated nature of the discrete 2017 and the 2023 alleged incidents. *Cruz,* 2021 WL 5605139, at *5; *accord Petrosky,* 72 F. Supp. 2d at 50 ("[T]here are several time periods ranging to years in length in which no specific discriminatory incident is alleged" which gaps "militate against finding a continuing violation here.").

For these reasons, the Court should not consider any actions or events occurring more than 300 days *before* Plaintiff filed the Charge—i.e., any events that occurred prior to December 17, 2022 are time-barred as a matter of law.

## IV. PLAINTIFF'S RETALIATION CLAIM IS NOT RELATED TO THE CHARGE.

Additionally, Plaintiff is incorrect that the Charge identifies facts establishing a Title VII retaliation claim or that such a claim arises out of the allegations in the Charge. The Charge makes no reference to any retaliation claim. (*See* Charge). It does not allege that (1) Plaintiff engaged in any protected activity, (2) Defendants were aware of that activity, or (3) Plaintiff was terminated or suffered any adverse action in retaliation for engaging in such activity. (*See id.*) Thus, the Charge lacks the essential elements of a plausible Title VII retaliation claim. *See Mitchell v. State Univ. of N.Y. Upstate Medical Univ.,* 723 Fed. Appx. 62, 63 (2d Cir. May 22, 2018) ("To sustain a prima facie case of retaliation… plaintiff must demonstrate (1) [he] was engaged in protected activity; (2) the employer was aware of that activity; (3) [he] suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action") (internal citation omitted).

Instead, Plaintiff argues that his Charge sufficiently alleged a Title VII retaliation claim because "it is similar to and reasonably related to the charge Plaintiff filed with the EEOC," therefore, a factual dispute exists "as to whether the EEOC investigated [a] retaliation" claim. This argument fails. None of the facts which Plaintiff relies upon (or could rely upon) as purported support for his Title VII retaliation claim were included in the Charge. Plaintiff's Charge states:

8

> I was rehired by the above-named employer [Lewis Tree Service] in April 2022…
> During my employment Billy McCullum, Manager, harassed me in that he slandered
> me, he had customers and co-workers calling me racists, and he had employees
> sabotage my equipment. Mr. McCullum said I was a General Foreman with an all
> black crew and that 9oesn't [SIC] look right. ON August 8, 2023, I was terminated.

Dkt. 7-2 (Charge).

The Charge *does not* allege that Plaintiff complained about any of the alleged discriminatory acts he allegedly encountered, or otherwise allege that Plaintiff engaged in any protected activity. Moreover, it does not allege that he was terminated or otherwise subjected to any discriminatory act in retaliation for engaging in any protected activity. There is no conceivable way that the Charge could be construed as alleging a Title VII retaliation claim. To hold otherwise would be tantamount to reading a retaliation claim into every single administrative charge that alleges discrimination.

Simply put, there no credible claim that, given the omissions in the Charge, a retaliation claim could be "expected to grow out of the charge," as Plaintiff argues. (Resp. at 7.) Plaintiff's Title VII retaliation claim is not "reasonably related" to the claims alleged in his EEOC Charge, *Burgis v. N.Y. City Dep't of Sanitation,* 798 F.3d 63, 71 (2d Cir. 2015), and Plaintiff's retaliation claim was not part of the EEOC's investigation into the Charge. *See Fitzgerald v. Henderson,* 251 F.3d 345, 359-60, 366 (2d Cir. 2001) (stating that a cause of action is "considered reasonably related if the conduct complained of would fall within the scope" of the EEOC's investigation and affirming dismissal of retaliation claim where there "was no semblance of [retaliation] claim in [employee's] EEO Complaint."). Thus, Plaintiff failed to exhaust administrative remedies for his Title VII retaliation claim, and his retaliation claim should be dismissed with prejudice. *See Burgis,* 798 F.3d at 71 (holding plaintiff failed to exhaust administrative remedies where administrative complaint did not allege claims later raised in federal court action); *Boza-Meade,* 170 F. Supp.3d at 551 (dismissing retaliation claim when charge did not indicate plaintiff engaged in any protected activity).

9

## V.    VENUE IS NOT PROPER IN THIS COURT.

Finally, Plaintiff offers a three-sentence opposition to Defendants' Motion to Transfer Venue but does not address any of the factors considered by courts in evaluating a transfer motion. Plaintiff argues only that venue is now proper solely because he dismissed his claims against Mr. McCollum. (Resp. at 8). Plaintiff cites no authority to support this position. Plaintiff's decision to dismiss Mr. McCollum does not change any of the dispositive factual allegations or legal authorities, identified by Defendants in their moving papers, which all weigh in favor of transferring this action to the United States District Court for the Northern District of Georgia, including: (1) Plaintiff admits he is a citizen/resident of Georgia (Compl. ¶ 5), (2) this action relates to Plaintiff's work as a "a Crew Leader in the State of Georgia," and "travel to Mississippi" to assist with a project. (*Id.* ¶¶ 65, 67, 70), and (3) none of the allegedly unlawful employment practices occurred in New York. (Dkt. 7-2 ¶¶ 11-20.). Plaintiff does not oppose, and therefore admits, that: (1) the Northern District of Georgia is a more convenient venue for the parties and witnesses, and Plaintiff's home forum; (2) the location of operative facts and sources of proof are in/around Georgia, and nowhere near New York; (3) witnesses are outside the subpoena power of this Court; (4) the Northern District of Georgia is fully "capable of presiding over Plaintiff's Title VII claim"; and (5) considerations of trial efficiency and justice favor transfer. (*Compare* Dkt. 7-1 at 11-20, *with* Dkt. 17 at 8); *see Daggs v. Donahoe,* 2014 WL 2434952, at *5 (W.D.N.Y. May 30, 2014) (a "[p]laintiff's failure to oppose . . . arguments in their brief" warrants granting a defendants' motion on those issues not addressed by the plaintiff). Accordingly, this Court should grant Defendants' Motion to Transfer Venue and transfer Plaintiff's remaining claim to the Northern District of Georgia.

## VI.    CONCLUSION.

For the foregoing reasons, this Court should grant Defendants' Motion in its entirety.

Dated:  April 25, 2025

Fairport, New York

LITTLER MENDELSON, P.C.

By:/*s/ Jessica F. Pizzutelli*
    Jessica F. Pizzutelli, Esq.
    LITTLER MENDELSON, P.C.
    375 Woodcliff Drive, Suite 2D
    Fairport, New York 14450
    Phone:    (585) 203-3400
    Email:    jpizzutelli@littler.com

*Attorneys for Defendants*

11