UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

WALTER MILES,

                Plaintiff,

          v.

LEWIS TREE SERVICE, INC.,
WILDERNESS USA, INC., and BILLY
MCCOLLUM,

                Defendants.

———————————————————————

**DECISION AND ORDER**

6:25-CV-06042 EAW

## INTRODUCTION

Plaintiff Walter Miles ("Plaintiff") commenced this action on January 20, 2025, against defendant Lewis Tree Service, Inc. ("Lewis Tree"), Wilderness USA, Inc. ("Wilderness"), and Billy McCollum ("McCollum") (collectively "Defendants") alleging employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and the Georgia Fair Employment Practices Act, O.C.G.A. §§ 45-19-29 *et seq.* ("FEPA"). (*See* Dkt. 1). Presently before the Court is Defendants' motion to dismiss and/or to transfer venue. (Dkt. 7).

For the following reasons, the Court grants the motion to transfer venue, defers ruling on the motion to dismiss, and directs that the matter be transferred to the United States District Court for the Northern District of Georgia.

- 1 -

## BACKGROUND

### I.   Factual Background

The following facts are taken from Plaintiff's complaint. As is required at this stage of the proceedings, the Court treats Plaintiff's factual allegations as true.

Plaintiff is a citizen of the State of Georgia. (Dkt. 1 at ¶ 5).[1] He was employed by Lewis Tree and Wilderness between 2014 and May 2021 and again from March 2022 through August 4, 2023. (*Id.* at ¶ 6). Both Lewis Tree and Wilderness maintain offices and do business in Monroe County, New York, and are domestic New York corporations with headquarters in Monroe County. (*Id.* at ¶¶ 7-11). Lewis Tree was under contract with Wilderness for services rendered, and Lewis Tree and Wilderness continuously operated as joint employers of Plaintiff. (*Id.* at ¶¶ 13, 14). McCollum was employed by Lewis Tree as a manager or supervisor and at certain times during Plaintiff's employment, had a supervisory role over Plaintiff. (*Id.* at ¶¶ 17, 18).

Plaintiff initially began his employment with Lewis Tree in Montgomery, Alabama in 2014 but in or around 2016 was moved to Lewis Tree's new location in Tuscaloosa, Alabama. (*Id.* at ¶¶ 32, 33). Plaintiff first met McCollum in or around 2017. (*Id.* at ¶ 34). McCollum blamed Plaintiff and his team for an incident where a tree trimmer caught fire, after ignoring Plaintiff's concerns that the trimmer was unsafe to operate. (*Id.* at ¶¶ 36-

---

[1]    Plaintiff's complaint does not include an introductory allegation concerning his alleged protected classification, but later allegations make it clear that he is a Black male. (*See*, *e.g.*, Dkt. 1 at ¶ 50 ("Plaintiff was the only Black General Foreman employed within Division 34 at that time.")).

38).  When Plaintiff was directed by management to prepare the equipment for salvage in August 2017, McCollum accused Plaintiff of trying to steal the equipment.  (*Id.* at ¶¶ 39, 41).  Plaintiff alleges that the false accusation was the result of discriminatory racial animus by McCollum.  (*Id.* at ¶ 43).  On another occasion in 2017, McCollum falsely accused Plaintiff of speeding and driving recklessly.  (*Id.* at ¶ 44).  Plaintiff's non-Black coworkers did not face similar accusations.  (*Id.* at ¶ 47).  In addition, Plaintiff requested a transfer and was overlooked for promotions for which he was qualified.  (*Id.* at ¶¶ 48, 49).  In or around February 2019, Plaintiff advised Defendants that he could no longer tolerate the treatment he was subjected to by supervisors and felt he had no choice but to end his employment.  (*Id.* at ¶ 51)

In or around May of 2019, Plaintiff was offered the opportunity to transfer his employment to Wilderness, which he accepted.  (*Id.* at ¶ 52).  While employed at Wilderness, Plaintiff received exemplary performance reviews, similar to those he received while employed at Lewis Tree.  (*Id.* at ¶ 54).

In or around March of 2020, Plaintiff was transferred back to employment with Lewis Tree in Nashville, Tennessee, with a promise that he would not be supervised by McCollum.  (*Id.* at ¶ 55).  After returning to Lewis Tree, Plaintiff made an official complaint to corporate management in June 2020 about the racial discrimination he and other similarly situated employees faced under McCollum.  (*Id.* at ¶¶ 56, 57).  Plaintiff continued to be passed over for promotions at Lewis Tree.  (*Id.* at ¶ 58).

In May of 2021, Plaintiff approached his supervisors with his frustrations over how the "African-American crew members" of his division had been denied opportunities for advancement. (*Id.* at ¶ 59). In the same month, Plaintiff could no longer tolerate the harassment he received from McCollum and ended his employment with Lewis Tree, which he considers to be a constructive discharge. (*Id.* at ¶¶ 61, 62).

But on March 23, 2022, Plaintiff was offered and accepted an employment offer from Lewis Tree in a Crew Leader position in Georgia. (*Id.* at ¶ 63). Plaintiff continued to perform in an exemplary manner and received positive reviews. (*Id.* at ¶ 64). In February 2023, Plaintiff was asked to travel to Mississippi to assist McCollum with a project on behalf of Lewis Tree. (*Id.* at ¶ 65). In April 2023, Plaintiff arrived in Mississippi and discovered that the equipment being used was in disrepair and unsafe. (*Id.* at ¶ 67). Plaintiff was told by another crew member that McCollum had swapped out the working equipment prior to Plaintiff's arrival which, in Plaintiff's view, was due to discriminatory animus towards Plaintiff. (*Id.* at ¶¶ 68, 69). During the remainder of Plaintiff's time in Mississippi, McCollum and Michael Allison, the General Foreman on the jobsite, engaged in discriminatory and hostile treatment of Plaintiff. (*Id.* at ¶ 70). In June of 2023, there was a physical altercation between Plaintiff and Michael Allison, and Plaintiff was blamed for starting the altercation. (*Id.* at ¶¶ 71, 72). McCollum told Plaintiff that Plaintiff should not be a General Foreman because of his race. (*Id.* at ¶ 74).

Plaintiff's requests for a transfer were ignored and Plaintiff was threatened not to complain about McCollum's discriminatory treatment. (*Id.* at ¶ 80). On August 4, 2023,

within days of Plaintiff's most recent complaints of discrimination, McCollum called Plaintiff and advised that his employment with Lewis Tree was being terminated.  (*Id.* at ¶¶ 84, 85).

In his complaint, Plaintiff asserts claims against all Defendants for: (1) discrimination in violation of Title VII; (2) retaliation in violation of Title VII; (3) discrimination in violation of FEPA; and (4) retaliation in violation of FEPA.

## II.    **Procedural Background**

Plaintiff commenced this action on January 20, 2025.  (Dkt. 1).  On February 18, 2025, Defendants moved to dismiss the complaint for failure to state a claim upon which relief may be granted and alternatively, to transfer venue of this matter to the Northern District of Georgia.  (Dkt. 7).  On March 12, 2025, Plaintiff voluntarily dismissed his FEPA claims and all claims against McCollum.  (Dkt. 15).  On April 11, 2025, Plaintiff filed his opposition to Defendants' motion.  (Dkt. 17).  On April 25, 2025, Defendants filed their reply.  (Dkt. 18).

## DISCUSSION

"Where district courts are presented with both a motion to dismiss, under Fed. R. Civ. P. 12(b)(6), and a motion to transfer venue, under 28 U.S.C. § 1404(a), they commonly address the venue motion first, and, where transfer is appropriate, leave the motion to dismiss to be decided by the transferee court."  *King v. Aramark Servs., Inc.*, No. 1:19-CV-77, 2019 WL 3428833, at *2 (W.D.N.Y. July 30, 2019) (quoting *Hart v. Crab Addison, Inc.*, No. 13-CV-6458 CJS, 2014 WL 2865899, at *2 (W.D.N.Y. June 24, 2014)), *aff'd on*

- 5 -

*other grounds*, 96 F.4th 546 (2d Cir. 2024); *see also Gaynor v. Diamond*, No. 24 CIV. 5690 (KPF), 2025 WL 2256662, at *5 (S.D.N.Y. Aug. 7, 2025).   The Court will accordingly address the merits of Defendants' motion to transfer venue at the outset.

## I.    <u>Legal Standards</u>

Venue in a federal court is generally governed by 28 U.S.C. § 1391 which provides, in relevant part:

A civil action may be brought in—

(1)    a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2)    a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3)    if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).    "The [Second] [C]ircuit has cautioned district courts to 'take seriously the adjective "substantial,"' explaining that venue is proper only if '*significant* events or omissions *material* to the plaintiff's claim' occurred in the chosen district." *Micromem Techs., Inc. v. Dreifus Assocs. Ltd.*, No. 14-CV-9145 (LAK), 2015 WL 8375190, at *4 (S.D.N.Y. Dec. 8, 2015) (quoting *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) (emphases in original)).    Venue can be proper in more than one district "as long as 'a substantial part' of the underlying events took place in those districts." *Glasbrenner*, 417 F.3d at 356.    Courts are "required to construe the venue statute strictly." *Id.* at 357 (citing *Olberding v. Ill. Cent. R.R. Co.*, 346 U.S. 338, 340 (1953)).

Under Federal Rule of Civil Procedure 12(b)(3), a party may move to dismiss for improper venue.  It is a plaintiff's burden to demonstrate that venue is proper.  *See Wohlbach v. Ziady*, No. 17 CIV. 5790 (ER), 2018 WL 3611928, at *2 (S.D.N.Y. July 27, 2018) ("When a defendant challenges either the jurisdiction or venue of the court, the plaintiff bears the burden of showing that both are proper." (citation omitted)).  "When deciding a motion to dismiss for improper venue, the court may examine facts outside the complaint to determine whether venue is proper.  The court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff."  *Palmore v. Napoli Shkolnik PLLC*, No. 23-CV-1616 (ER), 2024 WL 1330003, at *9 (S.D.N.Y. Mar. 28, 2024) (internal quotation marks and citation omitted).  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

In addition, pursuant to 28 U.S.C. § 1404(a), "[a] district court may transfer a case, regardless of whether venue is proper in the transferor court, only when the transfer is in 'in the interest of justice.'"  *Paroni v. Gen. Elec. UK Holdings Ltd.*, No. 19 CIV. 1034 (PAE), 2021 WL 5154111, at *1 (S.D.N.Y. Nov. 5, 2021) (citation omitted).  "Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice."  *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005); *see also Minnette v Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993).  When determining whether a transfer is in the interest of justice, the Court considers:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.

*E. Coast Plastic Surgery, P.C. v. Aetna Health & Life Ins. Co.*, No. 22-CV-5820 (EK)(CLP), 2025 WL 2042529, at *1 (E.D.N.Y. July 21, 2025) (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006)). "The party moving to transfer venue carries the 'burden of making out a strong case for transfer,' and must demonstrate that transfer is proper by 'clear and convincing evidence.'" *Steen v. Assurant, Inc.*, No. 1:22-CV-04571, 2023 WL 4406303, at *4 (S.D.N.Y. July 6, 2023) (quoting *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010)); *see also Gaynor*, 2025 WL 2256662, at *6 ("As a general matter, a '[p]laintiff's choice of forum should not be disturbed unless the balance of the factors tips heavily in favor of a transfer.'" (quoting *MasterObjects, Inc. v. Amazon.com, Inc.*, No. 20 CV 3478 (PKC), 2020 WL 6075528, at *1 (S.D.N.Y. Oct. 15, 2020))).

## II.    Defendants' Motion to Transfer Venue

In their initial moving papers, Defendants advanced the argument that venue is improper in the Western District of New York because all named Defendants do not reside in the Western District of New York, in that Defendant McCollum is a resident of Alabama. (Dkt. 7-1 at 17 n.6). Thereafter, Plaintiff voluntarily dismissed all claims asserted against McCollum and appears to be operating under the assumption that any challenge to venue became moot as a result of his withdrawal of such claims. (*See* Dkt. 17 at 8 ("Defendants

challenge that venue is not proper where they reside because McCollum resides in Georgia. However, all claims against McCollum have been voluntarily dismissed.  See ECF Docket Entry 15.  Accordingly, because the remaining Defendants' principal place of business is in the Western District of New York, venue is proper and Defendants' motion to change venue must be denied.")).   But Plaintiff completely overlooks the fact that the crux of Defendants' motion was not simply that venue was improper due to McCollum's residence but also that transfer of this case to the Northern District of Georgia is warranted for the convenience of parties and witnesses and in the interest of justice pursuant to 28 U.S.C. § 1404(a).  Plaintiff's failure to offer any response at all to this portion of Defendants' motion operates as a concession to the relief sought and alone justifies granting the motion. *See Fantozzi v. City of New York*, 343 F.R.D. 19, 32 (S.D.N.Y. 2022) ("Courts may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." (internal quotation marks omitted)); *Dan-Bunkering (Am.), Inc. v. Tecnologias Relacionadas Con Energia y Servicios Especializados, S.A. de C.V.*, No. 17 CIV. 9873 (KPF), 2019 WL 1877344, at *5 (S.D.N.Y. Apr. 26, 2019) ("Ardica does not address, or even acknowledge, Dan-Bunkering's argument—or the forum selection clause—in its brief in opposition.  Therefore, it is within this Court's discretion to find that Ardica has effectively conceded the issue."); *Felske v. Hirschmann*, No. 10 CIV. 8899(RMB), 2012 WL 716632, at *3 (S.D.N.Y. Mar. 1, 2012)

- 9 -

("A plaintiff effectively concedes a defendant's arguments by his failure to respond to them.").

That said, even overlooking Plaintiff's failure to meaningfully oppose Defendants' motion to transfer venue, the Court concludes Defendants have established that the facts here support such a transfer. As a threshold matter, the Northern District of Georgia is a forum where venue is otherwise proper. Plaintiff resides within the Northern District of Georgia, Plaintiff's Title VII claims of discrimination relate to his employment with Lewis Tree in the state of Georgia, and Plaintiff filed his EEOC charge in the EEOC's Atlanta, Georgia District Office. (Dkt. 7-2 at 7-8, 10-13); *see also Jimenez v. Rise Boro Cmty. P'ship*, No. 25-CV-3782 (LTS), 2025 WL 2338193, at *1 (S.D.N.Y. July 25, 2025) ("Under the venue provision for claims brought under Title VII, such claims may be brought: in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." (quoting 42 U.S.C. § 2000e-5(f)(3))). Further, in their motion, Defendants consent to personal jurisdiction for this case in the Northern District of Georgia. (Dkt. 7-1 at 18).

In addition, the convenience factors weigh in favor of transfer. Although Plaintiff's choice of forum is generally entitled to considerable weight in most cases, that weight is

significantly diminished where, as here, the operative facts bear little connection with the chosen forum and Plaintiff does not reside in this forum.  *See Palisades Ests. EOM, LLC v. Cnty. of Rockland*, No. 23-CV-4215 (NSR), 2025 WL 1295333, at *37 (S.D.N.Y. May 5, 2025) ("As a general proposition, a plaintiff's choice of forum is entitled to considerable weight. . . .  However, that weight is diminished when the operative facts upon which the litigation is brought bear little material connection to the chosen forum." (quotations and citations omitted)); *Paysafe Holdings UK Ltd. v. Accruit, LLC*, No. 18 CIV. 75, 2019 WL 1115054, at *4 (S.D.N.Y. Mar. 11, 2019) ("[T]he weight normally accorded to the plaintiff's choice of forum is diminished substantially where plaintiff has chosen a forum which is neither his home nor the place where the cause of action arose." (internal quotation marks and citation omitted)); *King*, 2019 WL 3428833, at *4  ("Ordinarily, the plaintiff's choice of forum is accorded great weight. . . . But the weight given to this factor is diminished where (1) the operative facts have little or no connection with the forum chosen by the plaintiff . . . or (2) where plaintiff's residence is not the chosen forum." (quotations and citations omitted)), *aff'd on other grounds*, 96 F.4th 546 (2d Cir. 2024).

In this case, none of the operative facts in Plaintiff's complaint arise in the Western District of New York.  *See Rue v. VMD Sys. Integrators Inc.*, No. 1:24-CV-00476 JLS (MJR), 2025 WL 88198, at *3 (W.D.N.Y. Jan. 14, 2025) ("To ascertain the locus of operative facts, 'courts look to the location where the relevant events occurred.'" (quoting *Charlot v. Ecolab, Inc.*, 12-CV-4543 (KAM)(VMS), 2018 WL 11427944, at *5 (E.D.N.Y. Mar. 23, 2018))).  Indeed, the only allegations in the entire complaint that pertain to New

York are those indicating that Defendants are domestic New York corporations with their corporate headquarters in Monroe County, New York. Every other factual allegation making up the substance of Plaintiff's discrimination claims concern conduct that took place in Georgia or another Southeastern United States location.

In addition, Defendants aver and Plaintiff does not contest that all of the relevant witnesses are residents of Georgia or other Southeastern states and the convenience of witnesses would thus favor the Northern District of Georgia forum. *See Reyes v. Div. of State Police*, No. 23-CV-2284 (KMK), 2023 WL 8097163, at *4 (S.D.N.Y. Nov. 21, 2023) ("Moreover, with regard to the convenience of the parties, Plaintiff would not suffer any inconvenience from a transfer to the Western district, as that is his home district."); *King*, 2019 WL 3428833, at *5 ("The convenience of the witnesses is generally considered the most important factor in deciding a motion to transfer venue." (quotation omitted)). Indeed, Plaintiff's complaint does not identify a single witness who is located within the Western District of New York. Likewise, the location of relevant documents and relative ease of access to sources of proof would presumably also be found in locations outside of New York State, and there is no information before the Court to suggest that the relative means of the parties would favor this forum. *See Reyes*, 2023 WL 8097163, at *4 ("Relatedly, as to the relative means of the parties, because the requested transfer is to Plaintiff's home district, Plaintiff fails to demonstrate any burden, financial or otherwise,

he may incur from the transfer.").  As a result, consideration of all of the convenience factors weighs in favor of transfer.

For all of these reasons, Plaintiff's forum choice is not entitled to deference and transfer is warranted in the interest of justice.  Defendants' motion to transfer is accordingly granted.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court grants Defendants' motion to transfer venue. (Dkt. 7).  The Clerk of Court is directed to transfer this matter to the United States District Court for the Northern District of Georgia.

SO ORDERED.


ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:          September 4, 2025
                Rochester, New York