**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

WALTER MILES,

              Plaintiff,

v.

LEWIS TREE SERVICE, INC., et. al.,

              Defendants.

Civil Action No. 4:25-cv-00244-WMR-JHR

**MOTION FOR LEAVE TO FILE AN AMENDED MOTION TO DISMISS AND FOR A STAY OF THE RULE 26(F) CONFERENCE AND RELATED REPORTS AND DISCLOSURES**

Defendants Lewis Tree Service, Inc. and Wilderness USA, Inc. (collectively, "Defendants") respectfully move the Court for: (1) leave to file an Amended Motion to Dismiss; and (2) a stay of their obligation to participate in a Rule 26(f) Conference and file a Rule 26(f) Report and Joint Discovery Plan (the "Motion").

In support of this Motion, Defendants state as follows:

1. On January 20, 2025, Plaintiff Walter Miles ("Plaintiff") filed a Complaint against Lewis Tree Service, Inc., Wilderness USA, Inc., and Billy McCollum in the United States District Court, Western District of New York, assigned Case No. 6:25-cv-06042-EAW, alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 (42 US.C. §§ 2000e *et seq.*) (hereinafter, "Title VII"), as well as discrimination and retaliation in violation of the

Georgia Fair Employment Practices Act (O.C.G.A. §§ 45-19-29 *et seq.*) (hereinafter, "FEPA"). Dkt. No. 1.

2.     On February 18, 2025, Defendants Lewis Tree Service, Inc. and Wilderness USA, Inc. filed a Motion to Dismiss and/or Transfer Venue. Dkt No. 7. In particular, Defendants requested dismissal of Plaintiff's Title VII retaliation and discrimination claims, as well as his discrimination and retaliation claims under FEPA. *See* Dkt. No. 7-1 at pp. 6-11. Defendants also moved the Court to transfer any remaining claims that were not dismissed to the Northern District of Georgia. *Id.* at. pp. 11-20.

3.     On March 12, 2025, Plaintiff filed a Notice of Voluntary Dismissal, dismissing his FEPA claims and all claims against Billy McCollum. *See* Dkt. No. 15. Plaintiff otherwise opposed the Motion to Dismiss and/or Transfer Venue. Dkt. No. 17.

4.     On September 4, 2025, the Court issued a Decision and Order, granting Defendants' Motion to Transfer Venue, transferring the action to this Court. Dkt. No. 20.  The Court, however, "defer[red] ruling on the motion to dismiss." *Id.* at 1.

5.     Thereafter, on September 5, 2025, this action was transferred to this Court. *See* Dkt. No. 21. On September 8, 2025, this Court issued an Order stating that the parties failed to meet the deadline to file a Joint Preliminary Report and

Discovery Plan and a Certificate of Interested Parties and Corporate Disclosure Statement. Dkt. No. 25.[1]

6.  On February 18, 2025, however, Defendants filed a Corporate Disclosure Statement. Dkt. No. 8. Defendants will file a Certificate of Interested Parties with this Motion.

7.  While Defendants' Motion to Transfer Venue was granted, and Plaintiff voluntarily dismissed his FEPA claims and all claims against Billy McCollum, Defendants still seek dismissal of Plaintiff's claims in his Complaint. In particular, Defendants seek dismissal of Plaintiff's Title VII retaliation and discrimination claims. Although the Western District of New York deferred decision on Defendants' Motion to Dismiss, the Order did not state whether the Western District of New York intended for this Court to rule on Defendants' previously filed Motion to Dismiss, or if Defendants would have the opportunity to refile the Motion to Dismiss, including with updated case law from the Eleventh Circuit.

8.  As this matter was transferred from the Second Circuit to the Eleventh Circuit, Defendants request the opportunity to file an Amended Motion to Dismiss which amended motion would include applicable case law from within the Eleventh

---

[1] The Court also directed the parties to comply with the Local Rules. *Id.* at p. 2.

Circuit. Defendants request permission to file an Amended Motion to Dismiss on or before September 30, 2025.

9.      Moreover, as Defendants intend to seek dismissal of Plaintiff's claims, Defendants request that all discovery in this matter be stayed pending decision on their Motion to Dismiss.

10.     Local Rule 16 directs the parties and their counsel to hold a Rule 26(f) conference within sixteen (16) days after the appearance of a defendant by answer or motion. *See* LR 16.1, NDGa. In addition, Federal Rules 16 and 26, and Local Rule 26, generally direct parties: (1) to develop a proposed discovery plan and scheduling order; (2) to file a proposed scheduling/discovery order; and (3) to submit initial disclosures within thirty (30) days after the appearance of a defendant by answer or motion. *See generally* Fed. R. Civ. P. 16, 26; LR 16.2, 26, NDGa. However, Local Rule 26 notes that the discovery period does not begin until 30 days after the appearance of the first defendant by answer (not motion) to the Complaint. *See* LR 26.2(A), NDGa.

11.     Due to (1) the time and expense that will be incurred by Defendants if they are required to undertake the obligations set out in Local Rules 16 and 26 before the Court rules on their Motion to Dismiss, and (2) the practical difficulty of all Parties agreeing to the scope of discovery and a discovery schedule when the claims in this action have yet to be determined, Defendants respectfully request that this

Court suspend the obligation to begin engaging in the discovery process under Federal Rules 16 and 26 and Local Rules 16 and 26 until it rules on Defendants' Motion to Dismiss. Defendants further respectfully request that this Court expressly confirm that no discovery be taken prior to the Court's ruling on said Motion to Dismiss and the appearance of both Defendants by answer (should it come to that).

12.     Accordingly, Defendants respectfully request that the Court issue an Order: (a) setting the deadline for Defendants to file an amended Motion to Dismiss by September 30, 2025; and (b) suspending the deadlines and requirements set forth in Federal Rules 16 and 26 and Local Rules 16 and 26; and (c) directing that, following decision on Defendants' pending Motion to Dismiss, should Plaintiff's claims remain, the parties shall confer regarding a discovery plan and proposed scheduling order within sixteen (16) days of that decision, and file a proposed scheduling/discovery order within fourteen (14) days thereafter. *See, e.g., Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins."); *Roberts v. Primestar Fund I Trs, Inc.*, No. 1:17-CV-01915-MHC, 2017 U.S. Dist. LEXIS 220494, at *1 (N.D. Ga. Aug. 4, 2017) (granting motion to stay discovery deadlines pending ruling on motion to dismiss); *Fed.*

*Deposit Ins. Corp. v. Patel*, No. 1:13-CV-0382-CC, 2014 U.S. Dist. LEXIS 198730, at *1 (N.D. Ga. May 27, 2014) (same).

For the Court's convenience, a proposed Order granting this Motion is attached hereto.

Dated:  September 18, 2025

*/s/ Dominique F. Saint-Fort*

Dominique F. Saint-Fort, Bar No. 526306
dsaintfort@littler.com
LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E.
Suite 1200
Atlanta, Georgia 30326.1127
Telephone:   404.233.0330
Facsimile:   404.233.2361

Jessica F. Pizzutelli, Bar No. 5278296
*Pro Hac Vice Admission Granted*
jpizzutelli@littler.com
LITTLER MENDELSON, P.C.
375 Woodcliff Drive
Suite 2D
Fairport, New York 14450
Telephone:  585.203.3400
Facsimile:   585.203.3414

Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 19, 2025, I electronically filed the foregoing using the Court's ECF system, which will automatically generate notice to counsel of record for all other parties to the action as follows:

Emanuel Kataev, Esq.
68-29 Main Street
Flushing, NY  11367
mail@emanuelkataev.com

Uri Horowitz, Esq.
14441 70th Road
Flushing, NY 11367
Abdullah Law, P.C.
Uri@Horowitzlawpllc.com

*Attorneys for Plaintiff*

*/s/Dominique F. Saint-Fort*

Dominique F. Saint-Fort
Attorney for Defendant