## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

WALTER MILES,

                Plaintiff,

v.

LEWIS TREE SERVICE, INC., et. al.,

                Defendants.

Civil Action No. 4:25-cv-00244-WMR-JHR

### MEMORANDUM OF LAW IN SUPPORT OF
### DEFENDANTS' AMENDED PARTIAL MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b), Defendants Lewis Tree Service, Inc. ("Lewis Tree") and Wilderness USA, Inc. ("Wilderness," and collectively with Lewis Tree, "Defendants") by and through counsel, respectfully submit this amended motion to dismiss[1] Plaintiff Walter Miles's ("Plaintiff") claims of: (1) retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.* as against Lewis Tree and Wilderness; (2) race discrimination under Title VII as against Wilderness; and (3) race discrimination

---

[1] As detailed below, Defendants previously filed a partial motion to dismiss Plaintiff's Complaint in the United States District Court, Western District of New York. As this action has been transferred to this Court, Defendants submit this amended partial motion to dismiss to update the controlling authority from Second Circuit case law to Eleventh Circuit case law.

claims predating April 16, 2023 under Title VII as against Lewis Tree, for failure to state a claim upon which relief can be granted.

## I.    INTRODUCTION AND PROCEDURAL HISTORY

On January 20, 2025, Plaintiff Walter Miles ("Plaintiff") filed a Summons and Complaint in the United States District Court, Western District of New York, assigned Case No. 6:25-cv-06042-EAW, against Lewis Tree Service, Inc., Wilderness USA, Inc., and Billy McCollum alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e *et seq.*) (hereinafter, "Title VII"), as well as discrimination and retaliation in violation of the Georgia Fair Employment Practices Act (O.C.G.A. §§ 45-19-29 *et seq.*) (hereinafter, "FEPA"). Dkt. No. 1. On February 18, 2025, Defendants filed a Motion to Dismiss and/or Transfer Venue, seeking dismissal of Plaintiff's Title VII retaliation and discrimination claims, as well as his discrimination and retaliation claims under FEPA. *See* Dkt. No. 7-1 at pp. 6-11. Defendants also moved the Court to transfer any remaining claims that were not dismissed to the Northern District of Georgia. *Id.* at. pp. 11-20.

On March 12, 2025, Plaintiff filed a Notice of Voluntary Dismissal, dismissing his FEPA claims and all claims against Billy McCollum. *See* Dkt. No. 15. Plaintiff otherwise opposed the Motion to Dismiss and/or Transfer Venue. Dkt.

No. 17. At this point, the only claims that remained in the case were Plaintiff's Title VII discrimination and retaliation claims against Lewis Tree and Wilderness.

On September 4, 2025, the Court issued a Decision and Order, granting Defendants' Motion to Transfer Venue, transferring the action to this Court. Dkt. No. 20. The Court did not rule on Defendants' motion to dismiss, instead stating that it "defer[red] ruling on the motion to dismiss." *Id.* at 1. Thereafter, on September 5, 2025, this action was transferred to this Court. *See* Dkt. No. 21.

Defendants now submit this amended motion to dismiss Plaintiff's remaining Title VII retaliation claim (in whole) and Title VII race discrimination claim (in whole, as to Wilderness, and in part, as to Lewis Tree). Specifically, Plaintiff's EEOC Charge did not contain any Title VII retaliation claim. In fact, Plaintiff's EEOC Charge makes no reference to his participation in any protected activity and does not contain any allegation that he was retaliated against for engaging in any such activity. Additionally, Plaintiff's EEOC Charge does not include any Title VII discrimination claim relating to events that occurred prior to April 2022, and regardless, any events that occurred prior to April 16, 2023 are unequivocally time barred. Moreover, Plaintiff did not identify Wilderness as a Respondent in his EEOC Charge. Accordingly, Plaintiff failed to exhaust his administrative remedies with respect to his Title VII retaliation claim and his Title VII discrimination claim, as to (1) Wilderness in general, and (2) any events pre-dating April 16, 2023. This Court

should therefore dismiss Plaintiff's Title VII retaliation claim and his discrimination claim to the extent it relies on time-barred and unexhausted claims.

## II.    FACTUAL AND PROCEDURAL BACKGROUND[2]

### A.    Plaintiff's EEOC Charge.

Plaintiff alleges that he filed an administrative charge of discrimination with the EEOC after his separation from Lewis Tree. *Id.* ¶ 25. Plaintiff's Charge contains the following allegations:

> I was rehired by the above-named employer in April 2022, as a General Laborer. My most recent title was General Forman. During my employment, Billy McCullum [sic.], Manager, harassed me in that he slandered me, he had customers and co-workers calling me racist, and he had employees sabotage my equipment. Mr. McCullum [sic.] said I was a General Foreman with an all black crew, and that doesn't look right. On August 8, 2023, I was terminated.

> Mr. McCullum [sic.] told me he could not use me anymore. He said he does not like the way I do my work.

EEOC Charge, attached as Ex. A.[3] The EEOC Charge states that the "Earliest" date of alleged discrimination was "04/01/2022," and the "Latest" date of alleged

---

[2] In accordance with Fed. R. Civ. P. 12(b)(6), and for purposes of this Motion only, Defendants assume that the allegations in Plaintiff's Complaint are true. However, nothing cited herein is or should be construed as an admission by Defendants.

[3] Plaintiff's Complaint specifically alleges that he filed a Charge of Discrimination with the EEOC. As such, Defendants annex Plaintiff's Charge of Discrimination to this motion as Exhibit A. *See Atl. Specialty Ins. Co. v. City of Coll. Park*, 319 F. Supp. 3d 1287, 1292 (N.D. Ga. 2018) (explaining that court may consider documents central to the plaintiff's claim as well as publicly filed documents without converting the motion to one for summary judgment); *Woodson v. Corning*, No. 1:18-CV-1048-LMM-JSA, 2018 U.S. Dist. LEXIS 249574, at *8-9 (N.D. Ga. Nov. 30, 2018).

discrimination was "08/08/2023." *Id.*

Based on those allegations (which Defendants vigorously dispute), Plaintiff alleged that he was "discriminated against because of my race (African-American) in violation of Title VII of the Civil Rights Act of 1964, as amended." *Id.* Critically, Plaintiff's EEOC Charge does not allege that he engaged in ***any*** protected activity or otherwise complained/reported ***any*** allegedly improper or discriminatory conduct to his employer prior to the termination of his employment in August 2023. *Id.* Plaintiff's EEOC Charge also does not allege any retaliation claim under Title VII. *Id.* In fact, the EEOC Charge contains no reference to any form of retaliation or any facts which allude to, let alone outright identifies or describes, Plaintiff's involvement in protected activity and any subsequent adverse employment action taken as a result of the same. According to the Complaint, Plaintiff received a Notice of the Right to Sue from the EEOC on or about October 22, 2024. *Id.* ¶ 26.

### B.    The Allegations in Plaintiff's Federal Court Complaint.

Plaintiff was initially hired by Lewis Tree in May 2014 as a General Foreman in the "utility vegetation management team known as Division 34." Dkt. No. 1, ¶ 28. He alleges that he worked primarily in Montgomery, Alabama, but often traveled to other states to fulfill his job duties, and in 2016 was moved to Tuscaloosa, Alabama. In 2017, he met Billy McCollum, who became his supervisor. *Id.* ¶¶ 32-34, 36. After he started reporting to Mr. McCollum, Plaintiff informed him that the tree trimming

equipment his team was using was damaged, but he allegedly did not address the issue. *Id.* ¶¶ 36-37. Plaintiff claims that when a member of his team was injured by the tree trimmer, Mr. McCollum blamed Plaintiff and his team for the incident. *Id.* ¶¶ 37-38. Plaintiff alleges that, thereafter, he "received an email from Defendant" – but does not identify the sender – requesting that he prepare the equipment to be sent to salvage, a task Plaintiff states was outside his usual job duties. *Id.* ¶¶ 39-40. Plaintiff claims that when Mr. McCollum observed him preparing the tree trimmer for transport, Mr. McCollum accused him of stealing equipment, which Plaintiff conclusorily alleges must be attributed to his race. *Id.* ¶¶ 41-43. Plaintiff further alleges that on or about July 20, 2017, Mr. McCollum accused him of speeding and driving recklessly in a company car. *Id.* ¶ 44. Plaintiff states that he "had to" provide records of local speed limits to prove he wasn't speeding. *Id.* ¶ 45. Plaintiff admits he was ultimately cleared of any wrongdoing. *Id.* ¶ 46. He contends that he is unaware of any of his non-Black co-workers being accused of similar behavior. *Id.* ¶ 47.

Plaintiff alleges that he requested to transfer to another location. *Id.* ¶ 48. He contends that he was then "overlooked for promotions to the role of supervisor" despite his exemplary work but does not contend that there was a vacancy for a supervisor position, or that he applied for that promotion. *Id.* ¶ 49. In February 2019, Plaintiff states that he informed a Manager – known only to him as Daniel – and a

supervisor that "he could no longer tolerate the treatment he was being subjected to" and felt he had to end his employment with Defendant. *Id.* ¶ 51. In May 2019, however, he was offered a chance to transfer his employment to Wilderness USA, which he accepted. *Id.* ¶¶ 51-52. In March 2020, Plaintiff claims he was transferred back to Lewis Tree in Nashville, Tennessee, and contends he was promised that he would not be supervised by Mr. McCollum. *Id.* ¶ 55. After returning to Lewis Tree, in June 2020, Plaintiff contends that he filed a complaint against Mr. McCollum alleging racial discrimination, contending "all Black employees were similarly treated in a negative way under [Mr. McCollum's] supervision." *Id.* ¶ 56.

In May 2021, Plaintiff alleges that he expressed frustration to Daniel and another Supervisor that he and other African American crew members had not been offered opportunities for advancement. *Id.* ¶¶ 59-60. Plaintiff ended his employment with Lewis Tree in May 2021. *Id.* ¶ 61. He, however, returned to Lewis Tree in March 2022 to work as a Crew Leader in Georgia. *Id.* ¶ 63. In February 2023, he contends that Daniel asked him to travel to Mississippi to assist Mr. McCollum with a project. *Id.* ¶ 65. He claims that he objected, but "nonetheless took his duties seriously." *Id.* ¶ 66.

Plaintiff alleges that in April 2023, when he arrived in Mississippi, the equipment was in disrepair and unsafe to use. *Id.* ¶ 67. He contends that a crew member named "Dustin" informed him that before Plaintiff's arrival the equipment

was working but was swapped out for broken and unsafe equipment when Plaintiff arrived. *Id.* ¶ 68. Plaintiff contends without any support that the only reason Mr. McCollum "did this" was because of Plaintiff's race. *Id.* ¶ 69.

In June 2023, Plaintiff contends that a General Foreman, Micheal Allison started a physical altercation with him. *Id.* ¶ 71. On June 29, 2023, during a meeting to discuss the incident, Plaintiff was blamed for starting the altercation and his attempts to explain were ignored. *Id.* ¶¶ 72-73. During that meeting, Plaintiff alleges that Mr. McCollum stated: "Walter, you a [sic.] Black man and it does not look right for you to be in such a position. People like you should not be in a position like that." *Id.* ¶¶ 74-75. Plaintiff then claims that on July 12, 2023, Mr. McCollum told him that other Lewis Tree employees filed claims with the EEOC before "due to his actions," but they had all failed, which Plaintiff claims was meant to intimidate him. *Id.* ¶ 76.

On July 25, 2023, Plaintiff states he informed Mr. McCollum that he would be absent on August 2, 2023 to enroll his children in school. *Id.* ¶ 77. On July 26, 2023, Plaintiff claims that Mr. McCollum subjected him to "incessant profane language and yelling in a racial tirade." *Id.* ¶ 78. Plaintiff claims he reached out to Daniel on the same date requesting a transfer. *Id.* ¶ 79. He alleges that Daniel denied his request and "threatened Plaintiff to not complain about [Mr. McCollum's] discriminatory treatment anymore." *Id.* ¶ 80. In August 2023, Plaintiff contends that he was informed by an unidentified person that "people of Plaintiff's race should not

be in positions of authority." *Id.* ¶ 81. On August 4, 2023, Plaintiff claims Mr.

McCollum called him stating that his employment was terminated. *Id.* ¶ 84.

## III.   LEGAL STANDARD

Under Rule 12 of the Federal Rules of Civil Procedure, a complaint must be

dismissed if it "fail[s] to state a claim upon which relief can be granted." Fed. R.

Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 570 (2007)). This standard has two components. *Iqbal*, 556

U.S. at 678. "First, the tenet that a court must accept as true all of the allegations

contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Id.* Second, a complaint must state "a plausible claim for relief" in order to

survive a motion to dismiss. *Id.* at 679.

Accordingly, a claim may proceed only where a plaintiff pleads "factual

content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id.* at 678 ("[T]he pleading standard Rule 8

announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-

me accusation."). "[W]hen the allegations in a complaint, however true, could not

raise a claim of entitlement to relief, this basic deficiency should be exposed at the

point of minimum expenditure of time and money by the parties and the court."
*Twombly*, 550 U.S. at 558 (internal citation omitted). A plaintiff's failure to exhaust administrative remedies may be raised in a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. *See e.g.*, *Woodson v. Corning*, No. 1:18-CV-1048-LMM-JSA, 2018 U.S. Dist. LEXIS 249574, at *11-169 (N.D. Ga. Nov. 30, 2018) (dismissing complaint, pursuant to Rule 12(b)(6), for failure to exhaust administrative remedies). Similarly, "courts may address a statute of limitations defense on a Rule 12(b)(6) motion when it is apparent from the face of the complaint that the claim is time-barred." *Canevaro v. Wolf*, 540 F. Supp. 3d 1235, 1240 (N.D. Ga. 2021); *Cole v. Christopher Young*, No. 1:24-cv-1897-MHC-JKL, 2024 U.S. Dist. LEXIS 203983, at *26 (N.D. Ga. Nov. 8, 2024).

## IV. LEGAL ARGUMENT

### A. Plaintiff Failed to Exhaust His Administrative Remedies as to His Title VII Retaliation Claim, Requiring Dismissal of that Claim.

Plaintiff's Complaint asserts a claim for retaliation under Title VII. However, Plaintiff did not advance any such claim in his EEOC Charge. As such, Plaintiff's retaliation claim should be dismissed for failure to exhaust his administrative remedies.

Under Title VII, a plaintiff must exhaust their administrative remedies by filing a charge of discrimination with the EEOC before pursuing a retaliation claim. *See Hicks-Washington v. Hous. Auth. of the City of Fort Lauderdale*, 803 F. App'x

295, 300 (11th Cir. 2020); *Reed v. Winn Dixie, Inc.*, 677 F. App'x 607, 609 (11th Cir. 2017). Consequently, a plaintiff's judicial complaint is limited by the scope of the EEOC investigation which could reasonably be expected to grow out of the charge of discrimination. *See Ellison v. Postmaster Gen., United States Postal Serv.*, No. 20-13112, 2022 U.S. App. LEXIS 27555, at *23 (11th Cir. Oct. 3, 2022). A plaintiff's failure to allege a claim of retaliation in their EEOC Charge is fatal to her later-filed retaliation claim in federal court. *See Duncan v. Wesley Woods Senior Living*, No. 17 CV 0898 (MHC)(JSA), 2017 U.S. Dist. LEXIS 232135, at *11 (N.D. Ga. June 13, 2017), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 23261 (N.D. Ga. July 17, 2017) (dismissing plaintiff's Title VII retaliation claim for failure to exhaust administrative remedies where she did not assert a retaliation claim in her EEOC Charge).

Here, Plaintiff's EEOC Charge makes no mention of a retaliation claim and does not identify any facts that would permit an EEOC investigator to investigate a claim of retaliation. In his Complaint, Plaintiff alleges that he was terminated within days of his most recent complaint of discrimination. *See* Dkt. No. 1, ¶¶ 85, 104-108. Plaintiff had been terminated at the time he filed his EEOC Charge, and he does not allege any acts of retaliation post-termination. Thus, Plaintiff's allegations of retaliation are limited to acts that pre-date his termination, and thus, could have been included in his post-termination EEOC Charge (but were not). *See also, e.g., Gregg*

*v. McDonough*, No. CV 422-114, 2023 U.S. Dist. LEXIS 58538, at *25-26 (S.D. Ga. Feb. 9, 2023) (holding "failure to… exhaust [] retaliation claim is grounds for dismissal," and Plaintiff's "claim of retaliation cannot be said to have reasonably grown from the discrimination charge" and "should have been brought to the agency before she filed her case in court."), *report and recommendation adopted by*, 2023 U.S. Dist. LEXIS 56710 (S.D. Ga., Mar. 31, 2023).

Moreover, the EEOC Charge itself contains none of the hallmarks of a Title VII retaliation claim. *Johnson v. Miami-Dade Cty.*, 948 F.3d 1318, 1325 (11th Cir. 2020) (To establish a *prima facie* case of retaliation, a plaintiff must show: (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there is a causal connection between the two events). Here, Plaintiff does not allege that he engaged in any protected activity or that Lewis Tree was aware he engaged in such activity. The EEOC Charge also does not allege that Lewis Tree took any adverse action **because of** Plaintiff's participation in any potentially protected activity. Indeed, **none** of the allegations in the Complaint which **could be** relied upon to support a Title VII retaliation claim are included in Plaintiff's EEOC Charge. (*Compare* Dkt. No. 1, *with* Ex. A).

Accordingly, because Plaintiff failed to mention retaliation in his EEOC Charge or allege facts that would lead to investigation of such a claim, Plaintiff failed to exhaust his administrative remedies as to that claim. *See Pierre-Louis v. Fayette*

*Cmty. Hospital*, No. 19 CV 178 (TCB), 2020 U.S. Dist. LEXIS 254810, at *6 (N.D. Ga. Aug. 4, 2020) (dismissing the plaintiff's Title VII retaliation claim for "failing to allege facts in her EEOC charge that would relate to . . .[a] Title VII retaliation claim."). Accordingly, Plaintiff failed to exhaust his administrative remedies to advance a claim of retaliation under Title VII and that claim should be dismissed in its entirety.

### B. Plaintiff's Claims Relating To Any Actions Taken Prior to April 16, 2023 Are Time-Barred.

Plaintiff's Complaint includes allegations of discrimination dating back to 2017. Plaintiff's EEOC Charge – filed on October 13, 2023 – however, only includes allegations dating back to April 2022. *See* Ex. A. Given the date on which Plaintiff filed his EEOC Charge, any allegations prior to April 16, 2023 are untimely and cannot form the basis for his Title VII discrimination claim.

To obtain judicial consideration of a Title VII discrimination claim, "an employee in a non-deferral state such as Georgia [must] exhaust administrative remedies by filing a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment practice" *Fortson v. Carlson*, 618 F. App'x 601, 605 (11th Cir. 2015); *see* 42 U.S.C. § 2000e-5(e)(1); *Cole v. Christopher Young*, No. 1:24-cv-1897-MHC-JKL, 2024 U.S. Dist. LEXIS 203983, at *26 (N.D. Ga. Nov. 8, 2024) (dismissing plaintiff's Title VII discrimination claims that predate 180 days prior to the filing of his EEOC Charge); *Mitchell v. Wellstar Health Sys., Inc.*, No.

13

1:21-cv-01149-TCB-CMS, 2021 U.S. Dist. LEXIS 268474, at *6-10 (N.D. Ga. Nov. 10, 2021) (holding that Plaintiff's Title VII discrimination claims based on acts that occurred outside of the 180-day filing period are time-barred.) Indeed, the Atlanta District Office of the EEOC provides this information to Georgia workers on its website. *See* https://www.eeoc.gov/field-office/atlanta/timeliness ("[A]n individual has 180 days from the date of alleged harm to file a charge with this office against an employer with 15 or more employees for discrimination based on race.").

Here, Plaintiff filed his EEOC Charge on October 13, 2023. *See* Ex. A. Thus, the relevant time period for this action is limited to 180 days before October 13, 2023, or April 16, 2023. Plaintiff's EEOC Charge states that he was rehired by Lewis Tree in April 2022, and during his employment – on unidentified dates—he was harassed, slandered, called racist and employees sabotaged equipment. *See id.* His employment was then terminated on August 8, 2023. *See id.* Plaintiff's Complaint, however, contains a significant number of allegations that are time-barred, and also not mentioned in his EEOC Charge. All of those allegations are subject to dismissal. This includes the following allegations:

- handling damaged equipment and allegedly being accused of stealing said equipment in 2017 (Dkt. No. 1, ¶¶ 34-43);

- being accused of speeding and driving recklessly in a company vehicle (*id.* ¶¶ 44-47);

- complaining of certain "treatment" in 2019 (*id.* ¶ 51);

- complaining of discrimination in 2020 (*id.* ¶ 56); and

- expressing frustration that he and other African-American crew members were not offered opportunities for advancement in May 2021 (*id.* ¶ 59).

Accordingly, for the reasons set forth above, all of Plaintiff's claims pre-dating April 16, 2023 should be dismissed and cannot form the basis of his Title VII discrimination claim. *See Cole*, 2024 U.S. Dist. LEXIS 203983, at *26; *Mitchell*, 2021 U.S. Dist. LEXIS 268474, at *6-10.

### C. Plaintiff's Claims Against Wilderness Should Be Dismissed.

Plaintiff advances his race discrimination and retaliation claims in his Complaint against Wilderness. However, Plaintiff failed to file an EEOC Charge naming Wilderness a Respondent and therefore failed to exhaust his administrative remedies to advance a claim as against Wilderness.

As detailed above, to file a civil action under Title VII against an employer, the plaintiff must first exhaust their administrative remedies by presenting those claims to the EEOC. *See Hicks-Washington*, 803 F. App'x 295, 300 (11th Cir. 2020). Here, Plaintiff filed an EEOC Charge naming Lewis Tree as the Respondent, but did not identify or mention Wilderness. *See* Ex. A. The general rule is that "a party not named in the EEOC charge cannot be sued in a subsequent civil action" under Title VII. *Lewis v. Asplundh Tree Expert Co.,* 402 F. App'x 454, 456 (11th Cir. 2010).

That naming precondition "serves to notify the charged party of the allegation and allows the party an opportunity to participate in conciliation and voluntarily comply with the requirements of Title VII." *Id.* An exception to the general rule, however, exists where "doing so fulfills the purposes of the Title VII." *Id.* In making that determination the Court considers several factors:

> (1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was  filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation [sic] process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings.

*Id.* at 456-457.

Plaintiff's allegations in his Complaint indicate that Lewis Tree and Wilderness are separate entities. Specifically, Plaintiff alleges that he left his employment with Lewis Tree in February 2019 and began working with Wilderness in May 2019. *See* Dkt. No. 1, ¶¶ 51-52. Thereafter, Plaintiff returned to Lewis Tree in March 2020, and ended that employment again May 2021. *See id.* ¶¶ 55, 61. Plaintiff then returned to Lewis Tree again in March 2022. *See id.* ¶ 63. This back and forth between Lewis Tree and Wilderness clearly indicate the separation between these companies. While Plaintiff alleges – incorrectly – that Lewis Tree was a joint employer with Wilderness because of an alleged contractual relationship (*see* Dkt. 1, at 13), that allegation does not support a conclusion that there is a

similarity of interest between Lewis Tree and Wilderness. *See Lewis,* 402 F. App'x at 457 (holding that "there [was] no similarity of interest between the City [of Gainesville] and Asplundh" where "[a] short term contractual relationship was the only legal relationship between Asplundh—a private contractor and [plaintiff's] employer—and the City.").

Moreover, the Complaint does not provide any information to conclude that Wilderness was aware of Plaintiff's EEOC Charge. This is especially significant where Plaintiff was clearly aware of the existence of Wilderness at the time of the filing of his EEOC Charge, given his past employment by Wilderness. Plaintiff has not plead that Wilderness was aware of his EEOC Charge or had notice such that it could participate in a conciliation process. *See generally* Dkt. 1. Further, permitting this action to proceed against Wilderness following its exclusion from the EEOC proceeding will result in prejudice, as Wilderness was unable to engage in the early investigation into Plaintiff's claims at the time of the filing of his Charge or participate in any conciliation efforts. As such, the consideration of the aforementioned factors clearly supports the conclusion that Wilderness as an unnamed party to Plaintiff's EEOC Charge cannot be sued in this action. *See Youman v. Cobb Cty.*, No. 1:23-CV-04377-ELR-JEM, 2025 U.S. Dist. LEXIS 22728, at *12-15 (N.D. Ga. Feb. 7, 2025) (dismissing the plaintiff's claims against Cobb County for failure to name the County as a Respondent in his EEOC Charge).

Moreover, even assuming that this action could proceed against Wilderness despite it not being named as a Respondent in Plaintiff's EEOC Charge – which it should not – Plaintiff's claims regarding his employment with Wilderness are time-barred. Plaintiff contends that he worked for Wilderness between May 2019 and May 2021. *See* Dkt. No. 1, ¶¶ 51-52, 55. As detailed in Point I(B), *supra*, Plaintiff's allegations predating April 16, 2023 are untimely because he filed his EEOC Charge on October 13, 2023. *See* Ex. A. Thus, any claims predating 180-days prior to that filing date – April 16, 2023 – are considered untimely. *See Cole*, 2024 U.S. Dist. LEXIS 203983, at *26.

In sum, all claims against Wilderness should be dismissed due to Plaintiff's failure to exhaust his administrative remedies and because they are time-barred.

## V.    CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court dismiss:

- Plaintiff's Title VII discrimination claim in its entirety against Wilderness (*see* Dkt. No. 1, ¶¶97-103 (Count 1))

- Plaintiff's Title VII discrimination claim against Lewis Tree to the extent it relies on time-barred allegations (*see* Dkt. No. 1, ¶¶97-103 (Count 1)); and

- Plaintiff's Title VII retaliation claim in its entirety as asserted against both Defendants (*see* Dkt. No. 1, ¶¶104-108 (Count 2)).

18

Dated:  October 14, 2025

/s/ Dominique F. Saint-Fort

Dominique F. Saint-Fort, Bar No. 526306
dsaintfort@littler.com
LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E.
Suite 1200
Atlanta, Georgia 30326.1127
Telephone:  404.233.0330
Facsimile:   404.233.2361

Jessica F. Pizzutelli, Bar No. 5278296
*Pro Hac Vice Admission Granted*
jpizzutelli@littler.com
LITTLER MENDELSON, P.C.
375 Woodcliff Drive
Suite 2D
Fairport, New York 14450
Telephone:  585.203.3400
Facsimile:   585.203.3414

Attorneys for Defendants

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 7.1 of the Local Civil Rules for the Northern District of Georgia, the undersigned hereby certifies that this pleading has been prepared in compliance with Local Rule 5.1(C).


*/s/ Dominique F. Saint-Fort*
Dominique F. Saint-Fort

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 14, 2025, I electronically filed the foregoing using the Court's ECF system, which will automatically generate notice to counsel of record for all other parties to the action.

*/s/Dominique F. Saint-Fort*
Dominique F. Saint-Fort
Attorney for Defendant