IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| WALTER MILES,<br><br>    Plaintiff,<br><br>  v.<br><br>LEWIS TREE SERVICE, INC., et al.,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br><br>4:25-CV-00244-WMR-JHR |

**NON-FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on the Court's own Motion and on the defendants' Amended Partial Motion to Dismiss [33].

On January 20, 2025, the plaintiff filed a Complaint [1] in the United States District Court for the Western District of New York, alleging that his former employers, Lewis Tree Service, Inc., and Wilderness USA, Inc., and supervisor Billy McCollum discriminated against him on the basis of race and retaliated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Georgia Fair Employment Practice Act, O.C.G.A. § 45-19-29 et seq.  On March 12, 2025, the plaintiff voluntarily dismissed [15] his Georgia

FEPA claims and Mr. McCollum, leaving only his Title VII claims against Lewis Tree Service and Wilderness USA pending.

On September 4, 2025, the United States District Court for the Western District of New York transferred [20, 21] the case to this Court.  On September 5, 2025, the Clerk notified [22, 23, 24] all counsel who had made an appearance but were not admitted to this Court's bar of Local Rule 83.1, which requires such counsel to be admitted <u>pro hac vice</u> and to obtain local counsel.  Defense counsel complied [27], while the plaintiff's counsel did not.

On October 14, 2025, the defendants filed an Amended Partial Motion to Dismiss [33], seeking to dismiss the majority of the plaintiff's Title VII claims for failure to exhaust administrative remedies, but conceding that he could proceed on his Title VII claim alleging race discrimination after April 16, 2023 against Lewis Tree Service only.  The plaintiff failed to respond to that Motion.

Therefore, on November 3, 2025, the Court directed [34] the plaintiff and his counsel to determine their course of action as to his representation in this case and also directed the plaintiff to explain why the defendants' Motion should not be granted and the claims at issue dismissed.  <u>See</u> N.D. Ga. Civ. R. 7.1(B) ("Failure to file a response shall indicate that there is no opposition to the motion.").

The undersigned **REPORTS** that the plaintiff and his counsel have failed to comply with the Clerk's Notice and the Court's November 3, 2025 Order. Likewise, the plaintiff has proffered no opposition to the defendants' Amended Partial Motion to Dismiss and the undersigned **REPORTS** that the arguments set forth in their brief [33-1] seeking dismissal of all but the plaintiff's Title VII claims against Lewis Tree Service occurring after April 16, 2023 are meritorious. Accordingly, the undersigned **RECOMMENDS** that the Court **GRANT** the defendants' Amended Partial Motion to Dismiss [33] as unopposed.

The Court **DIRECTS** the plaintiff's counsel to provide this Non-Final Report and Recommendation to their client and **DIRECTS** the Clerk to mail this document to the plaintiff directly at: Walter Miles, P.O. Box 2227, Cartersville, GA 30121. The plaintiff is **CAUTIONED** that his attorneys have failed to comply with the Clerk's Notice and therefore they "must either (1) file a motion to withdraw and identify therein the attorney who will represent the party or (2) file a notice of substitution of counsel." (<u>See</u> Notice of Sept. 5, 2025 [22, 23].) Thus, the plaintiff must either retain an attorney who meets or is willing to comply with the Court's admission requirements or represent himself <u>pro se</u>. The plaintiff is **DIRECTED** to respond to the Court as to his course of action on or before December 8, 2025.

**SO RECOMMENDED**, this 1st day of December, 2025.

_____
JOHN H. RAINS IV
UNITED STATES MAGISTRATE JUDGE