## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

WALTER MILES,

                    Plaintiff,

v.

LEWIS TREE SERVICE, INC., et. al.,

                    Defendants.

Civil Action No. 4:25-cv-00244-WMR-JHR

## ANSWER TO COMPLAINT AND
## AFFIRMATIVE AND OTHER DEFENSES

Defendant Lewis Tree Service, Inc. ("Lewis Tree" or "Defendant")[1], by and through its undersigned counsel, Littler Mendelson, P.C., hereby files its Answer and Affirmative and Other Defenses to Plaintiff Walter Miles' ("Plaintiff") Complaint.

## RESPONSE TO
## "PRELIMINARY STATEMENT & NATURE OF THE ACTION"

1.     Responding to Paragraph 1 of the Complaint, Defendant admits only that Plaintiff's original Complaint purported to allege causes of action against Lewis Tree Service, Inc., Wilderness USA, Inc., and Billy McCollum. Defendant further

---

[1] All other Defendants named in the Complaint were dismissed from this case. *See* ECF Dkt. Nos. 15 and 37.

answers that, since filing the Complaint, Plaintiff voluntarily dismissed certain claims against Lewis Tree and Wilderness, and all claims against Billy McCollum. *See* ECF Dkt. No. 15. In addition, since filing the Complaint, this Court dismissed certain claims against Lewis Tree, and all claims against Wilderness. *See* ECF Dkt. No. 37. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 1 of the Complaint.

2.    Defendant denies the allegations in Paragraph 2 of the Complaint. Defendant further answers that, since filing the Complaint, Plaintiff voluntarily dismissed his claims of discrimination and retaliation under the Georgia Fair Employment Practices Act, O.C.G.A. §§ 45-19-29, *et seq. See* ECF Dkt. No. 15. Additionally, since filing the Complaint, this Court dismissed Plaintiff's Title VII discrimination claims against Wilderness and all claims predating April 16, 2023. *See* ECF Dkt. No. 37.

3.    Defendant denies the allegations in Paragraph 3 of the Complaint. Defendant further answers that, since filing the Complaint, Plaintiff voluntarily dismissed his claims of discrimination and retaliation under the Georgia Fair Employment Practices Act, O.C.G.A. §§ 45-19-29, *et seq. See* ECF Dkt. No. 15. Additionally, since filing the Complaint, this Court dismissed Plaintiff's retaliation claim under Title VII. *See* ECF Dkt. No. 37

4.      Responding to Paragraph 4 of the Complaint, Defendant admits only that Plaintiff's Complaint purportedly seeks compensatory damages, punitive damages, attorneys' fees, back pay, front pay, emotional distress damages, and equitable relief, but denies that Plaintiff is entitled to any relief whatsoever. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

## RESPONSE TO "PARTIES"

5.      Upon information and belief, Defendant admits the allegations in Paragraph 5 of the Complaint.

6.      Responding to Paragraph 6 of the Complaint, Defendant admits only that Plaintiff was rehired by Lewis Tree in March 2022 and his employment with Lewis Tree ended on August 4, 2023. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

7.      Defendant admits the allegations in Paragraph 7 of the Complaint.

8.      Defendant admits the allegations in Paragraph 8 of the Complaint.

9.      Paragraph 9 states a legal conclusion to which no response is required by Defendant. To the extent a response is required, Defendant does not dispute that Lewis Tree employed Plaintiff.

10.     Paragraph 10 relates to a party that was dismissed from this case. Therefore, no response is required. To the extent a response is required, Defendant

refs Plaintiff to publicly-available records regarding Wilderness USA, Inc.'s place of incorporation.

11.    Paragraph 11 relates to a party that was dismissed from this case. Therefore, no response is required. To the extent a response is required, Defendant refers Plaintiff to publicly-available records regarding Wilderness USA, Inc.'s place of incorporation and offices where it does or did business.

12.    Paragraph 12 states a legal conclusion to which no response is required by Defendant. Paragraph 12 also relates to a party that was dismissed from this case. Therefore, no response is required. To the extent a response is required, Defendant denies that Wilderness employed Plaintiff during any relevant time period.

13.    Paragraph 13 states a legal conclusion to which no response is required by Defendant. Paragraph 13 also relates to a party that was dismissed from this case. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 13.

14.    Paragraph 14 states a legal conclusion to which no response is required by Defendant. Paragraph 14 also relates to a party that was dismissed from this case. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 14.

15.    Paragraph 15 states a legal conclusion to which no response is required by Defendant. Paragraph 15 also relates to parties that were dismissed from this case.

Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 15 of the Complaint.

16.    Paragraph 16 states a legal conclusion to which no response is required by Defendant. Paragraph 16 also relates to parties that were dismissed from this case. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 16 of the Complaint.

17.    Responding to Paragraph 17 of the Complaint, Defendant admits only that Billy McCollum was employed by Lewis Tree as a manager/supervisor. Defendant further answers that, since filing the Complaint, Plaintiff voluntarily dismissed all claims against Billy McCollum. *See* ECF Dkt. No. 15. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

18.    Responding to Paragraph 18 of the Complaint, Defendant admits only that Billy McCollum was employed by Lewis Tree as a manager/supervisor. Defendant further answers that, since filing the Complaint, Plaintiff voluntarily dismissed all claims against Billy McCollum. *See* ECF Dkt. No. 15. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 18 of the Complaint.

## RESPONSE TO "JURISDICTION, VENUE, AND EXHAUSTION OF ADMINISTRATIVE REMEDIES"

19.     Paragraph 19 states a legal conclusion to which no response is required by Defendant. To the extent a response is required, Defendant does not dispute that this Court has subject matter jurisdiction over this action.

20.     Paragraph 20 states a legal conclusion to which no response is required by Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 20 of the Complaint. Defendant further answers that Plaintiff voluntarily dismissed his claims of discrimination and retaliation under the Georgia Fair Employment Practices Act, O.C.G.A. §§ 45-19-29, *et seq. See* ECF Dkt. No. 15.

21.     Paragraph 21 states a legal conclusion to which no response is required by Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 21 of the Complaint. Defendant moved to transfer venue from the United States District Court for the Western District of New York to the United States District Court for the Northern District of Georgia, Rome Division, which motion was granted.

22.     Defendant denies the allegations in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations in Paragraph 23 of the Complaint.

24.     Paragraph 24 states a legal conclusion to which no response is required by Defendant. Defendant further answers that Plaintiff voluntarily dismissed his

claim of retaliation under the Georgia Fair Employment Practices Act, O.C.G.A. §§ 45-19-29, et seq., and Plaintiff's Title VII retaliation claim was dismissed by the Court on January 20, 2026. *See* ECF Dkt. Nos. 15 and 37. To the extent a response is required, Defendant denies the allegations in Paragraph 24 of the Complaint.

25.     Responding to Paragraph 25 of the Complaint, Defendant admits only that Plaintiff filed a Charge of Discrimination on or about December 13, 2023, EEOC, Charge No. 4423-2023-01623, which Charge of Discrimination speaks for itself. Defendant further answers that Plaintiff did not exhaust his administrative remedies with respect to numerous of his claims, which claims were dismissed by the Court on January 20, 2026. *See* ECF Dkt. Nos. 15 and 37. Except as expressly admitted, Defendant denies the allegations in Paragraph 25 of the Complaint.

26.     Responding to Paragraph 26 of the Complaint, Defendant admits only that Plaintiff received a letter dated October 22, 2024, which letter speaks for itself. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 26 of the Complaint.

27.     Paragraph 27 states a legal conclusion to which no response is required by Defendant. Defendant further answers that Plaintiff did not exhaust his administrative remedies with respect to numerous of his claims, which claims were dismissed by the Court on January 20, 2026. *See* ECF Dkt. Nos. 15 and 37. To the

extent a response is required, Defendant denies the allegations in Paragraph 27 of the Complaint.

## RESPONSE TO "STATEMENT OF FACTS"

28.    Defendant denies the allegations in Paragraph 28 of the Complaint.

29.    Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 29 and therefore denies the allegations in Paragraph 29 of the Complaint.

30.    Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 30, and therefore denies the allegations in Paragraph 30 of the Complaint.

31.    Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 31, and therefore denies the allegations in Paragraph 31 of the Complaint.

32.    Responding to Paragraph 32 of the Complaint, Defendant admits only that Plaintiff worked for Lewis Tree in several states. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 32 of the Complaint.

33.    Paragraph 33 relates to time-barred claims that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to

admit or deny the allegations in Paragraph 33 and therefore denies the allegations in Paragraph 33 of the Complaint.

34.    Paragraph 34 relates to time-barred claims that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 34 and therefore denies the allegations in Paragraph 34 of the Complaint.

35.    Paragraph 35 relates to time-barred claims that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 35 of the Complaint.

36.    Paragraph 36 relates to time-barred claims that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 36 of the Complaint.

37.    Paragraph 37 relates to time-barred claims that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 37 of the Complaint.

38.    Paragraph 38 relates to time-barred claims that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 38 of the Complaint.

39.    Paragraph 39 relates to time-barred claims that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to admit or deny the allegations and therefore denies the allegations in Paragraph 39 of the Complaint.

40.    Paragraph 40 relates to time-barred claims that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to admit or deny the allegations and therefore denies the allegations in Paragraph 40 of the Complaint.

41.    Paragraph 41 relates to time-barred claims that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 41 of the Complaint.

42.    Paragraph 42 relates to time-barred claims that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a

response is required, Defendant denies the allegations in Paragraph 42 of the Complaint.

43.     Paragraph 43 relates to time-barred claims that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 43 of the Complaint.

44.     Paragraph 44 relates to time-barred claims that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 44 of the Complaint.

45.     Paragraph 45 relates to time-barred claims that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 45 of the Complaint.

46.     Paragraph 46 relates to time-barred claims that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 46 of the Complaint.

47.     Paragraph 47 relates to time-barred claims that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a

response is required, Defendant denies the allegations in Paragraph 47 of the Complaint.

48.    Paragraph 48 relates to time-barred claims that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 48 of the Complaint.

49.    Paragraph 49 relates to time-barred claims that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 49 of the Complaint.

50.    Paragraph 50 appears to relate to time-barred claims that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to admit or deny the allegations and therefore denies the allegations in Paragraph 50 of the Complaint.

51.    Paragraph 51 relates to time-barred claims that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 51 of the Complaint.

52.    Paragraph 52 relates to time-barred claims and parties that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to admit or deny the allegations and therefore denies the allegations in Paragraph 52 of the Complaint.

53.    Paragraph 53 relates to time-barred claims that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 53 of the Complaint.

54.    Paragraph 54 relates to time-barred claims that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 54.

55.    Paragraph 55 relates to time-barred claims that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 55 of the Complaint.

56.    Paragraph 56 relates to time-barred claims that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 56 of the Complaint.

57.    Paragraph 57 relates to time-barred claims that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 57 of the Complaint.

58.    Paragraph 58 relates to time-barred claims and parties that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 58 of the Complaint.

59.    Paragraph 59 relates to time-barred claims that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant admits that Plaintiff discussed his interest in promotional opportunities with his supervisor, Daniel Saldoval. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 59 of the Complaint.

60.    Paragraph 60 relates to time-barred claims that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 60 of the Complaint.

61.    Paragraph 61 relates to time-barred claims that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a

response is required, Defendant admits only that Plaintiff resigned from Lewis Tree in or around April 2021. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 61 of the Complaint.

62.     Paragraph 62 states a legal conclusion to which no response is required by Defendant. Paragraph 62 also relates to time-barred claims that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 62 of the Complaint.

63.     Paragraph 63 relates to time-barred claims that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant admits only that Lewis Tree rehired Plaintiff in March 2022. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 63 of the Complaint.

64.     Paragraph 64 relates to time-barred claims that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 64 of the Complaint.

65.     Paragraph 65 relates to time-barred claims that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a

response is required, Defendant admits the allegations in Paragraph 65 of the Complaint.

66.    Paragraph 66 relates to time-barred claims that were dismissed from this case. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant admits only that Plaintiff accepted the opportunity to work in Mississippi. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 66 of the Complaint.

67.    Defendant denies the allegations in Paragraph 67 of the Complaint.

68.    Defendant denies the allegations in Paragraph 68 of the Complaint.

69.    Defendant denies the allegations in Paragraph 69 of the Complaint.

70.    Defendant denies the allegations in Paragraph 70 of the Complaint.

71.    Responding to Paragraph 71 of the Complaint, Defendant admits only that Plaintiff met with Mr. McCollum, Mr. Sandoval and Micheal Allison on or about June 29, 2023 to discuss an interaction between Plaintiff and Mr. Allison. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 71 of the Complaint.

72.    Responding to Paragraph 72 of the Complaint, Defendant admits only that Plaintiff met with Mr. McCollum, Mr. Sandoval and Mr. Allison on or about June 29, 2023 to discuss an interaction between Plaintiff and Mr. Allison. Except as

expressly admitted, Defendant denies the remaining allegations in Paragraph 72 of the Complaint.

73.    Defendant denies the allegations in Paragraph 73 of the Complaint.

74.    Defendant denies the allegations in Paragraph 74 of the Complaint.

75.    Defendant denies the allegations in Paragraph 75 of the Complaint.

76.    Defendant denies the allegations in Paragraph 76 of the Complaint.

77.    Responding to Paragraph 77 of the Complaint, Defendant admits only that in July or August 2023, Plaintiff informed Mr. McCollum that he had to take his children to school. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 77 of the Complaint.

78.    Defendant denies the allegations in Paragraph 78 of the Complaint.

79.    Defendant denies the allegations in Paragraph 79 of the Complaint.

80.    Defendant denies the allegations in Paragraph 80 of the Complaint.

81.    Defendant denies knowledge or information regarding what other people may or may not have said to Plaintiff, and specifically denies that "Billy" ever made any "statement that people of Plaintiff's race should not be in positions of authority," and therefore denies the allegations in Paragraph 81 of the Complaint.

82.    Paragraph 82 states a legal conclusion to which no response is required by Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 82 of the Complaint.

83.     Paragraph 83 states a legal conclusion to which no response is required by Defendant. Defendant further answers that Plaintiff voluntarily dismissed his claims of retaliation under the Georgia Fair Employment Practices Act O.C.G.A. 45-19-29, et seq., and his Title VII retaliation claim was dismissed by the Court on January 20, 2026. *See* ECF Dkt. Nos. 15 and 37. To the extent a response is required, Defendant denies the allegations in Paragraph 83 of the Complaint.

84.     Responding to Paragraph 84 of the Complaint, Defendant admits only that Lewis Tree terminated Plaintiff's employment on or about August 4, 2023. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 84 of the Complaint.

85.     Paragraph 85 states a legal conclusion to which no response is required by Defendant. Defendant further answers that Plaintiff voluntarily dismissed his claims of retaliation under the Georgia Fair Employment Practices Act O.C.G.A. 45-19-29, et seq., and his Title VII retaliation claim was dismissed by the Court on January 20, 2026. *See* ECF Dkt. Nos. 15 and 37. To the extent a response is required, Defendant denies the allegations in Paragraph 85 of the Complaint.

86.     Defendant denies the allegations in Paragraph 86 of the Complaint.

87.     Defendant denies the allegations in Paragraph 87 of the Complaint.

88.     Paragraph 88 relates, in part, to claims that were dismissed from this case. Plaintiff voluntarily dismissed his claims of retaliation under the Georgia Fair

Employment Practices Act O.C.G.A. 45-19-29, et seq., and his untimely allegations were dismissed by the Court on January 20, 2026. *See* ECF Dkt. Nos. 15 and 37. To the extent a response is required, Defendant denies the allegations in Paragraph 88 of the Complaint.

89.    Paragraph 89 relates to claims that were dismissed from this case. Plaintiff voluntarily dismissed his claims of retaliation under the Georgia Fair Employment Practices Act, O.C.G.A. 45-19-29, et seq., and his Title VII retaliation claim was dismissed by the Court on January 20, 2026. *See* ECF Dkt. Nos. 15 and 37. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 89 of the Complaint.

90.    Paragraph 90 relates to claims that were dismissed from this case. Plaintiff voluntarily dismissed his claims of retaliation under the Georgia Fair Employment Practices Act, O.C.G.A. 45-19-29, et seq., and his Title VII retaliation claim was dismissed by the Court on January 20, 2026. *See* ECF Dkt. Nos. 15 and 37. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 90 of the Complaint.

91.    Defendant denies the allegations in Paragraph 91 of the Complaint.

92.    Defendant denies the allegations in Paragraph 92 of the Complaint.

93.    Defendant denies the allegations in Paragraph 93 of the Complaint.

94.    Paragraph 94 relates to claims that were dismissed from this case. Plaintiff voluntarily dismissed his claims of discrimination under the Georgia Fair Employment Practices Act, O.C.G.A. 45-19-29, et seq., and untimely Title VII claims and Title VII retaliation claims were dismissed from this case. *See* ECF Dkt. Nos. 15 and 37. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 94 of the Complaint.

95.    Defendant denies the allegations in Paragraph 95 of the Complaint.

96.    Defendant denies the allegations in Paragraph 96 of the Complaint.

**COUNT ONE**

**Response to "Discrimination in Violation of Title VII"**

97.    Defendant incorporates its responses to Paragraphs 1 through 96 as if fully set forth herein.

98.    Paragraph 98 states a legal conclusion to which no response is required by Defendant. To the extent a response is required, Defendant admits only that Plaintiff purports to bring a Title VII claim. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 98 of the Complaint. Defendant further answers that Plaintiff's discrimination claims under Title VII against Wilderness and those claims predating April 16, 2023 were dismissed by the Court on January 20, 2026. *See* ECF Dkt. No. 37.

99.    Defendant denies the allegations in Paragraph 99 of the Complaint. Defendant further answers that Plaintiff's discrimination claims under Title VII against Wilderness and those claims predating April 16, 2023 were dismissed by the Court on January 20, 2026. *See* ECF Dkt. No. 37.

100.    Paragraph 100 states a legal conclusion to which no response is required by Defendant. To the extent a response is required, Defendant states that the referenced statute speaks for itself. Defendant further answers that Plaintiff's discrimination claims under Title VII against Wilderness and those claims predating April 16, 2023 were dismissed by the Court on January 20, 2026. *See* ECF Dkt. No. 37.

101.    Defendant denies the allegations in Paragraph 101 of the Complaint. Defendant further answers that Plaintiff's discrimination claims under Title VII against Wilderness and those claims predating April 16, 2023 were dismissed by the Court on January 20, 2026. *See* ECF Dkt. No. 37.

102.    Defendant denies the allegations in Paragraph 102 of the Complaint. Defendant further answers that Plaintiff's discrimination claims under Title VII against Wilderness and those claims predating April 16, 2023 were dismissed by the Court on January 20, 2026. *See* ECF Dkt. No. 37.

103.    Defendant denies the allegations in Paragraph 103 of the Complaint. Defendant further answers that Plaintiff's discrimination claims under Title VII

against Wilderness and those claims predating April 16, 2023 were dismissed by the Court on January 20, 2026. *See* ECF Dkt. No. 37.

## COUNT TWO

### Response to "Retaliation in Violation of Title VII"

104. Defendant incorporates its responses to Paragraphs 1 through 103 as if fully set forth herein.

105. Responding to Paragraph 105 of the Complaint, Defendant answers that Plaintiff's retaliation claim under Title VII was dismissed by the Court on January 20, 2026. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant refers to the complete text of the referenced statute, which speaks for itself.

106. Responding to Paragraph 106 of the Complaint, Defendant answers that Plaintiff's retaliation claim under Title VII was dismissed by the Court on January 20, 2026. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 106.

107. Responding to Paragraph 107 of the Complaint, Defendant answers that Plaintiff's retaliation claim under Title VII was dismissed by the Court on January 20, 2026. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 107.

108.    Responding to Paragraph 108 of the Complaint, Defendant answers that Plaintiff's retaliation claim under Title VII was dismissed by the Court on January 20, 2026. *See* ECF Dkt. No. 37. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 108.

## COUNT THREE

### Response to "Discrimination in Violation of FEPA"

109.    Defendant incorporates its responses to Paragraphs 1 through 108 as if fully set forth herein.

110.    Responding to Paragraph 110 of the Complaint, Defendant answers that since filing the Complaint, Plaintiff voluntarily dismissed his claims of discrimination and retaliation under the Georgia Fair Employment Practices Act, O.C.G.A. 45-19-29, *et seq. See* ECF Dkt. No. 15. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 110.

111.    Responding to Paragraph 111 of the Complaint, Defendant answers that since filing the Complaint, Plaintiff voluntarily dismissed his claims of discrimination and retaliation under the Georgia Fair Employment Practices Act, O.C.G.A. §§ 45-19-29, *et seq. See* ECF Dkt. No. 15. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 111.

112.   Responding to Paragraph 112 of the Complaint, Defendant answers that since filing the Complaint, Plaintiff voluntarily dismissed his claims of discrimination and retaliation under the Georgia Fair Employment Practices Act, O.C.G.A.§§ 45-19-29, *et seq. See* ECF Dkt. No. 15. Therefore, no response is required. To the extent a response is required, Defendant refers to the complete text of the referenced statute, which speaks for itself.

113.   Responding to Paragraph 113 of the Complaint, Defendant answers that since filing the Complaint, Plaintiff voluntarily dismissed his claims of discrimination and retaliation under the Georgia Fair Employment Practices Act, O.C.G.A. §§ 45-19-29, *et seq. See* ECF Dkt. No. 15. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 113.

114.   Responding to Paragraph 114 of the Complaint, Defendant answers that since filing the Complaint, Plaintiff voluntarily dismissed his claims of discrimination and retaliation under the Georgia Fair Employment Practices Act, O.C.G.A. §§ 45-19-29, *et seq. See* ECF Dkt. No. 15. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 114.

115.   Responding to Paragraph 115 of the Complaint, Defendant answers that since filing the Complaint, Plaintiff voluntarily dismissed his claims of

discrimination and retaliation under the Georgia Fair Employment Practices Act, O.C.G.A. §§ 45-19-29, *et seq. See* ECF Dkt. No. 15. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 115.

## **COUNT FOUR**

### **Response to "Retaliation in Violation of FEPA"**

116.    Defendant incorporates its responses to Paragraphs 1 through 115 as is fully set forth herein.

117.    Responding to Paragraph 117 of the Complaint, Defendant answers that since filing the Complaint, Plaintiff voluntarily dismissed his claims of discrimination and retaliation under the Georgia Fair Employment Practices Act, O.C.G.A. §§ 45-19-29, *et seq. See* ECF Dkt. No. 15. Therefore, no response is required. To the extent a response is required, Defendant refers to the complete text of the referenced statute, which speaks for itself.

118.    Responding to Paragraph 118 of the Complaint, Defendant answers that since filing the Complaint, Plaintiff voluntarily dismissed his claims of discrimination and retaliation under the Georgia Fair Employment Practices Act, O.C.G.A. §§ 45-19-29, *et seq. See* ECF Dkt. No. 15. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 118.

119.    Responding to Paragraph 119 of the Complaint, Defendant answers that since filing the Complaint, Plaintiff voluntarily dismissed his claims of discrimination and retaliation under the Georgia Fair Employment Practices Act, O.C.G.A. §§ 45-19-29, *et seq. See* ECF Dkt. No. 15. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 119.

120.    Responding to Paragraph 120 of the Complaint, Defendant answers that since filing the Complaint, Plaintiff voluntarily dismissed his claims of discrimination and retaliation under the Georgia Fair Employment Practices Act, O.C.G.A. §§ 45-19-29, *et seq. See* ECF Dkt. No. 15. Therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 120.

## <u>RESPONSE TO "PRAYER FOR RELIEF"</u>

In response to Plaintiff's Prayer for Relief that appears after Paragraph 120 in Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any remedy or relief of any kind, including the specific relief sought in the sub-paragraphs (A) through (I) therein. Defendant denies the propriety of each and every prayer or request for relief, and Defendant requests that the Court deny the requested relief.

## GENERAL DENIAL

Any allegations contained in the Complaint that Defendant did not specifically admit are expressly denied.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant hereby asserts the following affirmative and additional defenses to Plaintiff's Complaint as follows but does not assume the burden of proof for any such defenses except as required by applicable law with respect to the particular defense asserted.

## FIRST DEFENSE

The Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief may be granted as (1) Plaintiff cannot meet his *prima facie* burden to state a race discrimination claim under Title VII, (2) any employment decision Defendant made regarding Plaintiff was made for legitimate, non-discriminatory reasons; and (3) Plaintiff cannot establish pretext.

## SECOND DEFENSE

Plaintiff's claims are barred because, at all times material, Defendant had in place policies prohibiting discrimination; instructed employees to report any potential violation of said policies; and took prompt, effective action in response to any such complaints. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities available and provided to him.

## THIRD DEFENSE

Plaintiff is not entitled to recover any punitive damages herein, and any allegations with respect thereto should be stricken, because Defendant did not intentionally engage in any unlawful employment practices with malice or reckless disregard for Plaintiff's federally protected rights.

## FOURTH DEFENSE

Plaintiff's claims were dismissed. *See* ECF Nos. 15 and 37. For the avoidance of doubt, Defendant asserts that to the extent that Plaintiff's claims were not filed within the applicable statute of limitations, Plaintiff's claims are barred, in whole or in part.

## FIFTH DEFENSE

Plaintiff's claims were dismissed. *See* ECF Nos. 15 and 17. For the avoidance of doubt, Defendant asserts that to the extent that Plaintiff's claims concern or arise out of events alleged to have occurred more than 180 days before the filing of his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Plaintiff's claims are barred as untimely.

## SIXTH DEFENSE

Plaintiff's claims were dismissed. *See* ECF Nos. 15 and 17. For the avoidance of doubt, Defendant asserts that to the extent Plaintiff's claims exceed the scope of the EEOC Charge filed by Plaintiff, such claims are barred, in whole or in part,

because Plaintiff has failed to meet or satisfy the administrative prerequisites for bringing such claims.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant's actions with regard to Plaintiff were at all times in compliance with Title VII and all other applicable laws, and were based on legitimate, non-discriminatory business reasons and were made in good faith, without any malice and without any intent to injure or harm Plaintiff in violation of the law

## EIGHTH DEFENSE

To the extent that Plaintiff's claims are based on actions allegedly taken by individuals or entities other than Defendant, Defendant is not responsible for such actions, vicariously or otherwise.

## NINTH DEFENSE

Plaintiff is not entitled to recover any punitive damages herein, and any allegations with respect thereto should be stricken, because Defendant did not intentionally engage in any unlawful employment practices with malice or reckless disregard for Plaintiff's federally protected rights.

## TENTH DEFENSE

The Complaint may be barred, in whole or in part, by the doctrines of unclean hands, laches, estoppel and/or waiver.

**ELEVENTH DEFENSE**

The Complaint is barred, in whole or in part, to the extent Plaintiff failed to reasonably mitigate his alleged damages. Defendant is entitled to a set-off against Plaintiff's claims for damages in the amount(s) that Plaintiff did or could have earned through reasonable efforts.

**TWELFTH DEFENSE**

Plaintiff is not entitled to recover any compensatory or punitive damages because neither Defendant, nor any of its officers, directors, managing agents, or employees, committed any knowing, wanton, intentional, recklessly indifferent, or malicious act, and because Defendant did not authorize or ratify any such act.

**THIRTEENTH DEFENSE**

Plaintiff is not entitled to attorneys' fees, if any have been or will be incurred, costs or expenses.

**FOURTEENTH DEFENSE**

Some or all of the remedies requested by Plaintiff may be barred by the doctrine of after-acquired evidence.

**FIFTEENTH DEFENSE**

Plaintiff's claim for damages is barred to the extent it is speculative in nature and/or was not pled with sufficient particularity and/or facts supporting his claims for such damages.

## SIXTEENTH DEFENSE

Plaintiff's claims should be dismissed for failure to prosecute as Plaintiff has not appeared in this action since its transfer to the United States District Court for the Northern District of Georgia on September 25, 2025.

## SEVENTEENTH DEFENSE

Defendant will rely upon all proper defenses lawfully available that may be disclosed by evidence and reserves the right to amend this Answer to state such defenses.

## RESERVATION OF RIGHTS

Defendant reserve the right to amend its Answer to add additional defenses or counterclaims which may become known during discovery or trial.

**WHEREFORE**, having fully answered the Complaint, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, deny Plaintiff's demands and Prayer for Relief, award Defendant Lewis Tree Service, Inc. its costs and reasonable attorneys' fees incurred herein, and grant such other and further relief to which Defendant may be equitably, justly, or legally entitled.

Dated:  February 4, 2026

/s/ Dominique F. Saint-Fort

Dominique F. Saint-Fort, Bar No. 526306
dsaintfort@littler.com
LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E., Suite 1200
Atlanta, Georgia 30326.1127
Telephone:  404.233.0330
Facsimile:   404.233.2361

Jessica F. Pizzutelli, Bar No. 5278296
Pro Hac Vice Admission granted
jpizzutelli@littler.com
LITTLER MENDELSON, P.C.
375 Woodcliff Drive, Suite 2D
Fairport, New York 14450
Telephone:  585.203.3400
Facsimile:   585.203.3414

Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 4, 2026, I electronically filed the foregoing using the Court's ECF system, which will automatically generate notice to counsel of record for all other parties to this action.

*/s/Dominique F. Saint-Fort*
Dominique F. Saint-Fort
Attorney for Defendant
