IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| WALTER MILES,<br><br>    Plaintiff,<br><br>v.<br><br>LEWIS TREE SERVICE, INC., et. al.,<br><br>    Defendants. | Civil Action No. 4:25-cv-00244-WMR-JHR |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO PROSECUTE**

Pursuant to Federal Rule of Civil Procedure 41, Defendant Lewis Tree Service, Inc. ("Defendant" or "Lewis Tree"), by and through its counsel, respectfully submits this memorandum of law in support of Defendant's Motion to Dismiss for Plaintiff's Failure to Prosecute ("Motion").

This Motion seeks dismissal of Plaintiff's remaining claims against Defendant for his *failure* to prosecute this case, *failure* to comply with the Federal Rule of Civil Procedure, and *failure* to comply with this Court's orders and directives. To date, Plaintiff has never filed any documents with this Court. No attorney has appeared on his behalf. Plaintiff has not responded to *any* of Defendant's filings in this Court. Moreover, Plaintiff clearly failed to comply with numerous of this Court's orders and directives, despite forewarning that his failure to do so would result in dismissal

of this action for lack of prosecution. Plaintiff's disregard for this case confirms that Plaintiff's sole remaining claim should be dismissed, with prejudice, for his failure to prosecute his claims and comply with the Court's orders.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff's claims relate to his former employment with Defendant. Despite never working for Defendant in New York, Plaintiff initially filed his Summons and Complaint in the United States District Court, Western District of New York. In his original Complaint, Plaintiff alleged claims of race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e *et seq.*) (hereinafter, "Title VII"), as well as discrimination and retaliation in violation of the Georgia Fair Employment Practices Act (O.C.G.A. §§ 45-19-29 *et seq.*) (hereinafter, "FEPA"). Dkt. No. 1. Plaintiff thereafter voluntarily dismissed his FEPA claims and all claims against Billy McCollum. *See* Dkt. No. 15.

On February 18, 2025, Defendant filed a Motion to Dismiss and/or Transfer Venue seeking, in pertinent part, to transfer this case to this Court. On September 4, 2025, the United States District Court, Western District of New York issued an order granting Defendant's motion to transfer and transferring this case from the Western

---

[1] A more detailed factual and procedural history is set forth in Defendants' Partial Motion to Dismiss, Dkt. No. 33, the contents of which are adopted and incorporated herein by reference pursuant to Rule 10(c) of the Federal Rules of Civil Procedure.

District of New York to this Court. Dkt. No. 20. Thereafter, on September 5, 2025, this action was transferred to this Court. *See* Dkt. No. 21.

That same day, on September 5, 2025, the Clerk's Office issued notices to counsel for all parties instructing them to file applications for *pro hac vice* admission no later than September 15, 2025. Dkt. Nos. 22-24. The notices stated that applications for admission to practice in this Court "must be received within **10 days** of this notice." *Id.* (emphasis original). Defendants timely complied with the Clerk's directive, but Plaintiff did not. To date, no attorney has ever appeared to represent Plaintiff in this case, and Plaintiff has likewise never notified the Court he intends to represent himself.

On October 14, 2025, Defendants filed a Partial Motion to Dismiss. Dkt. No. 33. Plaintiff never responded to that motion.

On November 3, 2025, this Court issued an Order to Show Cause ("November 3rd Order"). Dkt. No. 34. In the November 3rd Order, the Court noted that counsel for Plaintiff failed to timely file any notice of representation, despite having been instructed to do so by the Court on September 5, 2025. *Id*. The Court then directed "the plaintiff and his counsel to determine their course of action," specifically with respect to Plaintiff's representation, and to "notify the Court of their decision within TEN (10) DAYS of the date" of that order—i.e., by November 13, 2025. *Id*. (emphasis original). The Court warned that failure to comply with the Court's Order

3

"***will result in a recommendation that this case be dismissed for want of prosecution***." *Id*. (emphasis added). Neither Plaintiff, nor any counsel acting on his behalf, submitted any information to the Court in compliance with the November 3rd Order.

Ultimately, this Court granted Defendants' Partial Motion to Dismiss, dismissing (1) Defendant Wilderness U.S.A., Inc. from this action in its entirety and (2) certain claims against Lewis Tree. *See* Dkt. Nos. 36, 37.

On December 1, 2025, this Court issued another directive to Plaintiff, advising him that he must either retain an attorney who meets or is willing to comply with the Court's admission requirements or represent himself *pro se*. The Court ordered: "The plaintiff is **DIRECTED** to respond to the Court as to his course of action on or before December 8, 2025." Dkt. No. 35 (emphasis original). Plaintiff (again) did not respond to the Court's directive.

Most recently, on February 4, 2026, the only remaining Defendant in this case, Lewis Tree, timely answered Plaintiff's remaining claim. *See* Dkt. No. 38.

Plaintiff has never responded to Defendant's filings and, more importantly, has failed to comply with any of the directives from this Court, including, among others, those contained in the Court's November 3rd Order. This is a classic example of a case where Plaintiff's remaining claim should be dismissed for failure to prosecute and failure to obey direct Court orders.

## II.     LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure allows for involuntary dismissal of a party's claims where, as here, the party fails to prosecute his claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. *See, e.g., Coleman v. St. Lucie Cty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) ("The district court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order"); *Sanders v. Barrett*, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (finding no abuse of discretion when district Court dismissed case for "failure to comply with the court's order" where court even "warned [plaintiff] that failure to comply with the court's order could result in dismissal"); *cf.* Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court.") (emphasis omitted). Local Rule 41.3 provides for similar relief, including, as is the case here, where a party fails to obey an order of this Court. *See* N.D. Ga. Civ. R. 41.3 (permitting dismissal for want of prosecution if "[a] plaintiff or plaintiff's attorney shall, after notice, . . . fail or refuse to obey a lawful order of the Court in the case").

It is well within the Court's discretion to dismiss Plaintiff's claims with prejudice for his failure to diligently prosecute his case. *See Link v. Wabash R. Co.*,

370 U.S. 626, 629 (1962) (recognizing the authority of a district court to dismiss a plaintiff's action with prejudice because of his failure to prosecute). Moreover, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (internal quotation omitted).

Importantly, *pro se* parties are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure," and "sanctions for misconduct and for failure to comply with court orders," may be imposed on *pro se* plaintiffs. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (affirming dismissal of *pro se* plaintiff's complaint for failure to comply with a court).

In dismissing a case under Rule 41(b), the Court considers whether (1) the party has exhibited a clear record of delay or (2) has been willfully contempt, and whether lesser sanctions would not suffice. *See Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1989). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order . . . generally is not an abuse of discretion." *Moon*, 863 F.2d at 837 (internal citations omitted). Finally, Rule 41(b) provides that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." *Id*.

## III. LEGAL ARGUMENT

Plaintiff clearly failed to comply with at least three orders/directives from this Court, including at least one order that warned that any failure to comply would result in dismissal for lack of prosecution. In particular:

- Plaintiff first failed to respond to the Court's September 5, 2025 instruction that his counsel seek admission to the Court within ten days.
- Then, Plaintiff failed to comply with the Court's November 3rd Order which clearly instructed "the plaintiff and his counsel to determine their course of action… and notify the Court of their decision within TEN (10) DAYS of the date of this Order." Dkt. No. 34. Importantly, the Court warned Plaintiff that failure to comply with that Order "will result in a recommendation that this case be dismissed for want of prosecution." *Id*. (citing N.D. Ga. Civ. R. 41.3).
- Most recently, Plaintiff failed to comply with the Court's December 1, 2025 directive that he respond to the Court as to his course of action on or before December 8, 2025.

Plaintiff never complied with any of the above. Dismissal of Plaintiff's Complaint is, therefore, proper given his failure to comply with this Court's orders. *See* Fed. R. Civ. P. 41(b); N.D. Ga. Civ. R. 41.3. Indeed, dismissal of Plaintiff's Complaint is particularly appropriate here given that the November 3rd Order clearly states that failure to comply will result in a recommendation of dismissal for want

of prosecution. *See Moon*, 863 F.2d at 837 (noting dismissal under Rule 41(b) is proper where, as is the case here, a plaintiff disregards an order warning that dismissal will follow non-compliance with the order.).

Moreover, the relevant factors which the Court should consider weigh in favor of dismissal. *See Goforth*, 766 F.2d at 1535. First, Plaintiff exhibited a pattern of delay. He never responded to any of the directives from this Court (including those from the Clerk) or otherwise filed anything in this matter for the approximately five months this case has been pending in this Court. Indeed, the last document Plaintiff filed (or that was filed on his behalf) is dated from nearly a year ago, April 11, 2025. *See* Dkt. No. 17. Such delays—especially in light of directives from the Court that Plaintiff must appear, file documents, and respond to pleadings—warrant dismissal under Rule 41(b). *See Goforth*, 766 F.2d at 1535 (affirming dismissal of complaint under Rule 41(b) where the plaintiff's counsel failed to submit documents requested by the court).

Second, Plaintiff (and his counsel) have willfully failed to comply with this Court's orders, and no lesser sanction would suffice. Rather, to allow this case to proceed would be prejudicial to Defendant Lewis Tree which has continued to incur expense defending against a case that no one – lawyer or otherwise – has made any effort to move forward for close to one year.

In fact, during that same period, Plaintiff, and his counsel, completely failed to respond to Defendants' Partial Motion to Dismiss. As the Eleventh Circuit held in *Goforth*, while a Court may be "reluctant to impose the harsh sanction of dismissal with prejudice," such dismissal is still proper where, like here, "any other sanction would fail to cure the harm that the attorney's" actions may cause. *Goforth*, 766 F.2d at 1535. Therefore, dismissal of this action pursuant to Rule 41(b) is proper and warranted here.

## IV. CONCLUSION

Based on the foregoing, Defendant Lewis Tree respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

Dated: February 10, 2026

*/s/ Dominique F. Saint-Fort*
Dominique F. Saint-Fort, Bar No. 526306
dsaintfort@littler.com
LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E.
Suite 1200
Atlanta, Georgia 30326.1127
Telephone: 404.233.0330
Facsimile: 404.233.2361

Jessica F. Pizzutelli, Bar No. 5278296
*Pro Hac Vice Admission Granted*
jpizzutelli@littler.com
LITTLER MENDELSON, P.C.
375 Woodcliff Drive, Suite 2D
Fairport, New York 14450
Telephone: 585.203.3400
Facsimile: 585.203.3414

Attorneys for Defendant

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 7.1 of the Local Civil Rules for the Northern District of Georgia, the undersigned hereby certifies that this pleading has been prepared in compliance with Local Rule 5.1(C).

*/s/ Dominique F. Saint-Fort*
Dominique F. Saint-Fort

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2026, I electronically filed the foregoing using the Court's ECF system, which will automatically generate notice to counsel of record for all other parties to the action.

*/s/Dominique F. Saint-Fort*
Dominique F. Saint-Fort
Attorney for Defendant
