# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| WALTER MILES,<br><br>    Plaintiff,<br><br>v.<br><br>LEWIS TREE SERVICE INC., WILDERNESS USA, INC., and BILLY MCCOLLUM<br><br><br>    Defendants. | Case No. 4:25-cv-244 (WMR) (JHR)<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO <u>DEFENDANTS' MOTION TO DISMISS</u>** |

                **CONSUMER ATTORNEYS, PLLC**
                Moshe O. Boroosan, Esq.
                GA Bar No.: 744128
                2800 North Druid Hills NE
                Building A, Suite D
                Atlanta, GA 30329-3921
                (718) 887-2926 (office)
                (718) 874-2914 (facsimile)
                mboroosan@consumerattorneys.com

                Emanuel Kataev, Esq., admitted *pro hac vice*
                6829 Main Street
                Flushing, NY 11367-1305
                (718) 412-2421 (office)
                (718) 489-4155 (facsimile)
                ekataev@consumerattorneys.com

                *Attorneys for Plaintiff*
                *Walter Miles*

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT**................................................................................

**FACTS** ................................................................................................................**2**

**ARGUMENT** ......................................................................................................**3**

**CONCLUSION** ..................................................................................................**7**

## TABLE OF AUTHORITIES

**Cases**

Alvarado v. Bd. of Trustees of Montgomery Community College,
 848 F.2d 457 (4th Cir.1988) ............................................................................. 2-3

cert. denied,
 455 U.S. 1017 (1982) ........................................................................................ 2-3

cert. denied,
 456 U.S. 972 (1982) ............................................................................................. 2

Danner v. Phillips Petroleum Co.,
 447 F.2d 159 (5th Cir. 1971) ............................................................................. 5-6

Delaware State Coll. v. Ricks,
 449 U.S. 250 (1980) ............................................................................................. 4

Eggleston v. Chicago Journeymen Plumbers' Loc. Union No. 130, U. A.,
 657 F.2d 890 (7th Cir. 1981) ............................................................................ 2-3

Glus v. G. C. Murphy Co.,
 562 F.2d 880 (3d Cir. 1977) ................................................................................ 3

Gregory v. Georgia Dept. of Human Resources,
 355 F.3d 1277 (11th Cir. 2004) ............................................................................ 5

Little v. United Technologies, Carrier Transicold Div.,
 103 F.3d 956 (11th Cir.1997) ............................................................................... 6

Natl. R.R. Passenger Corp. v. Morgan,
 536 U.S. 101 (2002) ......................................................................................... 4-5

Sanchez v. Standard Brands, Inc.,
 431 F.2d 455 (5th Cir.1970) ................................................................................. 6

Schnellbaecher v. Baskin Clothing Co.,
 887 F.2d 124 (7th Cir.1989) ................................................................................. 2

Virgo v. Riviera Beach Associates, Ltd.,
    30 F.3d 1350 (11th Cir. 1994) ................................................................... 2-3

**Statutes**

42 U.S.C. § 2000e–5(e)(1) .............................................................................................. 4

Case 4:25-cv-00244-WMR-JHR    Document 43    Filed 02/24/26    Page 4 of 14

## **PRELIMINARY STATEMENT**

Plaintiff Walter Miles (hereinafter "Plaintiff" or "Miles") respectfully submits the instant memorandum of law in opposition to Defendant Lewis Tree Service, Inc. (hereinafter "Lewis Tree" or "Defendant") motion to dismiss based on failure to prosecute. For the reasons set forth below, this Court should exercise its discretion *against* dismissing this case.

As set forth in the accompanying declaration of Emanuel Kataev, Esq. ("Kataev"), after this case was transferred, Plaintiff did not receive any electronic notifications from the Court until November 3, 2025, whereupon Kataev sought to retain local counsel by engaging in efforts to find one in the State of Georgia and then relying on staff at Consumer Attorneys PLLC to assist Kataev in this effort. Regrettably, Plaintiff was only able to file a notice of appearance and an application for admission *pro hac vice* on February 11, 2026 and February 12, 2026, respectively.

Plaintiff respectfully submits that although this delay is clearly contrary to this Court's Orders, Plaintiff's counsel was constrained from filing any papers until local counsel appeared. Now that local counsel has appeared and your undersigned has been admitted *pro hac vice*, Plaintiff is prepared to fully prosecute this case, as is evidenced by these opposition papers.

Lewis Tree fails to explain why lesser sanctions are appropriate, nor does it

make any argument to establish how it has been prejudiced by the brief delay occasioned by Plaintiff's counsel's search for local counsel, underscoring why the motion should be denied.

Moreover, the Eleventh Circuit prefers decisions on the merits rather than on procedural grounds. Plaintiff further respectfully submits that Lewis Tree's representation concerning opposition to its motion to dismiss is false. Defendants previously filed a motion to dismiss in the United States District Court for the Western District of New York, which Plaintiff did oppose on the merits as reflected in ECF Docket Entry 17.

## FACTS

Plaintiff respectfully refers the Court to the accompanying Declaration of Kataev for the facts relevant to the instant motion.

## LEGAL STANDARD

Dismissal is proper under Rule 41(b) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rules") and Local Rule 41.3 of the Civil Local Rules of the United States District Court for the Northern District of Georgia ("Local Rules" or "LR"), both of which provide that a court may dismiss an action with prejudice if a plaintiff fails to prosecute her case or fails to obey a lawful order of the court.

Rule 41(b) provides in relevant part that: "If the plaintiff fails to prosecute or

to comply with these rules or a court order, a defendant may move to dismiss the action .... Unless the dismissal order states otherwise, a dismissal under this subdivision (b) ... operates as an adjudication on the merits." See Fed. R. Civ. P. 41(b). The Local Rules also provide that a case may be dismissed for failure to prosecute if "[a] plaintiff ... shall, after notice, ... fail or refuse to obey a lawful order of the court in the case." LR 41.3(A)(2).

The Eleventh Circuit has held that a district court should "dismiss a case for want of prosecution with prejudice only when faced with a clear record of delay or contumacious conduct by the plaintiff." See Eades v. Ala. Dep't of Hum. Res., 298 Fed. Appx. 862, 863-64 (11th Cir. 2008) (*per curiam*) (unpublished) (internal marks omitted) (quoting McKelvey v. AT&T Techs., Inc., 789 F.2d 1518, 1520 (11th Cir. 1986) (*per curiam*)).

"Moreover, such dismissal is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." Id. at 864 (citation and internal marks omitted).

"A finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." Id. (citation and internal marks omitted).

The legal standard to be applied under Rule 41(b), therefore, is whether there is a "clear record of delay or willful contempt and a finding that lesser sanctions

would not suffice." See Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (citing Link v. Wabash RR. Co., 370 U.S. 626, 630–31 (1962); Hildebrand v. Honeywell, Inc., 622 F.2d 179, 181 (5th Cir. 1980)).

A district court must make findings satisfying both elements of the Rule 41(b) standard before dismissal with prejudice is appropriate. See Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005).

## ARGUMENT

### I. Plaintiff's Complaint Should not be Dismissed for Failure to Prosecute

Defendant argues that the severe sanction of dismissal is warranted in this case but fails to explain why any lesser sanction would be appropriate, nor does Defendant explain how it has been prejudiced by the delay occasioned by Plaintiff's failure to earlier appear.

As set forth in the accompanying declaration in opposition, Plaintiff first received electronic notice of filings in this case on November 3, 2025, and did not receive notice of the filings between September 5, 2025 through November 3, 2025. Upon receiving electronic notice, Kataev set about seeking local counsel and engaged support staff in an effort to find local counsel. Kataev made these efforts on November 24, 2025, December 30, 2025, and January 20, 2026. Local counsel was engaged following a call on January 20, 2026. Your undersigned then set about

- 5 -

preparing the relevant papers to be submitted to the Court and did so. In light of these circumstances, Plaintiff establishes good cause and excusable neglect pursuant to Rule 6.

Notably, Defendant submitted an answer to the complaint on February 4, 2026. This case, which is still in its nascent stage given that the pleadings only closed recently, is ready to proceed to entry of a scheduling order, and the parties are fully prepared to engage in discovery to reach a decision on the merits in this case. See, e.g., McDaniel v. Choo Woo Woo, No. 5:25-CV-337 (MTT), 2026 WL 174104, at *3 (M.D. Ga. Jan. 22, 2026); Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316-17 (11th Cir. 2002) (holding that courts "must respect the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court") (quoting Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)); Fla. Physician's Ins. Co., Inc. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993) ("[D]efaults are seen with disfavor because of the strong policy of determining cases on their merits").

Where a party who has previously failed to appear or respond does so (albeit untimely), the preference is to determine the matter on the merits rather than on procedural grounds. See, e.g., Tinch v. Am. Fin. Network, Inc., No. 1:23-CV-3635-MLB-CCB, 2024 WL 4251735, at *1 (N.D. Ga. Mar. 29, 2024) ("Because Plaintiff has filed a response to Citizens Trust's motion to dismiss (albeit an untimely one),

and is engaged in pursuing her case, the Clerk is **DIRECTED** to **WITHDRAW** … the R&R recommending dismissal for want of prosecution"). In Coates v. Lyft, Inc., the Hon. Sarah E. Geraghty, U.S.D.J. ("Judge Geraghty") noted:

> The Court recognizes that "[d]ismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances," *Goforth*, 766 F.2d at 1535, but finds that lesser sanctions will not suffice. *The Court considered further extending the time for Plaintiff to respond to the discovery requests, but Plaintiff's pattern of conduct during and after discovery strongly suggests that he has no intention of more fully responding*. In short, no sanction except dismissal appears appropriate given Plaintiff's repeated failure to comply with the rules of litigation and court orders. See, e.g., Lyle v. BASF Chemistry, Inc., 802 F. App'x 479, 482 (11th Cir. 2020) (affirming dismissal of the case with prejudice *where the district court extended the discovery deadline three times* to allow the plaintiff more time to respond to discovery requests, plaintiff still failed to comply, and plaintiff informed the court that she "intended to continue providing inadequate responses.")

See No. 1:21-CV-1449-SEG, 2024 WL 1639167, at *7 (N.D. Ga. Mar. 11, 2024), aff'd, No. 24-11141, 2025 WL 1683207 (11th Cir. June 16, 2025). Although Judge Geraghty dismissed the complaint for failure to prosecute, the court there only did so after giving Plaintiff several opportunities to prosecute the case. Here, the record demonstrates that upon first learning of the Order to show cause on November 3, 2025, Kataev began searching for local counsel right away and worked with staff at Consumer Attorneys to secure local counsel as early as November 24, 2025 following unfruitful efforts to find local counsel on his own.

- 6 -

Moreover, Defendant has not sufficiently explained (because it cannot do so) why lesser sanctions would be inappropriate, nor has Lewis Tree provided any basis to find that it has been prejudiced by the delay in Plaintiff's appearance in this case. In such circumstances, to the extent any sanction is warranted (which it should not be), lesser sanctions would be appropriate. See Grupo Rayco C.A. v. Delta Air Lines, Inc., No. 1:20-CV-1952-AT, 2023 WL 2731718, at *4 (N.D. Ga. Feb. 2, 2023) ("The Court denied Delta's Motion to Dismiss for failure to prosecute because dismissal is a sanction of last resort, *and the Court concluded that lesser sanctions were warranted*") (emphasis added). Lesser sanctions are thus warranted before the case is dismissed with prejudice. See Cohen v. Carnival Cruise Lines, Inc., 782 F.2d 923, 925 (11th Cir. 1986) ("Cases sanctioning dismissal in this circuit have involved dereliction far greater than that shown here." (citing Jones v. Graham, 709 F.2d 1457, 1457 (11th Cir. 1983) (failure to timely comply with five court orders and motion to dismiss unopposed for eight months); Martin-Trigona v. Morris, 627 F.2d 680 (5th Cir. 1980) (failure to comply with three court orders and motion to dismiss unopposed for ten months))).

In addition, it is worthy to note Defendant's answer to the complaint is untimely. Pursuant to Rule 12, Lewis Tree's answer was due fourteen (14) days after the January 20, 2026 Order adopting the report and recommendation granting Defendant's partial motion to dismiss, i.e., on February 3, 2026. See Fed. R. Civ.

P. 12(a)(4)(A).

Here, Defendant's answer was filed on February 4, 2026, such that it was untimely. See ECF Docket Entry 38. In such circumstances, courts deny motions to dismiss for failure to prosecute. See Jones v. Woodson, No. 1:20-CV-4339-MLB, 2022 WL 902842, at *2 (N.D. Ga. Mar. 28, 2022) ("While both parties have engaged in a pattern of delay, simple negligence is not enough to justify a Rule 41(b) dismissal").

Although the one (1) day delay is minimal compared to Plaintiff's admitted delay, filing an answer is a simple task whereas retaining local counsel for a federal lawsuit, as explained in the declaration of Kataev, is a more onerous demand.

Lastly, Plaintiff notes that his counsel's research indicates that the preference in this district is to dismiss cases without prejudice to the extent the court finds dismissal is warranted. Plaintiff respectfully notes that a dismissal without prejudice here would operate as a dismissal with prejudice because claims under Title VII must be filed within ninety (90) days of receipt of a notice of right to sue such that any new suit filed, even after dismissal without prejudice, would be subject to dismissal as untimely.

Therefore, Plaintiff respectfully requests that the Court deny Lewis Tree's motion to dismiss in its entirety or, in the alternative, consider lesser sanctions for the delay involved in securing local counsel (for which Defendant has not

demonstrated any prejudice). Indeed, Defendant failed to request any lesser sanction.

Where a Defendant fails to request lesser sanctions, courts have denied granting any sanction, and instead have issued a reprimand. See Jones v. Woodson, 2022 WL 902842, at *2 ("Because Defendants do not request any lesser sanctions, the Court simply puts Plaintiffs on notice that such dilatory conduct will not be further tolerated by the Court and WARNS Plaintiffs that their failure to timely comply with any further deadlines or Court orders WILL RESULT IN THE DISMISSAL WITH PREJUDICE of this action").

## CONCLUSION

For all the foregoing reasons, Defendants' motion to dismiss Plaintiff's complaint for failure to prosecute should be denied.

Dated: Flushing, New York
      February 24, 2026

RESPECTFULLY SUBMITTED,

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
6829 Main Street
Flushing, NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com
*Admitted pro hac vice*

**CONSUMER ATTORNEYS, PLLC**
Moshe O. Boroosan, Esq.
GA Bar No.: 744128
2800 North Druid Hills NE
Building A, Suite D
Atlanta, GA 30329-3921
(718) 887-2926 (office)
(718) 874-2914 (facsimile)
mboroosan@consumerattorneys.com

*Attorneys for Plaintiff*
*Walter Miles*