IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| WALTER MILES,<br><br>             Plaintiff,<br><br>v.<br><br>LEWIS TREE SERVICE INC., WILDERNESS USA, INC., and BILLY MCCOLLUM,<br><br>             Defendants. | Case No. 4:25-cv-244 (WMR) (JHR)<br><br>**DECLARATION OF EMANUEL KATAEV, ESQ. IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

Emanuel Kataev, Esq., declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1.    I am admitted *pro hac vice* to practice before this Court and am the managing member of Sage Legal LLC, as well as General Counsel and Of Counsel for Consumer Attorneys, PLLC ("CA"), attorneys for Plaintiff Walter Miles (hereinafter "Miles" or "Plaintiff") in this case.

2.    As such, I am familiar with all the facts and circumstances heretofore had herein based upon my personal knowledge and a review of the file maintained by this office.

3.    On September 4, 2025, I received an ECF bounce from the United States District Court for the Western District of New York ("WDNY") granting Defendants' motion to transfer venue and deferring ruling on their motion to dismiss.  See ECF Docket Entry 20.

4.    Since that time, I did not receive any notice from this Court concerning this case, and only first received notice about this case on November 3, 2025, when this Court issued an Order to show cause.

5.    Indeed, a search in my email inbox for the terms *from:ganddb "lewis tree"* produces the earliest result as November 3, 2025.

6. Notably, upon a review of the docket, there have been numerous entries of which your undersigned did not receive notice. See, e.g., ECF Docket Entries 21-33.

7. As a result, your undersigned was unaware of those filings until after November 3, 2025.

8. Moreover, a search of my emails for the term *pizzutelli*, the surname of Defendant's counsel with whom I had regularly interacted while the case was pending before the WDNY reveals no email communications from Defendant concerning this case since May 19, 2025.

9. Indeed, your undersigned also searched *from:@littler.com "lewis tree"* to confirm this fact.

10. In other words, Defendant did not seek to confer with your undersigned about the status of the case and effectively submitted its earlier-filed amended motion to dismiss at ECF Docket Entries 33 without notice to Plaintiff.

11. Further, although Defendant briefly references the fact that Plaintiff previously opposed Defendant's motion to dismiss, and despite updating the motion to address controlling Eleventh Circuit authority, Defendant did not address any of Plaintiff's arguments on the merits raised in its prior opposition.

12. After becoming aware of the procedural posture of this case following the Court's November 3, 2025 Order and the need to respond to the Court, your undersigned undertook efforts to secure Georgia counsel admitted in the Northern District of Georgia ("NDGA") knowledgeable in labor and employment law.

13. After those efforts were unsuccessful, on November 24, 2025, your undersigned contacted CA to locate an attorney admitted in the NDGA who could serve as local counsel.

14. Between November 24, 2025 and January 20, 2026, your undersigned and Moshe O. Boroosan, Esq. ("Boroosan") attempted to confer regarding the case, but were not able to connect substantively until January 20, 2026.

15. On January 20, 2026, your undersigned conferred with Boroosan — who had not previously been involved in this matter — regarding the procedural posture of the case and the need for local counsel.

16. Boroosan thereafter agreed to serve as local counsel to ensure Plaintiff's ability to respond to the Court's directives.

17. Our staff then went about preparing the relevant appearance papers, i.e., a notice of appearance for Boroosan and a motion for admission *pro hac vice* for your undersigned, and – upon doing so – Boroosan and I each reviewed the papers, made appropriate revisions, and caused the appearance papers to be filed.

18. In light of the circumstances herein, Plaintiff respectfully submits that there exists both good cause and excusable neglect sufficient for this Court to exercise its discretion in favor of denying Defendant's motion to dismiss.

19. Based on the foregoing, and the arguments made in the accompanying memorandum of law in opposition, Defendant's motion should be denied.

I declare under penalty of perjury that the foregoing is true and correct.   Executed on February 24, 2026.

                                        */s/ Emanuel Kataev, Esq.*
                                        Emanuel Kataev, Esq.