# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| WALTER MILES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LEWIS TREE SERVICE, INC., et. al.,<br><br>　　　　Defendants. | Civil Action No. 4:25-cv-00244-WMR-JHR |

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO PROSECUTE

Defendant Lewis Tree Service, Inc. ("Defendant") submits this Reply in support of Defendant's Motion to Dismiss for Plaintiff's Failure to Prosecute ("Motion"). Plaintiff's Opposition (Dkt. No. 43 ("Opposition" or "Opp.")) fails to present any legitimate response to the Motion. Instead, Plaintiff's Opposition confirms that he and his counsel willfully failed to comply with Court orders and otherwise inexcusably missed several deadlines in this case. In particular, Plaintiff's counsel's declaration confirms that he was aware of the pendency of this action for several months but made no effort to engage the Court or to comply with the Court's deadlines. Moreover, the Opposition cites numerous cases which confirm that Plaintiff and/or his counsels' conduct is inexcusable and warrants dismissal for failure to prosecute. Thus, Defendant's Motion should be granted.

I.  **MR. KATAEV'S DECLARATION CONFIRMS THERE IS NO BASIS TO EXCUSE PLAINTIFF'S FAILURE TO PROSECUTE.**

In support of Plaintiff's Opposition, one of his attorneys, Emanuel Kataev ("Mr. Kataev"), submitted a sworn declaration which attempts to explain or excuse the dilatory conduct giving rise to the Motion. *See* Dkt. No. 44 ("Kataev Decl."). Yet Mr. Kataev's declaration explains nothing and, in fact, confirms that good cause does not exist to excuse Plaintiff's—and his counsels'—obvious failure to comply with orders and directives from this Court.

Specifically, Mr. Kataev states in his declaration that he received a notice from the United States District Court for the Western District of New York ("WDNY") on September 4, 2025, granting Defendants' Motion to Transfer Venue. *See* Kataev Decl. at 3. However, he fails to mention that the WDNY—just one day later, on September 5, 2025—also issued a notice that clearly states that the WDNY transferred this case to this Court and that this Court *opened* this matter. (*See* WDNY Civil Docket for Case No. 6:25-cv-06042-EAQ, attached hereto as **Exhibit A**.)

Thus, Mr. Kataev's statements suggesting he was not aware of the status of this case until November 3, 2025, are demonstrably false. *See* Kataev Decl. at ¶¶ 3-7. To the contrary, he received notice from the WDNY that this Court opened this case and assigned it a civil action number on September 5, 2025. Based on the notices from the WDNY, which Mr. Kataev admittedly received, as of September 5,

2

2025, he was therefore well-aware that: (1) this case transferred to the Northern District of Georgia; and (2) this Court already opened the case.

Mr. Kataev's declaration also confirms he at least knew this case was pending by November 3, 2025, when the Court issued an Order to Show Cause. Dkt. No. 34. Despite the Court noting his failure to file a timely notice of representation and directing him to state his course of action by November 13, 2025, he still ignored the Court's directives. He did so even though the Court warned that failure to comply with the Court's order "***will result in a recommendation that this case be dismissed for want of prosecution.***" *Id.* Even then, counsel did not notify the Court of his efforts to retain local counsel or any difficulties in doing so.

On December 1, 2025—about one month after Mr. Kataev claims he first learned of this action—Magistrate Judge John H. Rain, IV, issued a Report and Recommendation advising that the Court grant Defendant's Amended Partial Motion to Dismiss. Dkt. No. 35. The Court ordered Plaintiff's counsel to provide the Report and Recommendation to his client and to inform the Court of Plaintiff's intended course of action by December 8, 2025. *Id*. Despite knowing this case was pending, that most of Plaintiff's claims were recommended for dismissal, and that he was required to report back, Mr. Kataev *again* failed to comply with the Report and Recommendation or timely file any objections to it.

Further, the December 1, 2025 Order cautioned Plaintiff that his attorney failed to comply with the Court's November 3, 2025 Order and Clerk's Notice, and thus "must either (1) file a motion to withdraw and identify therein the attorney who will represent the party or (2) file a notice of substitution of counsel." *Id.*, quoting Notice of Sept. 5, 2025, Dkt. Nos. 22 and 23. Again, despite his awareness of this action, Mr. Kataev failed to respond to or otherwise comply with that directive as he did not appear in this case until February 11, 2026, ironically the day after Defendant filed its Motion seeking dismissal of this case for want of prosecution.

Likewise, Mr. Kataev's statement concerning his purported email search for case-related correspondence is irrelevant. *See* Kataev Decl. at ¶ 5. He was aware of the civil action number for this matter yet, most notably, did not log on to PACER to check the case status. Mr. Kataev's declaration is also tellingly silent concerning the multiple notices the clerk *mailed* to Plaintiff's counsel. *See* Dkt. Nos. 22, 36, 37, 44.

Mr. Kataev's declaration—as well as Plaintiff's Opposition—fall far short of providing any legitimate explanation or excuse as to why he did not timely appear in this case or otherwise engage a Georgia-licensed attorney to do so. Indeed, when all else fails, Mr. Kataev resorts to blaming **Defendant's** counsel for not "confer[ring] with [him] about the status of the case" (despite his admission that he was well-aware of it himself). Kataev Decl. at 8-10. Not once does he state that he

4

attempted to contact counsel to discuss his difficulties finding local representation for a case that Mr. Kataev initiated. More to the point, it is not the responsibility of Defendant's NY-based counsel to ensure that Mr. Kataev does his job, especially after the case was transferred to Georgia and Defendant's Georgia lawyer appeared.

      Finally, Mr. Kataev's statements concerning his purported inability to retain local counsel admitted to practice in Georgia are inexcusable under the facts present here. *First*, he provides no explanation as to why it took him more than sixty (60) days to retain counsel admitted to practice in this Court. *Id.* at ¶¶ 12-15. Instead, he vaguely characterizes his efforts to secure local counsel as "unsuccessful." *Id.* at ¶ 13. *Second*, Mr. Kataev does not explain the three-week delay from the time he "retained" Mr. Boroosan and the date they both finally appeared. As local counsel, Mr. Boroosan could have easily filed a one-page notice of appearance. He did not. *Third*, Mr. Kataev admits that he is "Of Counsel for Consumer Attorneys' PLLC." Kataev Decl. at ¶ 1. Mr. Kataev's contact information from the WDNY docket reflects the same affiliation. (*See* Ex. A at 1). Notably, Mr. Boroosan, who appeared as local counsel for Plaintiff, ***also*** works for Consumer Attorneys PLLC. In other words, Mr. Kataev works for the ***same firm*** that has appeared as local counsel for Plaintiff in this case.[1] Thus, there is simply no excuse that it took Mr. Kataev over

---

[1] Consumer Attorneys PLLC's website confirms that Mr. Boroosan and Mr. Kataev do, in fact, work for the same firm. *See* https://consumerattorneys.com/our-team.

5

three months to secure local counsel since Plaintiff's local counsel quite literally works for the same firm as Mr. Kataev.

## II. PLAINTIFF'S DILATORY CONDUCT AND WILLFUL DISREGARD OF COURT ORDERS WARRANTS DISMISSAL UNDER RULE 41(B).

Courts are clear that where, like here, the underlying delays are willful and not based upon simple negligence, dismissal pursuant to Rule 41(b) is proper. *See Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862, 863-864 (11th Cir. 2008). Much like the plaintiff in *Eades*, Plaintiff (and his counsel) "failed on multiple occasions to comply with the court-ordered deadlines in this case." *Id*. at 864. Indeed, the Court in *Eades* noted that missing "three separate deadlines" was sufficient grounds for dismissal of an action pursuant to Rule 41(b). *Id*. at 865.

Here, Plaintiff failed to comply with at least three Court Orders or directives, including at least one that warned that failure to comply would result in a recommendation for dismissal for lack of prosecution. According to Mr. Kataev's declaration, the deadlines Plaintiff missed include deadlines that passed **after** Mr. Kataev concedes he was aware of this action. Such conduct warrants dismissal of the action pursuant to Rule 41(b), among other rules. *Id*. at 865; *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (affirming dismissal of action pursuant to Rule 41(b) and/or Rule 16(f) for counsel's conduct ignoring notices from the Court).

Critically, neither Plaintiff, nor his counsel, ever notified the Court of any purported issues they had in retaining local counsel despite having months, and

6

multiple opportunities, to do so. *See Eades*, 298 F. App'x at 865 (affirming dismissal pursuant to Rule 41(b) where, like here, the plaintiff "failed to notify the court" of issues "she was experiencing in complying with the court-ordered deadlines . . . ."); *Sanders v. Barrett,* No. 05-12660, 2005 U.S. App. LEXIS 22496, *5 (11th Cir. Oct. 17, 2005) (affirming dismissal pursuant to Rule 41(b) where plaintiff failed to correct filing defects identified by the court). Plaintiff's failure to comply with any deadlines imposed by this Court are therefore inexcusable.

Moreover, dismissal of an action pursuant to Rule 41(b) is proper where the plaintiff was "on notice that the court would dismiss [the] lawsuit for failure to prosecute." *Eades*, 298 F. App'x at 865; *Sanders*, 2005 U.S. App. LEXIS 22496, *5 (District Court properly dismissed case for "failure to comply with the court's order" where the court "warned [plaintiff] that failure to comply with the court's order could result in dismissal."). The same is true here. In the Court's November 3, 2025 Order, this Court clearly put Plaintiff on notice that any failure to comply "will result in a recommendation that this case be dismissed for want of prosecution." *See* Dkt. 34. Yet, Plaintiff inexcusably failed to comply with the November 3, 2025 Order.

Given the admissions in Mr. Kataev's declaration and record of this case (both here and in the WDNY), Plaintiff exhibited an indefensible pattern of delay in a case he elected to bring. Moreover, lesser sanctions—as requested by Plaintiff, but not identified—would not be adequate, as permitting this case to proceed would be

7

prejudicial to Defendant, who has continued to incur expenses defending against an action that Plaintiff decidedly elected to ignore. Defendant is also prejudiced by the time delay due to Plaintiff's dilatory conduct, as witness memories fade.

When considered as a whole, good cause does not exist to excuse the conduct and inaction of Plaintiff or his counsel. Their conduct is not "excusable neglect" but rather is blatant dereliction of obligations, Court orders and admitted abandonment of this case—the precise conduct that warrants dismissal for failure to prosecute. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("dismissal upon disregard of an order" is a proper basis to dismiss an action under Rule 41(b)).

## III. PLAINTIFF'S OPPOSITION SUPPORTS DISMISSAL OF THIS CASE.

In addition to failing to provide any facts to support his Opposition, Plaintiff also fails to cite any persuasive legal authority. Several of Plaintiff's cited authority involve irrelevant issues. For example, *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309 (11th Cir. 2002) discusses dismissal of prisoner lawsuits under 42 U.S.C. § 1997e(e), not Federal Rule 41. *See id*. Similarly, *McDaniel v. Choo Woo Woo,* No. 5:25-CV-337 (MTT), 2026 WL 174104 (M.D. Ga. Jan. 22, 2026) addresses motions pertaining to default judgment under a completely separate rule, Rule 55. *Jones v. Woodson*, No. 1:20-cv-4339-MLB, 2022 U.S. Dist. LEXIS 56131, (N.D. Ga. Mar. 28, 2022) is also distinguishable. In *Jones*, defendants requested dismissal for failure to prosecute based on plaintiff missing the deadline to submit

8

the Joint Preliminary Report and Discovery Plan, taking no discovery, and failing to timely respond to defendant's counterclaims. Unlike here, *Jones* did not involve a party's direct disregard of a Court order, let alone one that expressly warned that failure to comply would result in dismissal of the action. *See id*.

Moreover, most of Plaintiff's authority actually **confirms** that dismissal for failure to prosecute is warranted here. *See Eades*, 298 F. App'x at 864 ("We conclude that the district court acted within its discretion in *sua sponte* dismissing Eades's lawsuit for failure to prosecute."); *Goforth*, 766 F.2d at 1535 (affirming dismissal pursuant to Rule 41(b)). In *Goforth*, the Eleventh Circuit indicated that dismissal under Rule 16(f) provides another mechanism for dismissing an action "as a sanction for the conduct of plaintiff's counsel," even if doing so results in dismissal of an action based on the misconduct of counsel. *Id.* at 1535. Thus, not only does *Goforth* support dismissal, but it also provides further grounds for this Court to do so.

Plaintiff similarly quizzically relies on *Coates v. Lyft Inc.*, No. 24-11141, 2025 U.S. App. LEXIS 14734 (11th Cir. June 16, 2025). *See* Opp. at 6. But in *Coates*, the Eleventh Circuit **affirmed** an order dismissing a complaint for failure to prosecute even though the plaintiff did not have counsel. *Id*. The same is not true here since Plaintiff was at all times represented by counsel, who was aware of, and ignored the Court's orders and deadlines. Thus, the *Coates* decision actually supports dismissal of Plaintiff's complaint under Rule 41 here.

9

## IV. DEFENDANT TIMELY ANSWERED THE COMPLAINT.

Last, Plaintiff incorrectly asserts that Defendant's answer was untimely. *See* Opp. at 7-8. The Order granting Defendant's Partial Motion to Dismiss was not entered until January 21, 2026, and in turn, the parties had no notice of it until January 21, 2026. *See* Dkt. 37.

**Image 1**[2]

| 37 | Filed: 01/20/2026 | Order on Motion to Dismiss for Failure to State a Claim |
|----|------|------|
|    | Entered: 01/21/2026 | |

Rule 12(a)(4) provides that responsive pleadings must be served fourteen (14) days "after *notice* of the court's action." Fed. R. Civ. P. 12(a)(4); *see* LR N.D. Ga. Appendix H, Guideline II.E.1 (an order has "force and effect" on the date the "order [is] *entered* electronically"). Defendant timely answered the Complaint on February 4, 2026, fourteen (14) days from January 21, 2026. *See* Dkt. 48. Thus, Plaintiffs' mischaracterization of the record as an excuse for his own obvious and admitted failure to prosecute necessarily fails.[3]

---

[2] Image 1 is a screen capture of this Court's ECF docket.

[3] It strains credulity for Plaintiff (or his counsel) to argue that retaining local counsel "is a more onerous demand" than filing an answer in this case given that Plaintiff's local counsel literally works at the same firm as the attorney who represented him when this case was pending in WDNY and has also appeared on his behalf here.

## V. CONCLUSION.

Ultimately, the Kataev Declaration and Plaintiff's Opposition—including the legal authority cited therein—confirm that this Court should dismiss Plaintiff's Complaint pursuant to Rule 41 of the Federal Rules of Civil Procedure.[4]

Dated:  March 10, 2026

/s/ Dominique F. Saint-Fort
Dominique F. Saint-Fort, Bar No. 526306
dsaintfort@littler.com
LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E.
Suite 1200
Atlanta, Georgia 30326.1127
Telephone:  404.233.0330
Facsimile:   404.233.2361

Jessica F. Pizzutelli, Bar No. 5278296
*Pro Hac Vice Admission Granted*
jpizzutelli@littler.com
LITTLER MENDELSON, P.C.
375 Woodcliff Drive, Suite 2D
Fairport, New York 14450
Telephone:  585.203.3400
Facsimile:   585.203.3414

Attorneys for Defendant

---

[4] Alternatively, as the *Goforth* Court noted, dismissal pursuant to Rule 16(f) also provides a basis to dismiss this action based upon the conduct outlined herein. *Goforth*, 766 F.2d at 1535. If the Court believes a lesser sanction is appropriate, Defendant respectfully requests that the Court require Plaintiff to pay the fees and costs associated with litigating this matter since its transfer to this Court.

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 7.1 of the Local Civil Rules for the Northern District of Georgia, the undersigned hereby certifies that this pleading has been prepared in compliance with Local Rule 5.1(C).

                                             */s/ Dominique F. Saint-Fort*
                                             Dominique F. Saint-Fort

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2026, I electronically filed the foregoing using the Court's ECF system, which will automatically generate notice to counsel of record for all other parties to the action.

*/s/Dominique F. Saint-Fort*
Dominique F. Saint-Fort
Attorney for Defendant
