**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

WALTER MILES,

                Plaintiff,

v.

LEWIS TREE SERVICE, INC,

                Defendants.

Case No.: 4:25-cv-244 (WMR) (JHR)

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.    Description of Case:**

**(a)    Describe briefly the nature of this action.**

Plaintiff Walter Miles ("Plaintiff" or "Miles") brings this action raising claims of race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*[1] Plaintiff seeks compensatory damages, attorney's fees, and litigation costs. Defendant Lewis Tree Service, Inc. ("Lewis Tree") denies liability for Plaintiff's claims.

**(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence**.

Plaintiff's Summary:

---

[1] On March 12, 2025, Plaintiff filed a Notice of Voluntary Dismissal, dismissing his claims of discrimination and retaliation under the Georgia Fair Employment Practices Act, O.C.G.A. §§ 45-19-29, et seq., and all claims against Billy McCollum. *See* Dkt. No. 15. Additionally, Defendant's Partial Motion to Dismiss was granted, dismissing Plaintiff's (1) retaliation claims under Title VII; (2) discrimination claims under Title VII predating April 16, 2023, and (3) all claims against Wilderness USA, Inc. *See* ECF Dkt. No. 37.

Plaintiff was qualified for his position at Lewis Tree, where he had worked since May 2014.  Beginning in or around 2017, Plaintiff first met Billy McCollum ("McCollum"), and immediately noticed that McCollum treated employees differently based on their race.

For example, McCollum ignored safety reports from Plaintiff, resulting in a safety incident occurring, which McCollum immediately blamed on Plaintiff despite his earlier report.  Thereafter, McCollum requested that Plaintiff prepare equipment to be sent for salvage – a task outside of Plaintiff's usual job duties – only to later accuse Plaintiff of stealing this very equipment.  McCollum later falsely accused Plaintiff of speeding.  McCollum made similar accusations against other Black and African American employees.  Plaintiff was routinely denied promotions following McCollum's attempts to have Plaintiff disciplined.

Plaintiff left his employment due to McCollum's treatment, only to be called back by Lewis Tree due to his extensive qualifications.  Although Plaintiff insisted that he not be assigned to work with McCollum, Lewis Tree assigned them to work together once more.

Within two months, McCollum falsely accused Plaintiff of starting a physical altercation amongst employees of Lewis Tree.  McCollum also stated words to the effect of "Walter, you a Black man and it does not look right for you to be in such a position.  People like you should not be in a position like that."

Later, McCollum engaged in a racial tirade against Plaintiff, incessantly yelling profane language.  McCollum also made statements that people of Plaintiff's race should not be in positions of authority.

Defendant's Summary:

Lewis Tree provides comprehensive vegetation management services for public utilities, electrical co-ops, and municipalities across the eastern United States. Lewis Tree is experienced in providing utility line clearance, aerial trimming, hazard tree removal, emergency storm response, and right-of-way clearing. Lewis Tree rehired Plaintiff in March 2022 in a supervisory position as a Crew Leader. Plaintiff was promoted to Team Leader and later to another, higher level supervisory role.

In 2023, Plaintiff was working on a site north of Atlanta, Georgia when Lewis Tree uncovered issues with Plaintiff's interactions with the customer at the Atlanta site.  Plaintiff's actions were sufficient to raise concern with Lewis Tree that the Company's relationship with this customer was in jeopardy. Accordingly, Plaintiff's supervisor approached him about a transfer to a job in Mississippi, which Plaintiff accepted. Upon arriving to the role in Mississippi, Plaintiff struggled to manage his team and direct reports and was unable to adequately staff the production teams that reported to him.  As a consequence, he was required to assist his understaffed teams in completing daily work, leaving insufficient time during operational hours to properly supervise his other teams

and regularly survey their job sites to monitor those operations for safety violations or quality issues. Additionally, Plaintiff's work was substandard and, at times, incomplete. As such, Lewis Tree had to redirect resources to complete Plaintiff's poor work, which took away from other customer assignments, resulted in increased costs, and caused further delays to other Company projects

In late August 2023, Plaintiff's supervisor met with him to discuss his performance issues. Plaintiff's supervisor identified numerous concerns including, among others, understaffing, quality control issues, property damage, and safety hazards. As a result, Lewis Tree terminated Plaintiff on August 8, 2023 for the performance issues. Defendant denies discriminating against Plaintiff based his race, or any other protected characteristic. All employment actions taken with respect to Plaintiff were based on legitimate non-discriminatory reasons.

**(c)    The legal issues to be tried are as follows:**

Defendant's Statement:

1) Whether Plaintiff can establish a claim of race discrimination under Title VII after April 16, 2023;

2) Whether Defendant had legitimate, non-discriminatory reasons for terminating Plaintiff's employment;

3) Whether Plaintiff can establish pretext;

4) Whether Defendant can establish any of its defenses;

5) Whether Plaintiff mitigated his damages; and

6)      If Plaintiff can establish that Defendant violated the law, whether Plaintiff is entitled to damages and attorneys' fees and costs, and, if so, the appropriate amount(s).

Plaintiff's Statement:

1)      Whether Plaintiff can establish a *prima facie* case of race discrimination under Title VII;

2)      Whether Defendant had legitimate, non-discriminatory reasons for terminating Plaintiff's employment;

3)      Whether Plaintiff can establish pretext;

4)      Whether Defendant can establish any of its defenses;

5)      Whether Plaintiff mitigated his damages; and

6)      If Plaintiff can establish that Defendant violated the law, whether Plaintiff is entitled to damages and attorneys' fees and costs, and, if so, the appropriate amount(s).

**(d)     The cases listed below (include both style and action number are:**

1)      Pending Related Cases:  None.

2)      Previously Adjudicated Related Cases: None.

**2.     This case is complex because it possesses one (1) or more of the features listed below (please check):**

| | | |
|---|---|---|
| _____ | (1) | Unusually large number of parties |
| _____ | (2) | Unusually large number of claims or defenses |
| _____ | (3) | Factual issues are exceptionally complex |
| _____ | (4) | Greater than normal volume of evidence |
| _____ | (5) | Extended discovery period is needed |
| _____ | (6) | Problems locating or preserving evidence |
| _____ | (7) | Pending parallel investigations or action by government |
| _____ | (8) | Multiple use of experts |
| _____ | (9) | Need for discovery outside United States boundaries |
| _____ | (10) | Existence of highly technical issues and proof |
| _____ | (11) | Unusually complex discovery of electronically stored information |

This case is not complex.

3.    **Counsel:**

The following individually named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:
CONSUMER ATTORNEYS, PLLC
Attorneys for Plaintiff Walter Miles
Moshe O. Boroosan, Esq.
GA Bar No.: 744128
2800 North Druid Hills NE
Building A, Suite D
Atlanta, GA 30329-3921
(718) 887-2926 (office)
(718) 874-2914 (facsimile)
mboroosan@consumerattorneys.com
Emanuel Kataev, Esq.,
Admitted *pro hac vice*
6829 Main Street
Flushing, NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

Defendant:
LITTLER MENDELSON, P.C.
Attorneys for Defendant
Dominique F. Saint-Fort, Bar No. 526306
dsaintfort@littler.com
3424 Peachtree Road N.E., Suite 1200
Atlanta, Georgia 30326.1127
Telephone:   404.233.0330
Facsimile:   404.233.2361

Jessica F. Pizzutelli, Bar No. 5278296
*Pro Hac Vice Admission granted*
jpizzutelli@littler.com

375 Woodcliff Drive, Suite 2D
Fairport, New York 14450
Telephone:  585.203.3400
Facsimile:   585.203.3414

**4.**     **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

_____ Yes    __X__ No

If "yes" please attach a statement, not to exceed one page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

**5.**     **Parties to This Action:**

**(a)**     The following persons are necessary parties who have not been joined:

None.

**(b)**     The following persons are improperly joined as parties:

None.

**(c)**     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

**(d)**     The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.**     **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15.  Further instructions regarding amendments are contained in LR 15.

**(a)** List separately any amendments to the pleadings that the parties anticipate will be necessary:

The parties do not currently anticipate any amendments to the pleadings.

**(b)** Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.    Filing Times for Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b) *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.    Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information.  Refer to Fed. R. Civ. P. 26(a)(1)(B).

The Parties do not object to serving Initial Disclosures on or before April 30, 2026.

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

The Parties do not currently request a scheduling conference.

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero-month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

Defendant's Statement:

    1)    The factual and legal basis of Plaintiff's claims;

    2)    The factual and legal basis of Defendant's defenses;

    3)    Damages (including mitigation), if any;

    4)    Any other issues that may become known or relevant during discovery.

Plaintiff's Statement:

    1)    The factual and legal basis of Plaintiff's claims;

    2)    The factual and legal basis of Defendant's defenses;

    3)    Damages (including mitigation), if any;

4) Communications between and regarding Plaintiff, his performance, complaints of discrimination, and the Defendant's response to those complaints;[2]

5) McCollum's and Plaintiff's respective personnel files;[3]

6) Any other issues that may become known or relevant during discovery.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The Parties jointly request a four (4) month discovery period.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

None. However, for good cause shown, and depending on future developments of this action, the parties may need to modify the current limitations on discovery. Should such modification be required, the parties agree to work together, in good faith, to minimize discovery beyond that allowed under the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule"), while maintaining the ability to appropriately litigate the case, and request any such modification from the Court.

---

[2] Defendant expressly objects to the inclusion of this statement as it is not a subject of discovery, but rather a specified discovery request that is overly broad and presumes facts not admitted or otherwise established.
[3] Defendant expressly objects to the inclusion of this statement as it is not a subject of discovery, but rather a specified discovery request that is overly broad regarding a non-party to this action.

(b)      Is any party seeking discovery of electronically stored information?

    X   Yes            ___   No

If "yes,"

(i)      The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The Parties have met and conferred and agree to further meet and confer to discuss the discovery of ESI in greater detail, including the following issues, if necessary: (a) collection, search, and review methodologies, including search terms, custodians, and date limitations for ESI; (b) timing for production; (c) cost-allocation under Rule 26(c)(1)(B) related to the preservation, harvesting, processing, review, and production of ESI requested by a party to meet the proportionality mandates of Rule 26(b)(1); and/or (d) the need to preserve and search sources of ESI that any party identifies as not reasonably accessible pursuant to Rule 26(b)(2)(B).

Further, the Parties will adhere to the obligations and requirements established by the Rules and the Local Rules of this Court regarding discovery of ESI. The Parties will work in good faith to engage in the discovery of ESI, including format, proper custodians, search terms, and timeframes. The Parties reserve the right to seek discovery of ESI to the extent allowed under the Rules and the Local Rules of this Court. The Parties agree that all discovery (including document production) may be served and/or exchanged electronically by email or other electronic or web-based

means. The Parties agree that documents and ESI may initially be produced in searchable PDF format with metadata preserved, and if another format is requested or required, then the Parties will work together in good faith to determine a suitable alternate format for production. The Parties will, to the extent feasible, cooperate to avoid unnecessary expense in connection with such discovery.

(ii)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF Files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The Parties may initially produce documents and ESI in searchable portable document format ("PDF"). In the event that the Parties stored documents responsive to discovery requests in their usual course of business in another format or in the event that the native format of the document(s) is requested or required, the Parties will confer in good faith to agree upon the format and method of exchange.

In the absence of agreement on issues regarding discovery of ESI, the parties shall request a scheduling conference in paragraph 9 hereof.

## 12.    Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties are negotiating a possible Consent Protective Order governing protection and production of confidential information, documents and materials.

**13.    Privileged or Protect Material**

Do the parties anticipate any issues about claims for privilege or of protection with respect to trial-preparation materials?

_____ Yes           _X_ No

If "yes,"

The parties have discussed their views and proposals on any such issues, including the timing and method for complying with Rule 26(b)(5)(A) and whether, if they agree on a procedure to assert the claims after production, to ask the Court to include their agreement in an order under Rule 502 of the Federal Rules of Evidence. The parties have agreed as follows:

The Parties agree that Federal Rules applicable to privileged and protected documents apply and will follow those rules in case of a dispute. The parties will submit a proposed Rule 502(d) Order for the Court's consideration.

**14.    Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on April 6, 2026, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

| For Plaintiff: | Lead counsel (signature): | *s/ Emanuel Kataev, Esq.* |
|---|---|---|
| | Other participants: | Alivia Cooney, Tammy Aronbayev, and Etelle Abramov; paralegals. |

13

For Defendant:        Lead counsel         *s/ Dominique F. Saint-Fort*
                      (signature):

                      Other participants:    N/A

(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_X_) A possibility of settlement before discovery.

(_X_) A possibility of settlement after discovery.

(_X_) A possibility of settlement, but a conference with the judge is

needed.

(____) No possibility of settlement.

(c)    Counsel ( X ) do or (___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is to be determined by the parties.

(d)    The following specific problems have created a hindrance to settlement of this case.

Defendant's Position:

During early 2024, the parties reached an agreement to resolve this matter following mediation conducted with the EEOC. However, Plaintiff was ultimately unwilling to enter into the settlement agreement presented by Lewis Tree and took issue with several of its general terms, even those that were specifically included to protect his rights/interests. Plaintiff's unwillingness to agree to commonly used settlement terms, including terms benefitting him, would impede the parties from fully resolving this matter should they agree to mediate this matter again.

Plaintiff's Response:

During early 2024, Lewis Tree reached an agreement to resolve this matter

14

directly with Plaintiff, who was *pro se* at the time, following mediation conducted with the EEOC. However, Plaintiff, *pro se* at the time, was ultimately unwilling to enter into the settlement agreement presented by Lewis Tree and took issue with several of its general terms, even those that were specifically included to protect his rights/interests. Plaintiff's unwillingness to agree to commonly used settlement terms, including terms benefitting him, would impede the parties from fully resolving this matter should they agree to mediate this matter again.  The parties later, through counsel, engaged in extensive settlement discussions, exchanging offers and demands, but were unable to reach any resolution because Defendant repeatedly engaged in regressive bargaining.

## 15.   Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)   The parties () do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ___ day _____, of 2026.

(b)   The parties (_X_) do not consent to having this case tried before a magistrate judge of this Court.

*[Signatures on Following Page]*

15

Respectfully submitted this 9th day of April 2026.

*/s/Emanuel Kataev, Esq.*

**CONSUMER ATTORNEYS, PLLC**
Attorneys for Plaintiff Walter Miles
Moshe O. Boroosan, Esq.
GA Bar No.: 744128
2800 North Druid Hills NE
Building A, Suite D
Atlanta, GA 30329-3921
(718) 887-2926 (office)
(718) 874-2914 (facsimile)
mboroosan@consumerattorneys.com

Emanuel Kataev, Esq., admitted pro hac vice
6829 Main Street
Flushing, NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*/s/ Dominique F. Saint-Fort*

LITTLER MENDELSON, P.C.
Attorneys for Defendant
Dominique F. Saint-Fort,
Bar No. 526306
dsaintfort@littler.com
3424 Peachtree Road N.E.,
Suite 1200
Atlanta, Georgia 30326.1127
Telephone:  404.233.0330
Facsimile:  404.233.2361

Jessica F. Pizzutelli,
Bar No. 5278296
*Pro Hac Vice Admission granted*
jpizzutelli@littler.com
375 Woodcliff Drive, Suite 2D
Fairport, New York 14450
Telephone:  585.203.3400
Facsimile:  585.203.3414

16

* * * * * * * * * * * * *

SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Schedule form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified. The discovery period shall be four months.

IT IS SO ORDERED, this _____ day of _____, 2026.

_____
JOHN H. RAINS IV
UNITED STATES MAGISTRATE JUDGE