**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| WALTER MILES,<br><br>        Plaintiff,<br><br>v.<br><br>LEWIS TREE SERVICE INC.,<br><br>        Defendant. | Case No.: 4:25-cv-244 (WMR) (JHR)<br><br>**PLAINTIFF'S SUR-REPLY TO DEFENDANT'S OBJECTION TO PRODUCING A RULE 30(b)(6) DESIGNEE FOR A DEPOSITION** |

Plaintiff Walter Miles ("Plaintiff"), by and through undersigned counsel, respectfully submits this sur-reply as directed by the Court in its July 17, 2026 Order. See ECF Docket Entry 63.  In support, Plaintiff states as follows:

1.　A court has "broad discretion" in determining whether to grant a stay of discovery. See Rivas v. The Bank of New York Mellon, 676 Fed. Appx. 926, 932 (11th Cir. 2017); see also Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993) ("The district court has broad discretion  to control discovery").

2.　Indeed, district courts thus have "broad discretion " to resolve pretrial discovery disputes and scheduling matters, as well as to manage trials. See Perez v. Miami-Dade County, 297 F.3d 1255, 1263 (11th Cir. 2002); United States v. Hilliard, 752 F.2d 578, 582 (11th Cir. 1985); see also LR 16.2(B), NDGa. ("The Court may, in its discretion, shorten or lengthen the time for discovery").

3.      Here, this Court should exercise its discretion in granting Plaintiff an opportunity to depose Defendant.

4.      Although Plaintiff concedes he did not notice a deposition during the discovery period, there appears to be no sense in denying Plaintiff's request to depose Defendant within the ten (10) day time period between today and July 30, 2026 other than strategic gamesmanship by the Defendant.

5.      Depositions are an important discovery tool, and "[t]he right to take depositions is a broad one." See Odom v. Roberts, 337 F.R.D. 359, 362 (N.D. Fla. 2020) (cleaned up).

6.      It is therefore unsurprising that a party seeking to prevent a deposition has a steep hill to climb. See Dunford v. Rolly Marine Serv. Co., 233 F.R.D. 635, 637 (S.D. Fla. 2005).

7.      Such relief should only be granted in extraordinary circumstances. See Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error"); see also Credit Lyonnais, S.A. v. SGC Intern., Inc., 160 F.3d 428, 429 (8th Cir. 1998) ("The right to take depositions is "broad" because depositions are such an important tool of discovery").

8.    Here, Defendant will presumably rely on witness testimony from one of its employees or principals, most likely former-Defendant Billy McCollum ("McCollum") himself who was the individual that processed Plaintiff's termination.

9.    Defendant therefore has no good reason to refuse producing McCollum in order to permit the parties to conduct an efficient trial.

10.    Moreover, depositions are often critical for resolution of cases vis-a-vis settlement discussions, and may be used in summary judgment motion practice.

11.    Plaintiff thanks this Court for its time and attention to this case.

Dated: Flushing, New York        RESPECTFULLY SUBMITTED,
      July 20, 2026        */s/ Emanuel Kataev, Esq.*
            Emanuel Kataev, Esq.
            6829 Main Street
            Flushing, NY 11367-1305
            (718) 412-2421 (office)
            (718) 489-4155 (facsimile)
            ekataev@consumerattorneys.com
            *Admitted pro hac vice*

            **CONSUMER ATTORNEYS PLLC**
            Moshe O. Boroosan, Esq.
            GA Bar No.: 744128
            2800 North Druid Hills NE
            Building A, Suite D
            Atlanta, GA 30329-3921
            (718) 887-2926 (office)
            (718) 874-2914 (facsimile)
            mboroosan@consumerattorneys.com

            *Attorneys for Plaintiff*
            *Walter Miles*

- 3 -