**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

WALTER MILES,

                Plaintiff,

v.

LEWIS TREE SERVICE, INC.,

                Defendant.

Case No.: 4:25-cv-244-WMR-JHR

## JOINT STATUS REPORT REGARDING DISCOVERY

Pursuant to the Court's Order, ECF Dkt. No. 63, Defendant Lewis Tree Service, Inc. ("Lewis Tree" or "Defendant") and Plaintiff Walter Miles ("Plaintiff") submit the foregoing status report regarding the results of their discovery conferrals:

1.     On June 30, 2026, Defendant sent Plaintiff a deficiency letter. *See* Exhibit A.

2.     On July 20, 2026, Plaintiff responded to Defendant's letter. *See* Exhibit B.

3.     The parties then met and conferred through counsel via video conference at 4 pm EST on July 20, 2026. Plaintiff's counsel represented during that call that Plaintiff was not withholding any documents on the basis of his general or specific objections, would produce all documents responsive to Defendant's RFP No. 1, and would produce supplemental written document responses consistent with the representations in his letter at Exhibit B, namely that Plaintiff is not withholding

documents on the basis of his objections and has no responsive documents. Plaintiff will, to the extent he is in possession, custody, and/or control of same, produce his tax returns, supplemental document responses, and any other responsive documents, including documents regarding mitigation or his job search efforts, on or before July 29, 2026. Plaintiff also made a second production of documents Bates stamped P11-P14.

4.    Upon Plaintiff making his above-referenced July 29, 2026 production and supplementation, this resolves the parties' dispute regarding Plaintiff's written discovery responses, subject to Plaintiff's deposition.

5.    The parties still have a live dispute, however, regarding Plaintiff's request to take Defendant's deposition.

- Defendant's position: Defendant would appreciate the opportunity to address this issue at the in-person hearing on August 3, 2026, as it is Defendant's position that Plaintiff's untimely request severely prejudices Defendant (a point that Defendant will address at the hearing, unless the Court permits Defendant to file a sur-sur reply, which Plaintiff does not object to). Defendant believes that if its counsel is to appear in-person at the August 3, 2026 conference, per Court order, so too must Plaintiff's counsel. Requiring all counsel to attend in-person would likely benefit both parties and the Court, as it would be the first time during the long pendency of this matter that the

parties' counsel appear in Court, and meet in person.

- Plaintiff's position: Plaintiff respectfully disagrees that a conference is necessary, and submits that holding a hearing on August 3, 2026 for this rather simple dispute that may be decided in the Court's discretion on the papers would defeat the purpose of conducting Defendant's deposition between now and July 31, 2026. Critically, Defendant only states in a conclusory manner that it would be prejudiced by producing a witness for a deposition without explaining how. Should the Court nonetheless deem a hearing necessary, Plaintiff respectfully requests that his undersigned counsel, Emanuel Kataev, Esq., be permitted to attend remotely and that the conference be conducted in the late afternoon. This is because Plaintiff's undersigned counsel is scheduled to appear in the Supreme Court of the State of New York, New York County, before the Hon. Ronald Castorina, Jr., J.S.C. for a hearing on a contempt motion on August 3, 2026 in Manhattan and must appear in the Sag Harbor Justice Court in Sag Harbor, New York on August 4, 2026, which is a remote destination that is not easy to travel to by plane. The foregoing engagements render travel to Georgia on August 3, 2026 unfeasible and impractical especially in light of the fact that the parties have otherwise worked out all discovery disputes. To the extent that the Court agrees with Defendant's belief that an in-person appearance would be beneficial (which it should not), an

3

adjournment would be necessary so that your undersigned may travel to

Georgia from New York.

Respectfully submitted this July 21, 2026.

/s/Emanuel Kataev, Esq.*
**CONSUMER ATTORNEYS, PLLC**
Attorneys for Plaintiff Walter Miles
Moshe O. Boroosan, Esq.
GA Bar No.: 744128
2800 North Druid Hills NE
Building A, Suite D
Atlanta, GA 30329-3921
(718) 887-2926 (office)
(718) 874-2914 (facsimile)
mboroosan@consumerattorneys.com

Emanuel Kataev, Esq.,
*admitted pro hac vice*
6829 Main Street
Flushing, NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*\*With express permission*

/s/ Dominique F. Saint-Fort
**LITTLER MENDELSON, P.C.**
Attorneys for Defendant
Dominique F. Saint-Fort,
Bar No. 526306
dsaintfort@littler.com
3424 Peachtree Road N.E.,
Suite 1200
Atlanta, Georgia 30326.1127
Telephone:  404.233.0330
Facsimile:   404.233.2361

Jessica F. Pizzutelli,
Bar No. 5278296
*Pro Hac Vice Admission granted*
jpizzutelli@littler.com
375 Woodcliff Drive, Suite 2D
Fairport, New York 14450
Telephone:  585.203.3400
Facsimile:   585.203.3414

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 7.1 of the Local Civil Rules for the Northern District of

Georgia, the undersigned hereby certifies that this pleading has been prepared in

compliance with Local Rule 5.1(C).


*/s/ Dominique F. Saint-Fort*
Dominique F. Saint-Fort

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2026, I electronically filed the foregoing using the Court's ECF system, which will automatically generate notice to counsel of record for all other parties to this action.

*/s/Dominique F. Saint-Fort*

Dominique F. Saint-Fort
Attorney for Defendant