# EXHIBIT A



**Littler Mendelson, P.C.**
3424 Peachtree Road N.E.
Suite 1200
Atlanta, Georgia 30326.1127


Dominique F. Saint-Fort
404.443.3503 direct


June 30, 2026


**VIA E-MAIL**

Mr. Moshe O. Boroosan
Mr. Emanuel Kataev
Consumer Attorneys PLLC
2800 North Druid Hills NE
Atlanta, GA 30329

> Re:    *Walter Miles v. Lewis Tree Service, Inc.*
>        *Civil Action No. 4:25-cv-244-WMR-JHR*

Dear Messrs. Boroosan and Kataev:

Enclosed please find a notice of deposition for Plaintiff Walter Miles, to occur in person on July 6, 2026 at our offices in Atlanta, Georgia.

On a related note, we reviewed Plaintiff's Responses to Defendant's First Request for Production to Plaintiff (the "Responses"). The Responses are materially deficient in a number of respects. We write now, on behalf of Defendant, in a good-faith effort to address these deficiencies and to avoid a discovery dispute between the parties, consistent with the requirements of Fed. R. Civ. P. 37(a)(1) and Local Rule 37.1(A)(1).

**Please confirm by July 2, 2026 that you will address these material deficiencies and bring all responsive documents to Plaintiff's deposition on July 6, 2026. If you do not agree, please advise of your availability on July 2, 2026 for a call to meet and confer and discuss the below deficiencies**. If the parties cannot resolve this matter, Defendant will seek Court involvement to obtain Plaintiff's compliance with his obligations.[1]

---

[1] Defendant's review and analysis of Plaintiff's Responses – particularly as they relate to his production of responsive documents – and Interrogatory Responses remains ongoing. Failure to address an objection, a response, or any other deficiency in Plaintiff's Responses (and related document production) in this letter does not waive Defendant's right to raise that matter later in the event Plaintiff produces any additional documents responsive to the discovery requests discussed herein, and Defendant specifically reserves their right to do this, including, but not limited to, by moving the Court to compel discovery and other sanctions.

June 30, 2026
Page 2

## I.      Plaintiff's General Objections Are Improper.

Plaintiff's Responses improperly assert general, non-specific objections which are not proper. Pursuant to Judge William M. Ray, II's Standing Order Regarding Civil Litigation, "general objections are prohibited." (*See* Standard Order Regarding Civil Litigation at p. 12). Plaintiff asserts thirteen (13) general, non-specific objections to which "[a]ll of Plaintiff's answers are made subject to," in the section of the Responses titled "General Objections." (Responses at 1-3).  Beacsuse such general objections are prohibited; Plaintiff must withdraw those objections and re-serve amended responses to Defendant's Requests for Production.

## II.      Plaintiff's Boilerplate Objections Are Also Improper.

Judge William M. Ray, II's Standing Order Regarding Civil Litigation provides "[b]oilerplate objections in response to discovery requests are strictly prohibited." (*See* Standard Order Regarding Civil Litigation at p. 11). Moreover, that Order provides that a party should not "carelessly invoke the usual litany of rote objections," including objections asserting "attorney-client privilege, work product immunity from discovery," and those related to overbreadth, excessive burden, relevance, or that a request is not reasonably calculated to lead to the discovery of admissible. (*Id*. at p. 11-12).

Plaintiff's Responses assert numerous boilerplate objections. In responding to Defendant's Requests for Production, Plaintiff asserts the following objection (or a nearly identical objection) "Plaintiff objects to this request to the extent that it is overly broad, unduly burdensome, vague, and not relevant and proportional to the needs of the case," on approximately twenty-five (25) occasions. None of the objections contain any specificity or explanation. For example, while many Responses object claiming that the relevant request is "not relevant and proportional to the needs of the case," the Responses nowhere explain why they are not relevant or proportional, what burden exists, or why narrower production is not possible. Not to mention, the same objection is made in response to several discovery requests seeking information from Plaintiff's pleading and/or Rule 26 disclosures – all of which is relevant and proportional to the needs of this case. Likewise, in the instances where Plaintiff contends that a request is vague or unduly burdensome, he fails to explain how the relevant request is vague or to quantify any alleged undue burden imposed by any of Defendant's discovery requests which serves as a tacit admission that the stated objections are, in fact, inapplicable.

Plaintiff – in essentially *each* of the Responses – also responds "[s]ubject to the foregoing objections." Responding "subject to objections," is not permitted under Judge William M. Ray, II's Standing Order Regarding Civil Litigation. (*See* Standard Order Regarding Civil Litigation at p. 13). Doing so is improper and Plaintiff's habitual reliance upon this tactic is an abusive discovery practice.

June 30, 2026
Page 3

Since Plaintiff's Responses rely upon improper boilerplate objections, Plaintiff must re-serve the Responses, removing the boilerplate objections asserted and completely responding to Defendant's First Request for Production to Plaintiff.

Finally, Plaintiff's Responses repeatedly assert the attorney-client privilege and/or work product protection, but Plaintiff does not indicate whether any privileged documents exist or whether any documents are being withheld and no privilege log was produced. Rather, Plaintiff frequently responds that, at some unidentified point in the future, Plaintiff "will state whether any documents are being withheld on the basis of [his] objections." Plaintiff's hypothetical assertion of privilege or work product protection is not proper. Plaintiff must remove the supposed objections to attorney-client privilege and/or work product protection and (1) specifically identify if any documents are being withheld and (2) if so, provide a log of any documents being withheld.

### III.   Specific Issues With Plaintiff's Responses.

#### A.   Document Request No. 1

Plaintiff's Response to Document Request No. 1 is incomplete. Plaintiff's answers to Defendant's Interrogatories refer to Plaintiff's Rule 26 disclosures on several occasions, and those disclosures reference email correspondence and documentation "submitted to and/or received from" the EOOC and the Georgia Department of Labor, yet, in the 10 pages of information Plaintiff produced, there are no emails with either of those entities and much of Plaintiff's production – Bates Pages P2-8 – constitutes documents that Defendant's counsel prepared and submitted to the EEOC. Moreover, Plaintiff's objections to this Request are meritless as the Request is narrowly tailored to the non-privileged information Plaintiff relied upon in responding to Defendant's Interrogatories. Not to mention, Plaintiff did not produce a privilege log and Plaintiff's response to this Request, namely that Plaintiff will at some unidentified point in the future, state if Plaintiff are withholding any information responsive to Request No 1. is improper. Defendant requests that Plaintiff fully respond to this Request and produce any and all documents responsive to the Request by the date of his deposition on July 6.

#### B.   Document Request No. 2

In responding to Document Request No. 2, Plaintiff refers to the documents produced; however, none of those documents appear to contain or reflect "any statement or action" from any one of Defendant's employees that supports any of Plaintiff's claims in this Action, the information which this Request sought. Plaintiff must definitively state whether he possesses any documents responsive to this Request, whether he is withholding responsive documents on the basis of his objections, and produce responsive documents if they exist by the date of his deposition on July 6.

June 30, 2026
Page 4

C.      **Document Request No. 5**

Like Plaintiff's response to Document Request No. 2, none of the documents Plaintiff produced contain any communications between Plaintiff and any other individual "relating to Plaintiff's claims against Lewis Tree," which is the subject matter of this Request. Plaintiff must definitively state whether he possesses any documents responsive to this Request and produce those documents if they exist.

D.      **Document Requests Nos. 7 & 9**

These Requests sought documents related to Plaintiff's education, background, and work experience, i.e., a copy of Plaintiff's resume, and documents related to his efforts to obtain employment after Plaintiff's separation from Defendant. It is nonsensical that producing a copy of Plaintiff's resume is overly broad, unduly burdensome or otherwise not relevant to or proportional to the needs of this case, as Plaintiff's objections to Request No. 7 contend, given that Plaintiff purports to seek front and back pay damages. For the same reason, Plaintiff's efforts to obtain employment after Plaintiff's separation from Defendant are entirely proportional and relevant to this action, including his efforts to mitigate, and Plaintiff's Interrogatory responses indicate that Plaintiff purportedly applied for positions after Plaintiff's separation from Defendant; however, Plaintiff's document production contains no documents evidencing those purported applications or job-seeking efforts. Accordingly, Defendant requests that Plaintiff supplement Plaintiff's responses to these Requests and provide all documents in Plaintiff's possession, custody, or control responsive to the Requests.

E.      **Document Request No. 8**

This Request sought documents related to your employment with Defendant; however, your response fails to state whether you possess any documents responsive to this Request. Therefore, Plaintiff must definitively state whether he possesses any documents responsive to this Request and produce those documents if they exist.

F.      **Document Request No. 12**

Like Plaintiff's response to Document Request No. 1, Plaintiff's response to this Request is incomplete. First, Plaintiff asserts several objections which are not applicable. Second, Plaintiff's response refers to documents produced, but, as outlined above concerning Plaintiff's response to Document Request No. 1, Plaintiff failed to produce the documents which Plaintiff apparently possesses responsive to this Request. By way of example, Plaintiff did not produce a copy of Plaintiff's Charge of Discrimination or the Notice of Right to Sue letter Plaintiff received from the EEOC, yet both of those documents are responsive to this Request. Defendant requests that Plaintiff supplement Plaintiff's responses to this Request and provide all documents in Plaintiff's possession, custody, or control responsive to the Request.

June 30, 2026
Page 5


### G.      Document Request No. 14

Document Request No. 14 seeks communications with specific individuals identified in Plaintiff's Complaint, and therefore, seeks documents that are clearly relevant to this action and is not overly broad. Indeed, Plaintiff quotes specific statements/comments from individuals identified in the Request in Plaintiff's answers to Defendant's Interrogatories, yet Plaintiff failed to produce any documents responsive to this Request. Plaintiff must definitively state whether he possesses any documents responsive to this Request (or whether he is withholding documents on the basis of his objections) and produce those documents if they exist. If no such information exists, please plainly state as much.

### H.      Document Request No. 22

Plaintiff's response to this Request fails to state whether he possesses any documents responsive to this Request which directly relates to his damages in this action, and it appears that Plaintiff applied for benefits identified in this Request, and that documents responsive to this Request exist and/or are within Plaintiff's possession, custody, and control. Plaintiff must supplement his response to this Request to definitively state whether he possesses any documents responsive to this Request and produce those documents if they exist.

### I.      Document Request Nos. 23 & 27

Plaintiff's objections to these Requests are improper. Plaintiff failed to produce any documents responsive to these Requests, which is diametrically opposed to Plaintiff's allegations here, namely that Plaintiff purportedly suffered and is entitled to $125,000 in emotional distress damages. In particular, these Requests are relevant and proportional to the needs of the case given Plaintiff's aforementioned allegations of emotional distress. Moreover, Plaintiff's claim that Plaintiff is not in possession of any documents responsive to this Request is insufficient to absolve Plaintiff from producing the documents requested and/or providing an executed copy of the release identified in these Requests. Rule 26 of the Federal Rules of Civil Procedure requires a party disclose/produce documents in the party's possession *or* their custody or control. That obligation applies not just to information that an individual physically possesses but also information that the party has the legal right to obtain or the practical ability to acquire from uninterested parties. Accordingly, to the extent Plaintiff has the ability/right to obtain information responsive to these Requests, he must do and produce that information. If no such information exists, please state as much. We reattach a copy of the Authorization for Release of Medical Records here. Please return an executed copy by July 6, 2026.

### J.      Document Request No. 28

Plaintiff's response to this Request is deficient. None of the objections asserted in Plaintiff's response to this Request – which seeks *documentation* supporting Plaintiff's damages claims – are applicable or otherwise proper. While Plaintiff refers to his Rule 26 disclosures in

June 30, 2026
Page 6

response to this Request, Plaintiff produced no documents with those disclosures and, thus far, has produced no evidence beyond Plaintiff's supposition that Plaintiff sustained any damages. Defendant requests that Plaintiff supplement Plaintiff's responses to this Request and provide all documents in Plaintiff's possession, custody, or control responsive to the Request. If no such documentation exists, please state as much.

We look forward to hearing from you **by July 2, 2026**.

Sincerely,

Dominique F. Saint-Fort

cc:    Jessica F. Pizzutelli, Esq. (via email)