# EXHIBIT B

# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

July 20, 2026

**<u>VIA E-MAIL</u>**
Littler Mendelson, P.C.
<u>Attn</u>: Dominique F. Saint-Fort & Jessica F. Pizzutelli, Esqs.
3424 Peachtree Road N.E., Suite 1200
Atlanta, Georgia 30326-1127
dsaintfort@littler.com
jpizzutelli@littler.com

> Re:    **Walter Miles v. Lewis Tree Service, Inc.**
> **<u>Case No.: 4:25-cv-244 (WMR) (JHR)</u>**

Dear Mesdames Saint-Fort and Pizzutelli:

This firm represents Plaintiff Walter Miles (hereinafter the "Plaintiff") in the above-referenced case. We write in response to Defendants' deficiency letter.

## I.    Plaintiff's General Objections Are Proper.

Plaintiff's General Objections are not being relied upon as independent grounds to withhold documents. Plaintiff relies only on the objections stated in response to each individual request. Defendant has not identified any Request for Production for which Plaintiff withheld documents solely on the basis of a general objection, nor has Defendant identified any individual response that is unclear as to whether documents are being withheld. Accordingly, Defendant's demand for amended responses is unnecessary and disproportionate. To the extent Defendant contends that these General Objections remain deficient, Plaintiff requests that Defendant refer solely to Plaintiff's Specific Objections.

## II.    Plaintiff's Specific Objections Are Also Proper.

Plaintiff denies that their specific objections "carelessly invoke the usual litany of rote objections." Plaintiff does not dispute that boilerplate objections are prohibited under Judge Ray's Standing Order. But Defendant's position improperly treats any objection based on privilege, work product, overbreadth, burden, relevance, proportionality, or ambiguity as automatically boilerplate. That is not what the Standing Order provides. Plaintiff's Specific Objections are not "carelessly" asserted, they are carefully asserted. Moreover, in spite of these Specific Objections, Plaintiff has provided responsive discovery. Accordingly, Defendant's demand for amended responses is unnecessary and disproportionate. To the extent Defendant contends that these Specific Objections remain deficient, Plaintiff requests that Defendant refer to the discovery provided nonetheless.

### III.     Specific Issues With Plaintiff's Responses.

#### A.     Document Request No. 1

Plaintiff disputes Defendant's characterization of Plaintiff's response to Request No. 1 as incomplete. Request No. 1 does not seek "all documents concerning the EEOC," "all communications with the EEOC," or "all documents submitted to or received from the Georgia Department of Labor." Rather, Request No. 1 seeks only "[a]ll documents that you identified in your responses to Defendant's First Set of Interrogatories to Plaintiff." Defendant's deficiency letter improperly expands the scope of Request No. 1 beyond its plain language. Plaintiff produced documents responsive to Request No. 1 that are in Plaintiff's possession, custody, or control and that correspond to documents identified in Plaintiff's interrogatory responses. Those documents are responsive if they were among the documents identified in Plaintiff's interrogatory responses. Request No. 1 is limited to documents identified in Plaintiff's interrogatory responses; it is not a stand-alone request for every email, filing, communication, or document exchanged with the EEOC or Georgia Department of Labor. If Defendant seeks that broader category of documents, Defendant must rely on a properly framed request directed to that category, not rewrite Request No. 1 after the fact through a deficiency letter.

Nonetheless, Plaintiff will conduct a reasonable supplemental review to confirm whether any additional non-privileged documents, as requested in this letter, have not yet been produced. To the extent such documents are located, Plaintiff will produce them. To the extent none are located, Plaintiff will so confirm.

#### B.     Document Request No. 2

Plaintiff does not possess any documents responsive to this Request and is not withholding any documents in his possession, custody, or control on the basis of his objections.

#### C.     Document Request No. 5

Plaintiff does not possess any documents responsive to this Request and is not withholding any documents in his possession, custody, or control on the basis of his objections.

#### D.     Document Requests Nos. 7 & 9

The portion of Plaintiff's response objecting to this as overly broad, unduly burdensome, and otherwise not relevant to or proportional to the needs of this case is obviously referring to the expansive language of the Requests, rather than simply to the part of each Request pertaining to Plaintiff's resume. Note the limited nature of the objection, given the phrase "to the extent that" such Request is overly broad, etc.

Plaintiff acknowledges that it is necessary for Defendant to seek such discovery, which is relevant to mitigation of damages. Nonethless, Plaintiff does not possess any documents responsive to this Request and is not withholding any documents in his possession, custody, or control on the basis of his objections.

### E.   Document Request No. 8

Plaintiff does not possess any documents responsive to this Request and is not withholding any documents in his possession, custody, or control on the basis of his objections.

### F.   Document Request No. 12

Defendant improperly and curiously again conflates this Request with Request No. 1. Notwithstanding the foregoing, Plaintiff does not possess any documents responsive to this Request and is not withholding any documents in his possession, custody, or control on the basis of his objections.

### G.   Document Request No. 14

Plaintiff does not possess any documents responsive to this Request and is not withholding any documents in his possession, custody, or control on the basis of his objections.

### H.   Document Request No. 22

Plaintiff does not possess any documents responsive to this Request and is not withholding any documents in his possession, custody, or control on the basis of his objections.

### I.   Document Requests Nos. 23 & 27

Plaintiff does not possess any documents responsive to this Request and is not withholding any documents in his possession, custody, or control on the basis of his objections.  Plaintiff asserts a garden-variety claim for emotional distress damages and did not seek formal medical treatment for emotional distress.

### J.   Document Request No. 28

Plaintiff does not possess any documents responsive to this Request and is not withholding any documents in his possession, custody, or control on the basis of his objections.

Plaintiff looks forward to meeting-and-conferring with Defendant at 4:00 PM today.

Dated:  Jamaica, New York
      July 20, 2026                              Respectfully submitted,

                                   **CONSUMER ATTORNEYS, PLLC**

                                   Moshe O. Boroosan, Esq.
                                   GA Bar No.: 744128
                                   2800 North Druid Hills NE
                                   Building A, Suite D
                                   Atlanta, GA 30329-3921
                                   (718) 887-2926 (office)
                                   (718) 874-2914 (facsimile)
                                   mboroosan@consumerattorneys.com

                                   By:  _/s/ Emanuel Kataev, Esq._
                                   Emanuel Kataev, Esq.
                                   Admitted _pro hac vice_
                                   6829 Main Street
                                   Flushing, NY 11367-1305
                                   (718) 412-2421 (office)
                                   (718) 489-4155 (facsimile)
                                   ekataev@consumerattorneys.com

                                   _Attorneys for Plaintiff_
                                   _Walter Miles_

4