**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| WALTER MILES,<br>Plaintiff,<br>v.<br>LEWIS TREE SERVICE, INC.,<br>Defendant. | Civil Action No.<br>4:25-cv-244 (WMR) (JHR)<br>JURY TRIAL DEMANDED<br>PRETRIAL CONFERENCE REQUESTED |

**CONSOLIDATED PROPOSED PRETRIAL ORDER**

1.

There are no motions or other matters pending for consideration by the court at this time.

2.

All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

**Defendant states that discovery from Plaintiff remains outstanding. Plaintiff has not produced his tax returns for the period of 2023-2025, despite committing to doing so and testifying at deposition that he "can find them".** ***See*** **Dkt. No. 65, at 1-2; Dkt. No. 67. Plaintiff objects to treating Defendant's discovery contention as an agreed finding of noncompliance or as a stipulation to preclusion, an adverse inference, or the absence of damages. The July 23, 2026 Order speaks for itself. Any dispute over compliance or sanctions must be determined by the Court upon a specific application and an opportunity to respond. Plaintiff objects under Rules 401 and 403 of the Federal Rules of Evidence to presenting discovery disputes or allegations of litigation misconduct to the jury absent a prior ruling permitting that use.**

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

**The caption is correct. Lewis Tree Service, Inc. is the only remaining Defendant. Billy McCollum was voluntarily dismissed, and Wilderness USA, Inc. was dismissed by the Court.**

4.

There is no question as to the jurisdiction of the court. Jurisdiction is based upon Plaintiff's claims arising under the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*., which presents a federal question under 28 U.S.C. § 1331.

5.

The following individually-named attorneys are hereby designated as lead counsel for the parties:

| | |
|---|---|
| **Plaintiff:** | **Moshe O. Boroosan** |
| | **Emanuel Kataev** |
| | **Consumer Attorneys, PLLC & Sage Legal LLC** |
| **Defendant:** | **Dominique F. Saint-Fort** |
| | **Jessica F. Pizzutelli** |
| | **Littler Mendelson, P.C.** |

6.

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

**Response: None. Plaintiff bears the burden of proof on his Title VII claim and it is Plaintiff's position that he should open and close. Defendant has no objection.**

7.

The captioned case shall be tried (**X**) to a jury or (_____) to the court without a jury, or (_____) the right to trial by jury is disputed.

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

**The parties do not request that the trial be bifurcated.**

9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

10.

Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination. Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be

propounded to the jurors on voir dire examination. The court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

11.

State any objections to plaintiff's voir dire questions:

**Defendant objects to the following voir dire questions proposed by Plaintiff:**

**"7. Do you believe an employer should always be free to terminate an employee for any reason it states, even if the employee contends the stated reason was not the real reason?"**

- **Defendant objects to this voir dire question on the grounds that it misstates the applicable law, has the potential to confuse jurors, and improperly seeks to commit prospective jurors to a particular view of the evidence. The question suggests that the mere assertion by an employee**

**that the employer's stated reason was not the real reason is sufficient to call the termination into question. The issue for the jury is not whether an employer should "always be free" to terminate an employee for the reason it states, but whether the plaintiff proves that the employer acted for an unlawful reason under the governing law. The question is argumentative, one-sided, prejudicial as phrased, and likely to confuse the burden of proof.**

**"8. Do you believe an employee who alleges race discrimination should be required to produce a written statement expressly admitting discrimination before the employee can prevail?"**

- **Defendant objects to this voir dire question on the grounds that it is argumentative, misleading, has the potential to confuse jurors, and improperly seeks to commit prospective jurors to a particular view of the evidence. The question presents a slanted hypothetical designed to preview Plaintiff's anticipated proof problems and secure advance juror commitment to Plaintiff's position—not test juror bias in any neutral way. This question will result in prejudice to Defendant and cause confusion regarding the applicable burden of proof.**

**"9. Would you have difficulty crediting testimony about a discriminatory statement merely because the statement was made orally rather than in writing?"**

- **Defendant objects to this voir dire question on the grounds that it is argumentative, leading, prejudicial, and is improperly conditioning the jury. The question presupposes that a discriminatory statement was made. It is also not a neutral inquiry into juror bias, but is instead framed to suggest that any reluctance by a juror to accept testimony about an alleged unwritten discriminatory statement is reasonable. It implicitly disparages a legitimate juror concern about reliability, weight, or corroboration of oral statements. It also asks jurors to pre-endorse Plaintiff's anticipated theory of proof, ignoring that jurors are entitled to assess the reliability of testimony based on all circumstances presented. The question further improperly suggests that the absence of a writing should not matter, when that may be a legitimate factor in the jury's credibility analysis. It is for the Court to instruct jurors on the proper consideration of the evidence, not counsel implicitly through juror voir dire.**

**"12. Do you have strong views about lawsuits seeking compensatory or punitive damages that would prevent you from considering those remedies if the Court instructs that the law permits them?"**

- **Defendant objects to this voir dire question as premature, argumentative, and improperly focused on a specific category of damages that the jury may never be required to consider. The question unnecessarily highlights punitive damages and may suggest to prospective jurors that such damages are appropriate or likely in this case. It also seeks to obtain a commitment from jurors regarding potential remedies before they have heard any evidence or received instructions on the law governing compensatory or punitive damages. The proper inquiry is whether jurors can follow the Court's instructions, not whether they are predisposed to award particular forms of relief.**

State any objections to defendant's voir dire questions:

**Plaintiff objects to the following questions in Defendant's proposed oral voir dire in Attachment B-2. The objections address the wording and scope of the questions.**

**Questions 1, 2, and 7: "After hearing what this case is about, do you have a belief that one side is right?"; "After hearing what this case is about, do you feel like Lewis Tree should pay the Plaintiff damages?"; and "In general, would you, at the beginning of this trial, have any feelings toward Mr. Miles's case or toward Lewis Tree's case?"**

- **Plaintiff objects to the extent these questions invite prospective jurors to evaluate the merits or entitlement to damages from a preliminary description before hearing evidence. Question 2 particularly singles out Plaintiff's requested relief. The proper inquiry is whether a juror has a preconceived view that cannot be set aside. Plaintiff proposes: "Do you have any opinion about this case or either party that would prevent you from deciding the case impartially after hearing all the evidence and the Court's instructions?"**

**Question 6: "Do you understand that if chosen as a juror, you have to decide this case based on the law and the facts as the jury finds them from the evidence and testimony presented in this courtroom without regard to any sympathy you may feel for Mr. Miles?"**

- **Plaintiff objects to the one-sided reference to sympathy for Mr. Miles, which suggests that Plaintiff's case depends on sympathy rather than**

**proof. Plaintiff does not object to a neutral instruction against sympathy or prejudice. The question should refer to sympathy, prejudice, or favoritism toward either party and should not suggest that proven emotional harm is an improper consideration when deciding damages.**

**Question 8: "Do you believe that employees are more credible than employers or business owners?"**

- **Plaintiff objects to the asymmetrical framing, which tests only a presumed bias against Defendant. Credibility must turn on the evidence rather than employment status or corporate position. Plaintiff proposes: "Would you be inclined to give a witness more or less credibility simply because that person is an employee, supervisor, business owner, or corporate representative?"**

**Question 10: "Do you believe that large business entities should pay damages to an individual simply because they have the financial resources even if the business did not do anything unlawful?"**

- **Plaintiff objects that the question is argumentative, assumes Defendant's position on the ultimate issue, and suggests that Plaintiff seeks recovery merely because Defendant can afford to pay. Plaintiff agrees that financial resources cannot establish liability. The inquiry should instead**

**ask whether corporate status or relative financial resources would affect impartiality. It must not obtain a commitment to disregard financial-resource evidence if the Court permits its consideration in fixing punitive damages after the required findings.**

**Question 11: "Are you able to differentiate between employment decisions that you disagree with and find to be unfair as compared with unlawful, discriminatory conduct?"**

- **Plaintiff objects to using voir dire to preview a business-judgment defense without the accompanying instruction that unfair treatment, inconsistent explanations, or differential treatment may bear on discriminatory motive. Mere unfairness does not establish liability, but the question should not condition jurors to disregard relevant circumstantial evidence. Plaintiff proposes asking whether jurors can apply the Court's instructions to all admitted evidence without substituting their personal views for the governing law.**

**Question 15: "If at the end of the case once you have deliberated with the other jurors you are convinced that the Defendant Lewis Tree Service, Inc. is entitled to prevail based on the evidence presented in this Court and the law as**

**the Court instructs you, are you willing to render a verdict in favor of Lewis Tree?"**

- **Plaintiff objects to seeking a commitment to a verdict only for Defendant. Plaintiff agrees that jurors must return the verdict required by the evidence and instructions. The question should ask whether they can return a verdict for either party, as warranted, rather than rehearse only a defense verdict.**

**Questions 5, 32, and 33 concern membership in organizations involved with employment or civil-rights issues, union or trade-organization membership by jurors or family members, and the wording of any bumper stickers.**

**Plaintiff objects to unrestricted inquiries into associations, family affiliations, or political and personal expression without a connection to bias in this case. Membership or advocacy alone does not establish partiality. Plaintiff requests that any such inquiry be limited to experiences or relationships that could affect impartiality, with sensitive follow-up addressed individually where appropriate. Question 33 should be omitted absent a particularized reason for the inquiry.**

**Plaintiff objects to the termination-only scope for the reasons stated in paragraph 17. If the Court permits submission of more than one challenged action, the verdict form must identify each action and obtain the necessary findings separately.**

**Question 2 must expressly place the burden on Defendant: "Has Defendant proved by a preponderance of the evidence that it would have taken the same action even if Plaintiff's race had not been taken into account?" Plaintiff does not stipulate that the evidentiary predicate for this defense has been established. If it is submitted and sustained, ending the jury's damages deliberations must preserve the liability finding and the Court's authority to consider the limited declaratory and injunctive relief, fees, and costs allowed by 42 U.S.C. § 2000e-5(g)(2)(B).**

**Question 4 should encompass the nonpecuniary losses properly supported by the evidence and authorized by 42 U.S.C. § 1981a(b)(3), including suffering, inconvenience, and loss of enjoyment of life, rather than suggest that only the two named categories may be considered.**

**Question 5 must state the statutory punitive-damages standard of malice or reckless indifference to Plaintiff's federally protected rights, with the applicable attribution and good-faith instructions. Mere indifference "to**

**Plaintiff" is not the statutory formulation. Application of the damages cap remains for the Court; the jury must not be informed of the cap. 42 U.S.C. § 1981a(b)(1), (c)(2).**

State any objections to the voir dire questions of the other parties, if any:

**Not applicable.**

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed. R. Civ. P. 47(b).

**The parties do not request any additional strikes.**

13.

State whether there is any pending related litigation. Describe briefly, including style and civil action number.

**There is no pending related litigation.**

14.

Attached hereto as Attachment “C” is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto as Attachment “D” is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the

dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the noncooperating counsel.

17.

The legal issues to be tried are as follows:

**Plaintiff:**

**Whether Defendant discriminated against Plaintiff because of race in violation of Title VII;**

**Whether race was a motivating factor in the challenged employment decision(s);**

**Whether Defendant's stated performance-based reasons were pretext for race discrimination;**

**The amount of back pay, front pay, compensatory damages, punitive damages, interest, fees, and costs, if any.**

**Plaintiff objects to limiting the surviving race-discrimination claim by stipulation to termination alone. Plaintiff also identifies the July 2023 denial of his request to transfer away from McCollum, as alleged in Complaint paragraphs 79-80 and preserved in Plaintiff's proposed verdict form, subject to the Court's determination of its proper scope and submission.**

**Defendant's list also does not eliminate Plaintiff's claimed punitive damages or the equitable relief, interest, fees, and costs identified in Attachment C.**

**Any same-decision defense is Defendant's burden and limits remedies as provided in 42 U.S.C. § 2000e-5(g)(2)(B); it does not negate a finding that race was a motivating factor.**

**Defendant:**

**1. Whether Plaintiff proved by a preponderance of evidence that race was a motivating factor in Defendant's decision to terminate Plaintiff's employment on August 4, 2023, under Title VII;**

**2. Even if Plaintiff proved by a preponderance of evidence that race was a motivating factor in the decision to terminate his employment, whether**

**Defendant proved by a preponderance of evidence that it would have terminated Plaintiff's employment even if Plaintiff's race was not taken into account;**

**3. Whether Plaintiff proved by a preponderance of evidence any net loss of wages and benefits damages as a result of the termination of his employment with Defendant; and**

**4. Whether Plaintiff has proven by a preponderance of evidence emotional pain and mental anguish damages as a result of the termination of his employment with Defendant.**

18.

Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3," etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness. All of the other

parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G3," etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list. Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge. Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits,

and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits. Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity. Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial. Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

20.

The following designated portions of the testimony of the person's listed below may be introduced by deposition:

**N/A**

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3," etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

The parties may file trial briefs at any time more than 14 days before trial.

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case

is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury. Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

**<u>Plaintiff's Response</u>:**

**No agreed special-verdict form is attached to this draft. Because the case may present motivating-factor, same-decision, compensatory-damages, and**

**punitive-damages issues, Plaintiff anticipates proposing a special verdict form if the parties do not agree on a general verdict form.**

**Plaintiff's Response:**

**PLAINTIFF'S PROPOSED SPECIAL VERDICT FORM**

**The following form is proposed for the jury's findings on the surviving Title VII claim. Equitable remedies, attorneys' fees, costs, interest, and application of any statutory damages cap are reserved for the Court.**

**QUESTION 1 - RACE AS A MOTIVATING FACTOR**

**Has Plaintiff Walter Miles proved by a preponderance of the evidence that his race was a motivating factor in any of the following employment actions by Lewis Tree Service, Inc. on or after April 16, 2023?**

| Employment Action | YES | NO |
|---|---|---|
| Refusal of Plaintiff's July 2023 request to transfer away from Billy McCollum | ______ | ______ |
| Termination of Plaintiff's employment on August 4, 2023 | ______ | ______ |

**If you answered NO to both actions, stop and sign the verdict form. If you answered YES to either action, continue to Question 2 for each action to which you answered YES.**

**QUESTION 2 - COMPENSATORY DAMAGES**

**What amount, if any, will fairly compensate Plaintiff for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life caused by the unlawful employment action or actions you found?**

**Compensatory damages: $ ____________________**

**QUESTION 3 - PUNITIVE DAMAGES**

**Has Plaintiff proved by a preponderance of the evidence that Lewis Tree Service, Inc. acted with malice or reckless indifference to Plaintiff's federally protected right to be free from race discrimination?**

**YES ________ NO ________**

**If NO, proceed to the signature line. If YES, state the amount of punitive damages, if any, that should be awarded. The Court will apply any statutory cap.**

**Punitive damages: $ ____________________**

**Foreperson: ______________________________________**
**Date: ____________________**

**Defendant's Response:**

**Defendant asserts that Special Interrogatories must be sent to the jury as follows:**

**SPECIAL INTERROGATORIES TO THE JURY**

**Do you find from a preponderance of the evidence:**

1. **That Walter Miles's race was a motivating factor in Defendant's decision to terminate his employment on August 4, 2023?**

   **Answer Yes or No _____________**

   **If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.**

2. **That Defendant would have terminated Walter Miles's employment even if his race had not been a motivating factor?**

   **Answer Yes or No _____________**

   **If your answer is "Yes," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "No," go to the next question.**

3. **That Walter Miles should be awarded damages to compensate for a net loss of wages and benefits following the date of his termination?**

   **Answer Yes or No _____________**

   **If your answer is "Yes," in what amount? $_____________**

4. **That Walter Miles should be awarded damages to compensate for emotional pain and mental anguish?**

   **Answer Yes or No _____________**

   **If your answer is "Yes," in what amount? $_____________**

   **If you did not award damages in response to either Question Nos. 3 or 4, this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If you awarded damages in response to Question Nos. 3 or 4 (or both), go to the next question.**

5. **That Lewis Tree Service Inc. engaged in discriminatory conduct with malice or reckless indifference to Plaintiff such that punitive damages should be assessed against Lewis Tree Service, Inc.?**

   **Answer Yes or No _____________**

   **If your answer is "Yes," in what amount? $_____________**

   **SO SAY WE ALL.**

   **___________________________Foreperson's Signature**

   **DATE: ___________________**

***See* Eleventh Circuit Pattern Jury Instructions, 4.5.**

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

**Plaintiff's Response:**

**No additional time is requested by Plaintiff.**

**Defendant's Response:**

**No additional time is requested by Defendant.**

25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

**Not applicable. The case is designated for jury trial, subject to the Court deciding equitable relief.**

26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties have discussed in good faith the possibility of settlement of this case. The court ( ) has or (X) has not discussed settlement of this case with counsel. It appears at this time that there is:

( ) A good possibility of settlement.

(X) Some possibility of settlement.

( ) Little possibility of settlement.

( ) No possibility of settlement.

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

28.

The plaintiff estimates that it will require two (**2**) days to present its evidence. The defendant estimates that it will require two (**2**) days to present its evidence. It is estimated that the total trial time is four (**4**) days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (___X__) submitted by stipulation of the parties or (_____) approved by the court after conference with the parties.

IT IS HEREBY ORDERED that the foregoing, including the attachments thereto, constitutes the Pretrial Order in the above-captioned case and that it supersedes the pleadings which are hereby amended to conform hereto and that this Pretrial Order shall not be amended except by Order of the court to prevent manifest injustice.

IT IS SO ORDERED, this ____ day of _______________, 2026.

_____________________________________
JOHN H. RAINS IV
UNITED STATES MAGISTRATE JUDGE

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

*/s/Emanuel Kataev, Esq.*
**CONSUMER ATTORNEYS, PLLC**
Attorneys for Plaintiff Walter Miles
Moshe O. Boroosan, Esq.
GA Bar No.: 744128
2800 North Druid Hills NE
Building A, Suite D
Atlanta, GA 30329-3921
(718) 887-2926 (office)
(718) 874-2914 (facsimile)
mboroosan@consumerattorneys.com

Emanuel Kataev, Esq., admitted pro hac vice
6829 Main Street
Flushing, NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*/s/ Dominique F. Saint-Fort*
**LITTLER MENDELSON, P.C.**
Attorneys for Defendant
Dominique F. Saint-Fort,
Bar No. 526306
dsaintfort@littler.com
3424 Peachtree Road N.E.,
Suite 1200
Atlanta, Georgia 30326.1127
Telephone: 404.233.0330
Facsimile: 404.233.2361

Jessica F. Pizzutelli,
Bar No. 5278296
*Pro Hac Vice Admission granted*
jpizzutelli@littler.com
375 Woodcliff Drive, Suite 2D
Fairport, New York 14450
Telephone: 585.203.3400
Facsimile: 585.203.3414

**Attachment A**

(*questions for court to propound on jurors re their legal qualifications to serve*)

The parties request that the Court confirm that each prospective juror satisfies the statutory qualifications for federal jury service under 28 U.S.C. § 1865(b), including the following:

1. Are you a citizen of the United States who is at least eighteen years of age?

2. Have you resided primarily within the Northern District of Georgia for at least one (1) year?

3. Are you able to read, write, understand, and speak the English language with sufficient proficiency to serve as a juror?

4. Do you have any mental or physical infirmity that would prevent you from rendering satisfactory jury service?

5. Are you presently charged with a crime punishable by imprisonment for more than one year, or have you previously been convicted of such a crime without your civil rights having been restored?

The parties request the opportunity to ask any related follow-up questions or to submit to the Court such follow-up questions as appropriate based on the responses to the foregoing general qualifications.

**Attachment B-1**

**PLAINTIFF'S PROSPECTIVE VOIR DIRE**

1. Do you know Plaintiff Walter Miles, Defendant Lewis Tree Service, Inc., any attorney in this case, or any witness identified on the parties' witness lists?

2. Have you or a close family member ever worked for Lewis Tree Service, Inc., a utility vegetation-management company, tree-service company, utility contractor, or a similar employer?

3. Have you or a close family member ever worked in human resources, employee relations, equal-employment compliance, labor relations, or employment-law matters?

4. Have you ever made, investigated, defended against, or been a witness in a workplace complaint alleging race discrimination?

5. Have you ever filed a charge with, worked for, or had significant dealings with the Equal Employment Opportunity Commission?

6. Do you have any belief or experience concerning race discrimination in the workplace that would make it difficult for you to decide this case solely on the evidence and the Court's instructions?

7. Do you believe an employer should always be free to terminate an employee for any reason it states, even if the employee contends the stated reason was not the real reason?

8. Do you believe an employee who alleges race discrimination should be required to produce a written statement expressly admitting discrimination before the employee can prevail?

9. Would you have difficulty crediting testimony about a discriminatory statement merely because the statement was made orally rather than in writing?

10. Would you have difficulty evaluating testimony from current or former coworkers if their testimony favors either an employee or an employer?

11. Would the fact that Plaintiff is Black or that Defendant is a corporation affect your ability to be fair and impartial?

12. Do you have strong views about lawsuits seeking compensatory or punitive damages that would prevent you from considering those remedies if the Court instructs that the law permits them?

13. Would you have difficulty awarding damages supported by the evidence if Plaintiff does prove his claim?

14. Is there any other experience, relationship, opinion, or circumstance that would make it difficult for you to serve fairly and impartially in this case?

**Attachment B-2**

**DEFENDANT'S PROSPECTIVE VOIR DIRE**

Defendant includes two (2) sets of questions for Voir Dire. The first are general questions which Defendant proposes the Court include in a written questionnaire. The second are questions which Defendant submits to ask the jury panel directly.

**QUESTIONS WHICH DEFENDANT WISHES TO BE PROPOUNDED TO JURORS ON WRITTEN EXAMINATION**

Defendant seeks to add the following questions:

1. What was your last year of education (*i.e.*, did you complete high school, community college, college, graduate school, etc.)?
2. If you attended college, what was your major, specialty or degree in?
3. Have you earned any professional or vocational licenses or certificates? If so, list the type and the year earned.
4. Have you received any education, training, or work experience in the following fields: law or legal; psychology; sociology; criminal justice; medical; foreman or general foreman; vegetation management? If so, please explain.
5. Who is your current employer? What is the nature of your job?

6. Have you ever worked in Human Resources? If so, in what position? How long? For what company?

**DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS**

Defendant respectfully requests that the Court ask the following questions of the jury panel during voir dire:

1. After hearing what this case is about, do you have a belief that one side is right?
2. After hearing what this case is about, do you feel like Lewis Tree should pay the Plaintiff damages?
3. If you are not currently employed, who was your most recent employer?
4. If you or someone close to you did serve as a juror in any type of case, was there anything about that experience as a juror that left you with an unfavorable impression of our legal system?
5. Are you a member of any organization, club or group that is involved with employment issues, civil rights issues or civil lawsuits? If so, please describe the organization and your role.
6. Do you understand that if chosen as a juror, you have to decide this case based on the law and the facts as the jury finds them from the evidence and testimony presented in this courtroom without regard to any sympathy you may feel for Mr. Miles?

7. In general, would you, at the beginning of this trial, have any feelings toward Mr. Miles's case or toward Lewis Tree's case?
8. Do you believe that employees are more credible than employers or business owners?
9. Have you, a family member or close friend ever worked with someone who alleged their employer discriminated against them? When? For what company? In what job or position? How did it impact you?
10. Do you believe that large business entities should pay damages to an individual simply because they have the financial resources even if the business did not do anything unlawful?
11. Are you able to differentiate between employment decisions that you disagree with and find to be unfair as compared with unlawful, discriminatory conduct?
12. Will you be able to follow the legal instructions given to you by the Court regardless of your personal feelings as to what the law should be?
13. Do you believe you will be able to keep an open mind until you have heard all the testimony in this case?
14. The Plaintiff gets to present his case first so you will hear his witnesses first. The Defendant, Lewis Tree Service, Inc., will get to present its case later. Do you agree to keep an open mind all the way to the end of the proof and to wait

until you have heard all the proof, have been instructed on the law by the Court and have retired with the other jurors to deliberate before you make a decision?

15. If at the end of the case once you have deliberated with the other jurors you are convinced that the Defendant Lewis Tree Service, Inc. is entitled to prevail based on the evidence presented in this Court and the law as the Court instructs you, are you willing to render a verdict in favor of Lewis Tree?
16. Have you, a family member or close friend ever worked for a tree services or vegetation management company? When? For what company? In what job or position?
17. Have you, a family member or close friend ever worked in the utility industry? When? For what company? In what job or position?
18. Have you, a family member or close friend ever worked for Lewis Tree?
19. Do you have any strong feelings towards Lewis Tree, either positive or negative?
20. Do you have any strong feelings towards the tree services or vegetation management industry, either positive or negative?
21. Do you have any strong feelings towards the utility industry, either positive or negative?

22. Have you ever read or watched any articles, news stories or documentaries about the tree services or vegetation management industry?
23. Have you ever been involved as a witness, or otherwise, in any situation involving a claim of discrimination? If so, please describe.
24. Have you ever sued or been involved in a serious dispute with your employer?
25. Do you have a friend or a relative who has been involved in a serious dispute with their employer?
26. Have you, or any member of your family or any of your friends, ever sued anyone or filed a charge, claim or complaint against any person or entity alleging that you were subjected to discrimination? If so, please describe your claim, and what was the outcome of that charge or claim?
27. Have you, or any member of your family, ever been laid off or fired from a job? If so, describe the circumstances and whether any action was taken challenging the employer's decision.
28. Do you feel that you have been treated unfairly at work? If so, please describe the circumstances and whether you took any action concerning this unfair treatment.
29. Do you have a close friend or relative who sued their employer? If so, please describe the circumstances.

30. Do any of you have any biases or feelings about employment cases that would make it difficult for you to be a fair and impartial juror in this case?
31. Do you supervise or manage employees at your job or have any of you ever done so?
32. Have you, or any member of your family, been a member of a union or trade organization? Which one? If so, do you hold any leadership position in that union?
33. Do you have any bumper stickers on your car? If so, what do they say?
34. Do you feel that, for any reason, you would not be able to return a fair and impartial verdict in this case?
35. Would jury service in this case conflict with your religious beliefs or activities?
36. Would jury service in this case create an undue hardship for you in any way?
37. Is there anything else about you that you think the Court would want to know about you or your life experience in relation to you being a juror in this case?

## Attachment C

**Factual Summary**

Plaintiff Walter Miles is a Black utility vegetation management worker who was rehired by Lewis Tree Service, Inc. in March 2022 after initially working for Lewis Tree from 2014 to May 2021. In 2023, Lewis Tree assigned him to work in Mississippi under the supervision of Billy McCollum. The claim remaining for trial is Plaintiff's Title VII race-discrimination claim against Lewis Tree.

Plaintiff contends that during his employment, he was treated differently because of race in connection with his work assignment, equipment and work conditions, supervision, requests to move away from McCollum, and ultimately the termination of his employment. Plaintiff alleges that after a June 2023 confrontation involving General Foreman Michael Allison, McCollum made an expressly race-related statement concerning whether a Black employee should hold a position of authority. Plaintiff further contends that coworkers reported similar race-related statements by McCollum and that Plaintiff sought management assistance during the same period.

Plaintiff's employment ended on August 4, 2023. Lewis Tree's termination documents identify the reason as performance. Plaintiff contends that the stated performance reason was not the true reason and that race was a motivating factor in the challenged employment decisions. Lewis Tree denies that race played any role and disputes Plaintiff's account of the events.

Plaintiff filed EEOC Charge No. 423-2023-01623 and received a Notice of Right to Sue dated October 22, 2024. Plaintiff seeks the remedies identified below for the surviving Title VII claim.

**Legal Duties and Authorities**

- Title VII, 42 U.S.C. § 2000e-2(a)(1), prohibits an employer from discriminating against an individual with respect to compensation, terms, conditions, or privileges of employment because of race.

- 42 U.S.C. § 2000e-2(m) provides that an unlawful employment practice is established when race is shown to have been a motivating factor for an employment practice, even though other factors also motivated the practice.
- 42 U.S.C. § 2000e-5(g)(1) authorizes equitable relief including reinstatement and back pay, subject to the statutory limitations and defenses.
- 42 U.S.C. § 2000e-5(g)(2)(B) governs relief if Defendant establishes the same-decision defense in a mixed-motive case.
- 42 U.S.C. § 1981a(a)(1), (b)(1), and (b)(3) authorize compensatory and, where the statutory standard is met, punitive damages, subject to the applicable combined statutory cap.
- McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973); Quigg v. Thomas County School District, 814 F.3d 1227, 1235-39 (11th Cir. 2016); Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1328 (11th Cir. 2011).

**Damages and Relief Claimed**

| Item | Description | Amount Claimed | Authority |
|---|---|---|---|
| Back pay | Loss of wages and employment compensation following termination. | $225,500.00 | 42 U.S.C. § 2000e-5(g)(1). |
| Front pay | Future wage loss in lieu of reinstatement if reinstatement is not feasible. | $71,500.00 | 42 U.S.C. § 2000e-5(g)(1); Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843, 846-54 (2001). |
| Compensatory damages | Emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life caused by the proven Title VII violation. | $250,000.00 | 42 U.S.C. § 1981a(a)(1), (b)(3). |

| Item | Description | Amount Claimed | Authority |
|---|---|---|---|
| Punitive damages | Punitive damages if Plaintiff proves Defendant acted with malice or reckless indifference to federally protected rights. | $175,000.00, subject to the applicable combined compensatory-and-punitive statutory cap. | 42 U.S.C. § 1981a(b)(1), (b)(3); Kolstad v. American Dental Association, 527 U.S. 526, 535-46 (1999). |
| Attorneys' fees and costs | Reasonable statutory attorneys' fees and taxable costs. | $35,000.00 plus additional reasonable fees and costs incurred thereafter as determined by the Court. | 42 U.S.C. § 2000e-5(k); Fed. R. Civ. P. 54(d). |
| Interest | Prejudgment interest on back pay and post-judgment interest on any monetary judgment. | Statutory amount calculated by the Court. | 42 U.S.C. § 2000e-5(g)(1); 28 U.S.C. § 1961. |

Presently quantified monetary relief, including the punitive-damages amount stated above and the Rule 26 fee figure, totals $757,000.00, exclusive of later-incurred statutory fees and all costs, as well as pre-judgment and post-judgment interest. Equitable relief remains for the Court.

**Plaintiff's Objections to Defendant's Factual Summary:**

Plaintiff disputes the asserted customer complaints (which constitute hearsay), alleged deficiencies in staffing and work quality, and the claimed reason for discharge. Those are Defendant's contentions, not stipulated facts or evidence. Plaintiff objects to the argumentative conclusion that race played no role and that Plaintiff "will not be able to meet his burden," contrary to paragraph 15's requirement of a nonargumentative summary. The scope disagreement is addressed

in paragraph 17. At-will status and the existence of written policies do not themselves establish that the challenged decisions were nondiscriminatory or that the policies were enforced. Plaintiff objects to any contrary inference being presented as an agreed legal proposition. Plaintiff further addressed Defendant's observation as to when the insert was sent. On September 25, 2026, Plaintiff provided a draft joint pretrial Order. On October 5, 2026, Defendant sent back revisions after requesting an extension of time, which Plaintiff consented to. Your undersigned was out of the country from October 4, 2026 through October 13, 2026 and was only able to complete his review and further revisions on Thursday, October 15, 2026. The revisions were sent in redline (Defendant's was not) and did not contain extensive edits. Had Defendant timely sent their revisions by October 1, 2026, Plaintiff would have sent back further revisions before leaving the country on October 4, 2026.

**Attachment D**

**Succinct Factual Summary of Defenses**

Lewis Tree Service, Inc. maintains comprehensive policies prohibiting unlawful discrimination. These policies include Lewis Tree's Equal Employment Opportunity Policy, Anti-Harassment and Anti-Discrimination Policy, and its Ethical Conduct, Reporting Misconduct and Anti-Retaliation Policy.

Plaintiff's employment with Lewis Tree was intermittent since 2014. In March 2022, Lewis Tree rehired Plaintiff in a supervisory position as a Crew Leader. Plaintiff was subsequently promoted to Team Leader and later to a higher-level supervisory role.[1]

In 2023, Plaintiff was assigned to a worksite north of Atlanta, Georgia when Lewis Tree became aware of concerns regarding Plaintiff's interactions with the customer at that site. Those concerns were sufficiently serious that Lewis Tree believed its relationship with the customer was in jeopardy. Plaintiff's supervisor, Daniel Sandoval, offered Plaintiff an opportunity to transfer to a different job in Mississippi. Plaintiff accepted Mr. Sandoval's offer.

After assuming the Mississippi position, Plaintiff experienced significant difficulties managing his team and direct reports. Among other issues, Plaintiff failed to adequately staff the team under his supervision. As a result, Plaintiff was required to assist his understaffed crew, leaving insufficient time to fulfill his other supervisory responsibilities, including properly supervising his team to monitor operations for safety violations or quality issues. Additionally, Plaintiff's work was substandard and, at times, incomplete. As such, Lewis Tree was required to redirect resources to correct and complete Plaintiff's poor work, which increased costs, diverted resources from other customer assignments, and caused further delays on other projects. Ultimately, Lewis Tree made the decision to terminate Plaintiff's at-will employment on August 4, 2023 because of these performance issues.

[1] Defendant's Partial Motion to Dismiss was granted, dismissing Plaintiff's discrimination claims under Title VII predating April 16, 2023. *See* ECF Dkt. No. 37.

The claims remaining in this litigation are significantly narrower than those originally asserted by Plaintiff. On March 12, 2025, Plaintiff filed a Notice of Voluntary Dismissal, dismissing his discrimination and retaliation claims under the Georgia Fair Employment Practices Act, O.C.G.A. §§ 45-19-29, et seq., as well as all claims against Billy McCollum. *See* Dkt. No. 15. The Court also granted Defendant's Partial Motion to Dismiss, dismissing Plaintiff's (1) Tile VII retaliation claims; (2) Title VII discrimination claims based on conduct predating April 16, 2023, and (3) all claims against Wilderness USA, Inc. *See* ECF Dkt. No. 37.

Accordingly, this case is now limited to the sole issue of whether Plaintiff can prove that Lewis Tree's decision to terminate Plaintiff's employment was motivated by his race. It was not, and Plaintiff will not be able to meet his burden here.

**<u>Response to "Plaintiff's [Improper] Objections":</u>**

Defendant states that the JPTO does not call for the parties to "object" to the other party's factual summary, and that Plaintiff's inclusion of "objections" (which were provided to Defendant on October 15, 2026 at 8:53 pm EST, the night before this filing is due) is improper. Without waiving any objections, Defendant does not respond in kind.

<u>Relevant Legal Authority and Illustrative Caselaw</u>:

- Title VII of the Civil Rights Act of 1964, (42 U.S.C. §§ 2000e *et seq*.);
- 29 C.F.R. Chap. XIV, Part 1604-1612;
- *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002);
- *Corley v. Mercedes-Benz U.S. Int'l, Inc.*, No. 21-11986, 2022 U.S. App. LEXIS 17980 (11th Cir. 2022);
- *Earle v. Birmingham Bd. of Educ.*, 843 F. App'x 164 (11th Cir. 2021);

- *Lewis v. City of Union City*, 918 F.3d 1213, 1224 (11th Cir. 2019);
- *McQueen v. Wells Fargo,* 573 F. App'x 836, 838 (11th Cir. 2014);
- *Alvarez v. Royal Atl. Dev. Inc.,* 610 F.3d 1253, 1267 (11th Cir. 2010);
- *Vessels v. Atlanta Indep. Sch. Sys.,* 408 F.3d 763, 769 (11th Cir. 2005);
- *Meritt v. Dillard Paper Co.,* 120 F.3d 1181, 1189 (11th Cir. 1997);
- *Walker v. NationsBank of Fla.,* 53 F.3d 1548, 1564 n.7 (11th Cir. 1995);
- *Elrod v. Sears, Roebuck and Co.,* 939 F.2d 1466, 1470 (11th Cir. 1991).

Counterclaims:

Defendant asserts no counterclaims.

**Attachment E**

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the noncooperating counsel.

The parties stipulate to the following facts:

1. Plaintiff Walter Miles is Black and was employed by Lewis Tree Service, Inc.

2. Lewis Tree Service, Inc. is an employer subject to Title VII.

3. Lewis Tree rehired Plaintiff in March 2022.

4. Plaintiff thereafter worked for Lewis Tree in multiple states.

5. Plaintiff's employment with Lewis Tree was terminated on August 4, 2023.

**ATTACHMENT F-1 - PLAINTIFF'S WITNESS LIST**

No expert witness is designated by Plaintiff. Witnesses designated WILL are expected to be presented if available; witnesses designated MAY may be called depending on the evidence admitted and issues remaining for trial.

| Designation | Witness | Address | Expected Testimony |
|---|---|---|---|
| **WILL** | Walter Miles | Sage Legal LLC, 18211 Jamaica Avenue, Jamaica, New York 11423-2327 | Employment history; Mississippi assignment; post-April 16, 2023 treatment; alleged race-related statements; management communications; termination; mitigation; emotional distress; damages; authentication of Plaintiff-produced communications and photographs. |
| **WILL** | Billy McCollum | Littler Mendelson, P.C., 3424 Peachtree Road N.E., Suite 1200, Atlanta, Georgia 30326-1127 | Supervision of Plaintiff; Mississippi assignment; June and July 2023 events; alleged statements; performance concerns; transfer issues; communications; termination decision and stated reason. |
| **WILL** | Daniel Sandoval | Littler Mendelson, P.C., 3424 Peachtree Road N.E., Suite 1200, Atlanta, Georgia 30326-1127 | Division management; supervision; June 2023 meeting; Plaintiff's communications and requests for assistance or transfer; operational concerns; termination-related communications. |

| Designation | Witness | Address | Expected Testimony |
|---|---|---|---|
| **WILL** | Michael Allison | Littler Mendelson, P.C., 3424 Peachtree Road N.E., Suite 1200, Atlanta, Georgia 30326-1127 | Mississippi operations; June 2023 confrontation and meeting; Plaintiff's performance; communications concerning Plaintiff; equipment and work conditions. |
| **WILL** | Christian Montijo | Unknown | Mississippi events; McCollum's treatment of Plaintiff; statements attributed to McCollum; communications with Plaintiff and Anthony Martinez; authentication of P15, P20, P34, P35, and P36. |
| **WILL** | Lee Heard | Unknown | Workplace observations; treatment of Plaintiff by McCollum; statements and communications concerning Plaintiff; authentication of P16. |
| **WILL** | Marvell Tabb, identified in the initial disclosures as Marvel Tabb | Unknown | Workplace observations, Plaintiff's assignment and performance, and treatment of Black employees relevant to the surviving claim and permissible background evidence. |
| **WILL** | Anthony Martinez | Littler Mendelson, P.C., 3424 Peachtree Road N.E., Suite 1200, Atlanta, Georgia 30326-1127 | Plaintiff's reports and management communications during the 2023 Mississippi assignment; communications with Christian Montijo; work conditions and supervisory issues. |

| Designation | Witness | Address | Expected Testimony |
|---|---|---|---|
| **WILL** | Betzaida Marte | Sage Legal LLC, 18211 Jamaica Avenue, Jamaica, New York 11423-2327 | Plaintiff's emotional condition after the challenged employment actions, post-termination employment search, household effects, and damages. |
| **MAY** | Felix Bruno, identified in the initial disclosures as Felix Brunous | Unknown | Workplace observations; statements he attributes to McCollum; treatment of Plaintiff and other employees; communications with Plaintiff. |
| **MAY** | Tyrone Bash | Unknown | Workplace observations and events discussed with Plaintiff concerning Lewis Tree and McCollum. |
| **MAY** | Mark Mansopino | Littler Mendelson, P.C., 3424 Peachtree Road N.E., Suite 1200, Atlanta, Georgia 30326-1127 | Plaintiff's employment history, advancement discussions, management structure, and permissible background evidence relevant to motive and pretext. |
| **MAY** | Matt Meadows | Littler Mendelson, P.C., 3424 Peachtree Road N.E., Suite 1200, Atlanta, Georgia 30326-1127 | Plaintiff's employment history, management communications, advancement discussions, Plaintiff's complaints, and post-employment communications. |
| **MAY** | Stacy Goin | Sage Legal LLC, 18211 Jamaica Avenue, Jamaica, New York 11423-2327 | Communications with Plaintiff concerning his work situation and McCollum; authentication and context for P17. |

| Designation | Witness | Address | Expected Testimony |
|---|---|---|---|
| **MAY** | Marty Geery | Unknown | Workplace knowledge and communications with Plaintiff concerning McCollum and Plaintiff's work situation; authentication and context for P18, P19, and P33. |
| **MAY** | Jonathan Howell | Unknown | Customer and work-performance communications concerning Plaintiff; authentication of the email at P9 and P22. |
| **MAY** | Deacon Anthony Coleman | Unknown | Plaintiff's reported emotional condition and counseling or pastoral support following the challenged employment actions. |

Casey Clark is not listed as a trial witness because Plaintiff testified at deposition that Clark is deceased.

**Expert Witnesses**

Plaintiff has not designated any expert witnesses.

**Plaintiff's Objections to Defendant's Witness Designations:**

Plaintiff objects to "Any witness needed for rebuttal" as a blanket authorization to call unidentified witnesses whose use can reasonably be anticipated. Paragraph 18 and LR 16.4(B)(18) require identification of reasonably anticipated rebuttal and

impeachment witnesses. Any request to add a witness after entry of the Order must satisfy the governing rules and the Court's requirements.

Plaintiff objects under F.R.E. 602, 701, 802, and 805 to speculation, legal conclusions, or customer and employee statements offered for their truth without an applicable exception. If a statement is offered to explain a decision-maker's actual state of mind, Defendant must establish that the relevant decision-maker received it before the challenged decision; Plaintiff requests a limiting instruction under Rule 105 of the FRE where appropriate.

**Attachment F-2**

The following is a list of the fact witnesses that Defendant **will have** present at trial:

| Witness | Address |
|---|---|
| Walter Miles | Plaintiff may be contacted through his counsel. |
| Billy McCollum | Mr. McCollum may be contacted through counsel for Defendant. |

The following is a list of the fact witnesses that Defendant **may have** present at trial:

| Witness | Address |
|---|---|
| Daniel Sandoval | May be contacted through Defendant's counsel. |
| Micheal Allison | May be contacted through Defendant's counsel. |
| All witnesses listed by Plaintiff | |
| Any witness needed for rebuttal | |

**Expert Witnesses**

Defendant has not designated any expert witnesses.

**Response to "Plaintiff's [Improper] Objections"**

Defendant states that the JPTO does not call for the parties to "object" to the other party's witness designations. As noted below, Defendant intends to file a motion at the appropriate time with respect to Plaintiff's proposed witnesses. Plaintiff's inclusion of "objections" (provided to Defendant on October 15, 2026 at 8:53 pm EST, the night before this filing is due) is improper. Without waiving any objections, Defendant does not respond in kind.

**Attachment G-1- PLAINTIFF'S PROPOSED EXHIBITS**

The Bates designations below correspond to the productions contained in the case file. Duplicate copies are identified so that only one copy need be marked at trial. Plaintiff does not list P2 through P8, which consist of settlement or mediation materials.

| No. | Exhibit | Bates / Source |
|---|---|---|
| 1 | EEOC Charge of Discrimination No. 423-2023-01623. | LEWIS_000001-000002 |
| 2 | EEOC administrative notice and correspondence concerning Charge No. 423-2023-01623. | LEWIS_000003-000008 |
| 3 | EEOC Dismissal and Notice of Rights dated October 22, 2024, with filing-suit information. | P11-P14 |
| 4 | Lewis Tree Service, Inc. Employee Handbook provisions, including equal employment opportunity, anti-harassment/anti-discrimination, reporting, and related policies. | LEWIS_000011-000022 |
| 5 | Lewis Tree handbook acknowledgment bearing Walter Miles's name and date March 18, 2022. | LEWIS_000023 |
| 6 | Lewis Tree termination information and termination request form for Walter Miles stating termination reason "Performance." | LEWIS_000024-000025 |
| 7 | Georgia Department of Labor Claims Examiner's Determination allowing unemployment benefits and describing the stated performance discharge. | P1; duplicate copy P21 |
| 8 | Email from Jonathan Howell concerning Plaintiff's customer relations and work performance. | P9; duplicate copy P22 |
| 9 | Text-message exchange with Lee Heard concerning statements attributed to Billy McCollum. | P16 |

| No. | Exhibit | Bates / Source |
|---|---|---|
| 10 | Text-message exchange identified at deposition as communications from Christian Montijo concerning work instructions attributed to Billy McCollum. | P15; duplicate copy P35 |
| 11 | Text-message communications involving Christian Montijo and Anthony Martinez concerning McCollum, Plaintiff, work conditions, and race-related statements. | P20, P34, P36 |
| 12 | Text-message communications involving Michael Allison and Billy McCollum concerning equipment and alleged sabotage/backstabbing. | P32 |
| 13 | Text-message exchange with Stacy Goin. | P17 |
| 14 | Text-message exchange with Marty Geery concerning Plaintiff's work situation and McCollum. | P18-P19; duplicate copy P33 |
| 15 | Photographs of allegedly damaged, unsafe, or faulty work equipment and trailer. | P23-P25, P30-P31 |
| 16 | Photographs of physical injuries Plaintiff attributes to the June 2023 workplace confrontation. | P26-P29 |
| 17 | Screenshot of Plaintiff's EEOC Public Portal showing Charge No. 423-2023-01623 and inquiry information. | P10 |

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED EXHIBITS**

| No. | Exhibit | Bates / Source | Objections |
|---|---|---|---|
| 1 | EEOC Charge of Discrimination No. 423-2023-01623. | LEWIS_000001-000002 | |
| 2 | EEOC administrative notice and correspondence concerning Charge No. 423-2023-01623. | LEWIS_000003-000010 | |
| 3 | EEOC Dismissal and Notice of Rights dated October 22, 2024, with filing-suit information. | P11-P14 | Defendant objects pursuant to F.R.E. 401, 402, 403, and 802, as it is irrelevant, may confuse and mislead the jury, is prejudicial, and is hearsay. |
| 4 | Lewis Tree Service, Inc. Employee Handbook provisions, including equal employment opportunity, anti-harassment/anti-discrimination, reporting, and related policies. | LEWIS_000011-000022 | |
| 5 | Lewis Tree handbook acknowledgment bearing Walter Miles's name and date March 18, 2022. | LEWIS_000023 | |
| 6 | Lewis Tree termination information and termination request form for Walter Miles stating termination reason "Performance." | LEWIS_000024-000025 | |
| 7 | Georgia Department of Labor Claims Examiner's Determination allowing unemployment benefits and describing the stated performance discharge. | P1; duplicate copy P21 | Defendant objects pursuant to F.R.E. 403 and 802, as it is may confuse and mislead the jury, is prejudicial, and is hearsay. |

| No. | Exhibit | Bates / Source | Objections |
|---|---|---|---|
| 8 | Email from Jonathan Howell concerning Plaintiff's customer relations and work performance. | P9; duplicate copy P22 | Defendant objects pursuant to F.R.E. 401, 402, 403, and 802. as it is irrelevant, may confuse and mislead the jury, is prejudicial, and is inadmissible hearsay. Defendant also objects pursuant to F.R.E. 901 as the exhibit has not been authenticated because Plaintiff has not presented sufficient evidence demonstrating the identity of the purported author, the circumstances of creation, or the reliability of the communication such that a reasonable juror could find that the document is what Plaintiff claims it to be. |
| 9 | Text-message exchange with Lee Heard concerning statements attributed to Billy McCollum. | P16 | Defendant objects pursuant to F.R.E. 401, 402, 403, and 802. as it is irrelevant, may confuse and mislead the jury, is prejudicial, and is inadmissible hearsay. Defendant also objects pursuant to F.R.E. 901 as the exhibit has not been authenticated because Plaintiff has not presented sufficient evidence demonstrating the identity of the purported author, the circumstances of creation, or |

| No. | Exhibit | Bates / Source | Objections |
|---|---|---|---|
| | | | the reliability of the communication such that a reasonable juror could find that the document is what Plaintiff claims it to be. |
| 10 | Text-message exchange identified at deposition as communications from Christian Montijo concerning work instructions attributed to Billy McCollum. | P15; duplicate copy P35 | Defendant objects pursuant to F.R.E. 401, 402, 403, and 802. as it is irrelevant, may confuse and mislead the jury, is prejudicial, and is inadmissible hearsay. Defendant also objects pursuant to F.R.E. 901 as the exhibit has not been authenticated because Plaintiff has not presented sufficient evidence demonstrating the identity of the purported author, the circumstances of creation, or the reliability of the communication such that a reasonable juror could find that the document is what Plaintiff claims it to be. |
| 11 | Text-message communications involving Christian Montijo and Anthony Martinez concerning McCollum, Plaintiff, work conditions, and race-related statements. | P20, P34, P36 | Defendant objects pursuant to F.R.E. 401, 402, 403, and 802. as it is irrelevant, may confuse and mislead the jury, is prejudicial, and is inadmissible hearsay. Defendant also objects pursuant to F.R.E. 901 as the exhibit has not been authenticated because |

| No. | Exhibit | Bates / Source | Objections |
|---|---|---|---|
| | | | Plaintiff has not presented sufficient evidence demonstrating the identity of the purported author, the circumstances of creation, or the reliability of the communication such that a reasonable juror could find that the document is what Plaintiff claims it to be. |
| 12 | Text-message communications involving Michael Allison and Billy McCollum concerning equipment and alleged sabotage/backstabbing. | P32 | Defendant objects pursuant to F.R.E. 401, 402, 403, and 802. as it is irrelevant, may confuse and mislead the jury, is prejudicial, and is inadmissible hearsay. Defendant also objects pursuant to F.R.E. 901 as the exhibit has not been authenticated because Plaintiff has not presented sufficient evidence demonstrating the identity of the purported author, the circumstances of creation, or the reliability of the communication such that a reasonable juror could find that the document is what Plaintiff claims it to be. |
| 13 | Text-message exchange with Stacy Goin. | P17 | Defendant objects pursuant to F.R.E. 401, 402, 403, and 802. as it is irrelevant, may confuse and mislead the jury, is prejudicial, and is |

| No. | Exhibit | Bates / Source | Objections |
|---|---|---|---|
| | | | inadmissible hearsay. Defendant also objects pursuant to F.R.E. 901 as the exhibit has not been authenticated because Plaintiff has not presented sufficient evidence demonstrating the identity of the purported author, the circumstances of creation, or the reliability of the communication such that a reasonable juror could find that the document is what Plaintiff claims it to be. |
| 14 | Text-message exchange with Marty Geery concerning Plaintiff's work situation and McCollum. | P18-P19; duplicate copy P33 | Defendant objects pursuant to F.R.E. 401, 402, 403, and 802. as it is irrelevant, may confuse and mislead the jury, is prejudicial, and is inadmissible hearsay. Defendant also objects pursuant to F.R.E. 901 as the exhibit has not been authenticated because Plaintiff has not presented sufficient evidence demonstrating the identity of the purported author, the circumstances of creation, or the reliability of the communication such that a reasonable juror could find that the document is what Plaintiff claims it to be. |

| No. | Exhibit | Bates / Source | Objections |
|---|---|---|---|
| 15 | Photographs of allegedly damaged, unsafe, or faulty work equipment and trailer. | P23-P25, P30-P31 | Defendant objects pursuant to F.R.E. 401, 402, and 403, as it is irrelevant, may confuse and mislead the jury, and is prejudicial. Defendant also objects pursuant to F.R.E. 901 as the exhibit has not been authenticated because Plaintiff has not presented sufficient evidence demonstrating the identity of the purported author, the circumstances of creation, or the reliability of the communication such that a reasonable juror could find that the document is what Plaintiff claims it to be. |
| 16 | Photographs of physical injuries Plaintiff attributes to the June 2023 workplace confrontation. | P26-P29 | Defendant objects pursuant to F.R.E. 401, 402, and 403, as it is irrelevant, may confuse and mislead the jury, and is prejudicial. Defendant also objects pursuant to F.R.E. 901 as the exhibit has not been authenticated because Plaintiff has not presented sufficient evidence demonstrating the identity of the purported author, the circumstances of creation, or the reliability of the communication such that a reasonable juror could find |

| No. | Exhibit | Bates / Source | Objections |
|---|---|---|---|
| | | | that the document is what Plaintiff claims it to be. |
| 17 | Screenshot of Plaintiff's EEOC Public Portal showing Charge No. 423-2023-01623 and inquiry information. | P10 | Defendant objects pursuant to F.R.E. 401, 402, and 403, as it is irrelevant, may confuse and mislead the jury. |

**Attachment G-2**

**DEFENDANT'S DOCUMENT LIST**

| Trial Ex. # | Description | Date |
|---|---|---|
| 1 | Excerpts from Lewis Tree Service, Inc's Employee Handbook: EEO Policy, Anti-Harassment and Anit-Discrimination Policy, Ethical Conduct, Reporting Misconduct, and Anti-Retaliation Policy, At-Will Employment, and Plaintiff's acknowledgment of the same (Bates Stamp Nos. LEWIS_0000010-23) | |
| 2 | Walter Miles Termination Information (Bates Stamp Nos. LEWIS_0000024) | |
| 3 | Walter Miles Termination Request Form (Bates Stamp Nos. LEWIS_0000025) | |
| 4 | Deposition Transcript of Plaintiff, Walter Miles, to the extent needed to impeach the trial testimony of Plaintiff | |
| 5 | Demonstrative Exhibits TBD | |
| 6 | All exhibits necessary for rebuttal | |

Defendant reserves the right to use any exhibits identified on other exhibit lists that are admitted into evidence by the Court.

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED EXHIBITS**

Commented [JP1]: Counsel, this is required to be on a separate page.

Commented [EK2R1]: ok

These objections correspond to the numbered exhibits in Attachment G-2. Plaintiff does not contest the authenticity of exact, complete copies of the documents already produced at LEWIS_000010-000025 merely because Defendant offers them. The objections below concern particular contents, foundations, completeness, and proposed uses. No admission of authenticity establishes the truth of a disputed assertion or waives the stated objection.

| No. | Exhibit and Source | Plaintiff's Objections |
|---|---|---|
| 1 | Employee handbook excerpts and acknowledgment; Defendant identifies LEWIS_0000010-23. | Plaintiff objects under F.R.E. 401 and 403 to using at-will language to suggest that a racially motivated discharge is lawful, or treating written policies alone as conclusive proof of compliance or a complete defense. Plaintiff does not object to relevant policy terms or acknowledgment for a proper purpose. Plaintiff objects to misleading excerpts and requests contemporaneous inclusion of related provisions necessary for fairness under F.R.E. 106. |
| 2 | Termination Information; LEWIS_000024 (identified by Defendant as LEWIS_0000024). | Plaintiff objects under F.R.E. 802 and 805 to offering the "Performance" entry as proof that performance deficiencies actually occurred without an applicable hearsay exception and the required foundation, including F.R.E. 803(6) if invoked. Defendant cannot introduce its own statement under F.R.E. 801(d)(2) merely because it is a party. Under F.R.E. 106, the complete record, including the rehire-eligibility entry, must accompany any excerpt where fairness requires. |

| No. | Exhibit and Source | Plaintiff's Objections |
|---|---|---|
| 3 | Termination Request Form; LEWIS_000025 (identified by Defendant as LEWIS_0000025). | Plaintiff objects under F.R.E. 802 and 805 to treating "Performance" or "Quality of work" as substantive proof of deficient work without an applicable exception and foundation. Plaintiff does not object to showing McCollum's recorded reason and role in submitting the request for a proper purpose. The form does not establish by itself that every stated reason was true or known to every decision-maker. Plaintiff requests the complete form under F.R.E. 106, including the rehire-eligibility and date entries, and objects under F.R.E. 403 to presenting the form as a conclusive determination of lawful discharge. |
| 4 | Walter Miles's deposition transcript. | Plaintiff objects to wholesale admission of the transcript without the designations required by paragraph 20 and LR 16.6(B). F.R.E. 106 and Rule 32(a)(6) require necessary context. |
| 5 | Demonstrative Exhibits TBD. | Plaintiff objects to advance approval of unidentified aids or exhibits. Defendant must disclose each proposed item in time for meaningful review and a ruling before display. An illustrative aid under F.R.E. 107 is not evidence and may not go to the jury room absent consent or a good-cause ruling. An item offered as substantive evidence must independently satisfy the applicable rules; a summary offered under F.R.E. 1006 must satisfy that rule. Plaintiff objects to inaccurate, argumentative, misleading, or unsupported depictions and to any use exceeding the Court's ruling. |

| No. | Exhibit and Source | Plaintiff's Objections |
|---|---|---|
| 6 | All exhibits necessary for rebuttal. | Plaintiff objects that this catchall identifies no document and supplies no basis to assess relevance, authenticity, hearsay, or completeness. It cannot authorize use of reasonably anticipated but undisclosed exhibits contrary to Fed. R. Civ. P. 26(a)(3), LR 16.4(B)(19), and paragraph 19. Any genuinely unforeseen rebuttal use must be presented for the Court's permission, with an opportunity to inspect and object before display. This entry is not a stipulation to authenticity or admissibility of unidentified material. |

**Attachment H-1**

**PLAINTIFF'S TRIAL BRIEF ON ANTICIPATED LEGAL AND EVIDENTIARY ISSUES**

**I. Scope of the Claim**

The Court's January 20, 2026 Order adopted the recommendation dismissing all but Plaintiff's Title VII race-discrimination claim against Lewis Tree Service, Inc. The claim may be proved through direct or circumstantial evidence. McDonnell Douglas supplies one circumstantial-evidence framework, but it is not the exclusive means of proving intentional discrimination. See Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1328 (11th Cir. 2011). A mixed-motive theory is governed by 42 U.S.C. § 2000e-2(m) and Quigg v. Thomas County School District, 814 F.3d 1227, 1235-39 (11th Cir. 2016).

**II. Earlier Events as Background Evidence**

The dismissal of claims based on acts before April 16, 2023 does not categorically make every earlier event inadmissible. The Supreme Court has expressly recognized that time-barred prior acts may be used as background evidence in support of a timely claim. See National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). Any such evidence remains subject to Rules 401, 402, and 403 and should be limited to background, motive, intent, notice, credibility, or another proper evidentiary purpose rather than treated as a separate basis for liability or damages.

**III. Employee Statements and Text Messages**

Rule 801(d)(2)(D) of the Federal Rules of Evidence excludes from hearsay an opposing party's statement made by the party's agent or employee on a matter within the scope of that relationship while it existed. The text messages and testimony concerning statements by Lewis Tree supervisors and employees should be evaluated under that rule, together with ordinary personal-knowledge requirements. Electronic communications may be authenticated under Rule 901(a) through testimony of a participant, distinctive characteristics, surrounding circumstances, or other evidence sufficient to support a finding that the item is what the proponent claims it is.

**IV. Agency and Public Records**

The EEOC documents are relevant at least to exhaustion, notice, and chronology. The Georgia Department of Labor determination presents a separate evidentiary question under Rules 803(8) and 403.

**V. Damages**

Back pay and front pay are equitable Title VII remedies for the Court, while compensatory and punitive damages authorized by 42 U.S.C. § 1981a may be submitted to the jury. Punitive damages require proof that the employer acted with malice or reckless indifference to federally protected rights. Kolstad v. American Dental Association, 527 U.S. 526, 535-46 (1999). Any combined compensatory-and-punitive award is subject to the applicable cap in § 1981a(b)(3). Plaintiff's duty to use reasonable diligence to mitigate lost wages is governed by Title VII mitigation principles, including Ford Motor Co. v. EEOC, 458 U.S. 219, 231-32 (1982).

**Plaintiff's Objections to Defendant's Trial Brief and Anticipated Motions:**

As to Part I, Plaintiff objects to Defendant's proposed categorical exclusion of evidence predating April 16, 2023 and to the assertion that dismissal of untimely claims makes such evidence irrelevant. National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002), expressly permits prior acts as background evidence supporting a timely claim. Plaintiff offers such evidence, where relevant, to explain motive, notice, the supervisory relationship, and pretext; Plaintiff does not seek recovery on dismissed claims. Admissibility should be decided item by item under F.R.E. 401-403, with a limiting instruction under F.R.E. 105 where warranted. The disputed scope of the timely claim is addressed in paragraph 17; the complaint separately alleges the July 2023 transfer refusal. See Complaint ¶¶ 79-80; Dkt. No. 35 at 3; Dkt. No. 37.

As to Part II(a), Plaintiff objects to any formulation of F.R.E. 403 that excludes evidence merely because it is adverse to Defendant or because its prejudicial effect exceeds its probative value. The rule requires the probative value to be substantially outweighed by a specified danger, including unfair prejudice. Generalized assertions do not resolve that balance for every item of evidence.

As to Part II(b), Plaintiff objects to exclusion of employee statements and text messages as a class. Plaintiff must establish the applicable foundation, but may do so at trial. F.R.E. 801(d)(2)(D) applies to statements about matters within the declarant's employment or agency during that relationship; F.R.E. 901 permits authentication through a participant, distinctive characteristics, or other sufficient evidence. Statements offered for a proper non-hearsay purpose, such as notice or effect on a listener, require separate analysis. Plaintiff does not request automatic admission of every employee statement, and Defendant is not entitled to automatic exclusion merely because a statement is oral or electronic.

As to Part II(c), Plaintiff objects to a categorical exclusion ruling without identification of the witness or document, the disclosure requirement allegedly violated, and the relevant disclosure history. Fed. R. Civ. P. 37(c)(1) requires consideration of whether any failure was substantially justified or harmless. The same standards apply to both parties, including Defendant's unspecified rebuttal witnesses and exhibits. No expert is designated by Plaintiff.

As to Part II(d), Plaintiff objects to treating every increase in claimed damages as undisclosed evidence warranting automatic exclusion. Additional elapsed back pay, interest, or fees may reflect updating disclosed categories rather than a new theory. Any actual disclosure deficiency, supporting evidence, and claimed prejudice must be identified and assessed under the applicable rules, including Rule 37(c)(1). Plaintiff does not seek exemption from disclosure duties or the statutory cap, but does not stipulate to an amount limitation or exclusion through Defendant's unilateral statement. Equitable remedies and the application of any cap remain for the Court.

**Attachment H-2**

**I. Anticipated Motion: Remaining Claims In This Action**

Plaintiff originally commenced this action against Defendant, Billy McCollum, and Wilderness U.S.A. Plaintiff advanced claims of: (1) discrimination based on race in violation of Title VII; (2) retaliation in violation of Title VII; (3) discrimination based on race in violation of the Georgia Fair Employment Practices Act, O.C.G.A. §§ 45-19-29, *et seq.* ("FEPA"); and (4) retaliation in violation of the FEPA.

On March 12, 2025, Plaintiff filed a Notice of Voluntary Dismissal, dismissing his claims of discrimination and retaliation under the FEPA and all claims against Billy McCollum. *See* Dkt. No. 15. On October 15, 2025, Defendant filed a Partial Motion to Dismiss seeking dismissal of Plaintiff's (1) retaliation claims under Title VII for failure to exhaust administrative remedies; (2) discrimination claims under Title VII predating April 16, 2023 as time-barred; and (3) all claims against Wilderness USA, Inc. for failure to exhaust administrative remedies because Plaintiff failed to file an EEOC Charge against Wilderness. *See* ECF Dkt. No. 33. Defendant's Partial Motion to Dismiss was granted. *See* Dkt. Nos. 35, 37. As a result, the only claim remaining in this action is race discrimination under Title VII. More specifically, Plaintiff's claim is limited to allegations of race discrimination between April 16, 2023 and the termination of his employment on August 4, 2023, and the only discrete act of discrimination that Plaintiff identifies during this time period is the termination of his employment on August 4, 2023.

> "[D]iscrimination… claims based on discrete acts are different. Discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act."

*Underwood v. Tory Burch LLC*, No. 1:23-cv-05650-SEG-LTW, 2024 U.S. Dist. LEXIS 175479, at *13-14 (N.D. Ga. Sep. 27, 2024), citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002). As such, this matter is limited to the single question of whether the termination of Plaintiff's employment was based upon his race. Thus, pursuant to Federal Rules of Evidence 401-403, evidence regarding conduct outside of that time frame should not be

admitted into evidence as it is not relevant to the remaining claim in this action and will result in unfair prejudice, will confuse the issues in the case, and mislead the jury. Dismissal of Plaintiff's claims based on conduct occurring before April 16, 2023 cannot be rendered effectively meaningless by allowing Plaintiff to present those stale allegations to the jury under the generic label of "background evidence."

## II. Other Anticipated Motions

### a. Motion in Limine

Defendant intends to move *in limine* to exclude evidence or references to matters that are irrelevant, contain hearsay, lack proper foundation, have prejudicial effect outweighed by probative value, or that are unsupported by the facts or law applicable to this case.

### b. Motion to Exclude Inadmissible, Unauthenticated Hearsay Statements and Text Messages

Defendant intends to object to Plaintiff's request to deem admissible statements and text messages from Defendant's employees. Plaintiff overstates both the reach of Rule 801(d)(2)(D) and the requirements for authenticating purported text messages as the rule does not automatically render admissible every statement made by a Company's employees or supervisors. Plaintiff bears the burden of establishing the relevance and authenticity of each statement or text message, as well as whether any exception to the hearsay rule applies.

### c. Motion to Exclude Testimony and Unproduced Documents

Defendant anticipates filing a motion to exclude testimony at trial from any witness or expert witness not properly disclosed and identified by Plaintiff in this case.

### d. Motion Regarding Damages

Defendant will file a motion to exclude any claim for damages in an amount that was not disclosed and supported by testimony and documents produced during discovery in this case.

**<u>Response to "Plaintiff's [Improper] Objections"</u>**

Defendant states that the JPTO does not call for the parties to "object" to the other party's statement of anticipated motions, and that Plaintiff's inclusion of "objections" (which were provided to Defendant on October 15, 2026 at 8:53 pm EST, the night before this filing is due) is improper. Without waiving any objections, Defendant does not respond in kind.

RESPECTFULLY SUBMITTED,

*/s/Emanuel Kataev, Esq.*
**CONSUMER ATTORNEYS, PLLC**
Attorneys for Plaintiff Walter Miles
Moshe O. Boroosan, Esq.
GA Bar No.: 744128
2800 North Druid Hills NE
Building A, Suite D
Atlanta, GA 30329-3921
(718) 887-2926 (office)
(718) 874-2914 (facsimile)
mboroosan@consumerattorneys.com

Emanuel Kataev, Esq.,
*admitted pro hac vice*
6829 Main Street
Flushing, NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*/s/ Dominique F. Saint-Fort*
LITTLER MENDELSON, P.C.
Attorneys for Defendant
Dominique F. Saint-Fort,
Bar No. 526306
dsaintfort@littler.com
3424 Peachtree Road N.E.,
Suite 1200
Atlanta, Georgia 30326.1127
Telephone: 404.233.0330
Facsimile: 404.233.2361

Jessica F. Pizzutelli,
Bar No. 5278296
*Pro Hac Vice Admission granted*
jpizzutelli@littler.com
375 Woodcliff Drive, Suite 2D
Fairport, New York 14450
Telephone: 585.203.3400
Facsimile: 585.203.3414